# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03440-WJM

ERIC COOMER, PhD.,

    Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW and
CLAYTON THOMAS CLARK, individually,

    Defendants

---

### PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE
### [Dkt. 16]

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

    Plaintiff Eric Coomer, PhD., by and through undersigned counsel, files this Response to the Court's Order to Show Cause and states as follows:

### INTRODUCTION

    1.    In the Court's March 11, 2022 Order to Show Cause, the Court noted that Plaintiff's Complaint invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332, but that the Complaint fails to specifically identify the citizenship of the members of Defendant Make Your Life Epic LLC.  The Court also stated that Plaintiff's Complaint lacks factual allegations sufficient to support Plaintiff's claim that more than $75,000.00 is in dispute. Because this Court has subject-matter jurisdiction over this dispute as further detailed herein, the Court should not dismiss this action.

1

### A.     *The members of Make Your Life Epic LLC are citizens of Oklahoma.*

2.     To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties.  *See* 28 U.S.C. § 1332(a)(1).  An LLC is deemed to be a citizen of all states in which its members are citizens. *Nehemiah Rebar Servs., Inc. v. Hertz,* No. 17-cv-01081-PAB, 2017 WL 1830301, at *1-2 (D. Colo. May 08, 2017) (citing *Siloam Springs Hotel, L.L.C v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015)).  Diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state.  *Budnella v. USAA Gen. Indem. Co.*, No. 20-cv-00944-KMT, 2020 WL 2847627, at *3 (D. Colo. Jun. 2, 2020) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).  For individuals, state citizenship is the equivalent of domicile.  *Budnella*, 2020 WL 2847627, at *3 (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).  Citizenship is determined at the time of filing. *See Siloam Springs Hotel, LLC*, 781 F.3d at 1238-39.  To establish domicile in a particular state, a person must be physically present in the state and intend to remain there.  *Id.* (citing *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006)).

3.     Prior to filing suit, Plaintiff searched for information specific to the members of Make Your Life Epic LLC, including a search of the Oklahoma Secretary of State's records on Make Your Life Epic LLC.  True and correct copies of relevant records are attached hereto as **Exhibits 1-A** through **1-E**.  Despite the fact that the identity of members of limited liability companies are often non-public, based on information acquired Plaintiff had a good faith basis at the time of filing suit that Make Your Life LLC's

2

members were Clay Clark and Vanessa Clark and that both were domiciled in the state of Oklahoma.

4. This citizenship has been confirmed. Following the Court's order, Plaintiff's counsel conferred with Defendants' counsel on the issue of the identity and domicile of the members of Make Your Life Epic LLC. Defendants' counsel represented and confirmed that the LLC has only two members, Clayton Clark and Vanessa Clark, and both members were domiciled in Oklahoma at the time suit was filed. *See* **Exhibit 1**, Declaration of Charles Cain. Plaintiff, Dr. Eric Coomer, is domiciled in Colorado. *See* **Exhibit 2**, Declaration of Dr. Eric Coomer. As such, there is a complete diversity of citizenship between Dr. Coomer and Defendants Make Your Life Epic LLC and Clayton Clark. *See* **Exhibits 1**, **2**; *see also Budnella*, 2020 WL 2847627, at *3.

### B. *The amount in controversy far exceeds $75,000.00*

5. Further, to establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Marchese v. Mt. San Rafael Hosp.*, 24 Fed. App'x 963, 964 (10th Cir., 2001) (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S 348, 353 (1961)). "If an in-state plaintiff suing an out-of-state defendant wishes to be in federal court, all the plaintiff needs to do is allege an amount in excess of $75,000 and he will get his way, unless the defendant is able to prove 'to a legal certainty' that the

plaintiff's claim cannot recover the alleged amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003)).

6.  Here, Dr. Coomer is an in-state plaintiff with claims against out-of-state Defendants and has expressly alleged that the amount in controversy exceeds $75,000. *See* Pl.'s Orig. Compl. at ¶¶ 12, 93, 96, 101 [Dkt. 1]; *see also McPhail*, 529 F.3d at 953 (recognizing "when the proponent of federal jurisdiction is the party that does not need it, mere allegations suffice"). Plaintiff alleged "the amount in controversy exceeds $75,000, exclusive of interest and costs." Pl.'s Orig. Compl. at ¶ 12 [Dkt. 1]. Plaintiff further alleged the nature and basis for his recovery, stating:

- "The onslaught of threats Dr. Coomer has experienced and the necessary measures he has been forced to take to protect himself are a direct result of ThriveTime's and Clark's defamatory conduct. Dr. Coomer has and will continue to experience serious and severe emotional and physical distress as a result. The harm ThriveTime and Clark have caused to Dr. Coomer's reputation, privacy, safety, earnings, and other pecuniary loss is immense," *see* Pl.'s Orig. Compl. at ¶ 88 [Dkt. 1];

- "As a direct and proximate result of Defendants' conduct, Dr. Coomer has suffered significant actual and special damages including, without limitation, harm to his reputation, emotional distress, stress, anxiety, lost earnings, and other pecuniary loss," *see* Pl.'s Orig. Compl. at ¶ 93 [Dkt. 1];

- "As a direct and proximate result of Defendants' conduct, Dr. Coomer has suffered significant actual and special damages including, without limitation, emotional distress, overwhelming stress and anxiety, lost earnings, and other pecuniary loss," *see* Pl.'s Orig. Compl. at ¶ 96 [Dkt. 1]; and

- "As a result of Defendants' coordinated conduct, Plaintiff has become the target of death threats and harassment and suffered significant actual and special damages proximately caused by their conduct, including, without limitation, emotional distress, overwhelming stress and anxiety, lost earnings, and other pecuniary loss," *see* Pl.'s Orig. Compl. at ¶ 101 [Dkt. 1].

These allegations are sufficient to establish the amount in controversy for purposes of subject-matter jurisdiction. *See McPhail*, 529 F.3d at 953-56 (recognizing "[a] complaint that presents a combination of facts and theories of recovery may support a claim in excess of $75,000"). Further, Plaintiff alleges per se defamatory statements and thus reputational harm is presumed. *See* Pl.'s Orig. Compl. at ¶ 91 [Dkt. 1]. Even were this harm not presumed, Plaintiff's integrity and reputation has been impugned through Defendants' accusations that he engaged in treasonous conduct by conspiring to default the American public from democratically electing their next president. These false allegations were widespread and went directly to Dr. Coomer's credibility in an industry that requires absolute adherence to transparency and professionalism. It is difficult to comprehend statements more extreme and more damaging than those made or sponsored by Defendants here.

7. Dr. Coomer offers as additional evidence in support his Declaration, attached hereto as **Exhibit 2**, which further establishes the amount in controversy exceeds $75,000. To the extent Defendants challenge jurisdiction, they would be unable "to prove to a legal certainty" that Plaintiff cannot recover the amounts sought, which far surpass the jurisdictional threshold. *See McPhail*, 529 F.3d at 953. With respect to economic losses, the Defendants' defamatory statements resulted in Dr. Coomer having to leave his position at Dominion Voting Systems and abandon his fifteen-year career as

a highly respected elections expert. Dr. Coomer is now a small business owner with a salary that is currently $100,000 less per year than he made at Dominion and will be so for the foreseeable future. **Exhibit 2** at ¶ 4. In addition to this loss of income, Dr. Coomer will lose valuable employment benefits, including health insurance and 401(k), as a result of his departure from Dominion. *Id.* at ¶ 4. Dr. Coomer has also incurred economic losses in responding to the death threats Defendants' falsehoods have encouraged against him. *Id.* at ¶¶ 5-6. For example, at various times since Defendants first began their campaign of falsehoods against Dr. Coomer, he has had to go into hiding for fear of his life. *Id.* at ¶ 5. When periodic waves of death threats have become especially pernicious, he has been compelled to return to hiding, at times seeking refuge abroad. *Id.* at ¶ 5. Dr. Coomer has also had to invest in home and business security measures, including occasional personal bodyguard protection. *Id.* at ¶ 6. As a result of the foregoing, Plaintiff anticipates that his economic damages alone will more than exceed the $75,000 necessary to establish the Court's jurisdiction.

8.  With respect to noneconomic losses or injuries, the harm caused by Defendants has been substantial as Dr. Coomer has become one of the few individual election workers associated with the election fraud narrative. Dr. Coomer has received death threats from more than a thousand unique individuals arising from the false claims that Defendants persist in spreading and defending. *Id.* at ¶ 5. The emotional stress, fear, anxiety, impairment of quality of life has been significant and continues well over a year after the initial defamatory statements were made. *Id.* at ¶ 7. Dr. Coomer has sought and continues to receive mental healthcare to manage this constant harassment and abuse.

*Id*. As such, he also will be seeking noneconomic damages well in excess of the $75,000 jurisdictional bar.

9. Accordingly, Plaintiff has alleged and put forward evidence establishing subject-matter jurisdiction over his claims pursuant to 28 U.S.C. § 1332(a)(1). To the extent necessary, Plaintiff requests leave to amend his complaint to further allege jurisdictional facts in support of his claims.

## CONCLUSION

For all of the reasons stated herein, Plaintiff Eric Coomer, PhD. respectfully requests that this Court not dismiss this action. To the extent the Court believes that an amended Complaint is necessary to more fully incorporate the jurisdictional facts contained herein, Plaintiff respectfully requests the opportunity to file a Motion for Leave to File First Amended Complaint Pursuant to Federal Rule of Civil Procedure 15 and 28 U.S.C. § 1653.

Respectfully submitted this 16th day of March 2022.

Respectfully submitted,

   */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Steve Skarnulis*
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Zachary H. Bowman*
zbowman@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)

>Thomas J. Rogers III, No. 28809
>trey@rklawpc.com
>Mark Grueskin, No. 14621
>mark@rklawpc.com
>**RechtKornfeld PC**
>1600 Stout Street, Suite 1400
>Denver, Colorado 80202
>303-573-1900
>*Applications for admission forthcoming
>**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Order to Show Cause has been served on all counsel on this 16th day of March 2022, using the CM/ECF system which will send notification of such filing to the following email addresses:

>Doug Daniels
>Doug.daniels@dtlawyers.com
>
>Heath Novosad
>heath@dtlawyers.com

>            */s/ Charles J. Cain*
>Charles J. Cain