**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ERIC COOMER,   )<br>    *Plaintiff*,   )<br>       )<br>vs.   )<br>       )<br>MAKE YOUR LIFE EPIC, LLC, D/B/A   )<br>THRIVETIME SHOW AND CLAYTON   )<br>THOMAS CLARK, INDIVIDUALLY,   )<br>    *Defendants*.   ) | CIVIL ACTION NO. 1:21-cv-03440-WJM |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

Defendants Make Your Life Epic, LLC, d/b/a Thrivetime Show ("Thrivetime") and Clayton Tomas Clark ("Clark") (collectively, "Defendants"), individually, files this Answer to Plaintiff Eric Coomer's Original Complaint, and would show unto the Court as follows:

### I.    INTRODUCTION

1. Defendants deny the allegations made in Paragraph 1.

2. Defendants admit the allegations made in the first sentence of Paragraph 2. Defendants deny the remainder of the allegations made in Paragraph 2.

3. Defendants deny the allegations made in Paragraph 3.

4. Defendants admit Eric Coomer is the former Director of Product Strategy and Security at Dominion Voting Systems. Defendants deny the remaining allegations made in Paragraph 4.

5. Defendants deny the allegations made in Paragraph 5.[1]

6. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 6. To the extent Paragraph 6 contains factual allegations directed at Defendants, Defendants deny the allegations.

7. Defendants admit the allegations made in the second sentence of Paragraph 2. Defendants deny the remainder of the allegations made in Paragraph 7.

8. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 8. To the extent Paragraph 8 contains factual allegations directed at Defendants, Defendants deny the allegations.

## II.   PARTIES

9. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 9.

10. Defendant Make Your Life Epic LLC (dba, "Thrivetime") admits it is an Oklahoma limited liability company and broadcasts the Thrivetime Show on podcasts to a national audience via its website and podcast hosting services. Defendant Make Your Life Epic admits it owns and operates the ReAwaken America Tour. Defendant Make Your Life Epic admits the ReAwaken America Tour broadcasts live online, travels and performs nationally. Defendant admits it has been served. Defendant denies the remaining allegations made in Paragraph 10.

---

[1] Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 5's Footnote 1. To the extent Footnote 1 contains factual allegations directed at Defendants, Defendants deny the allegations.

11. Defendant Clark admits he resides in Oklahoma and is the host of the Thrivetime Show and founder of the ReAwaken America Tour. Defendant Clark admits he has been served. Defendant denies the remaining allegations made in Paragraph 11.

### III. JURISDICTION AND VENUE

12. Defendants deny the allegations made in Paragraph 12.

13. Defendants deny the allegations made in Paragraph 13.

14. Defendants deny the allegations made in Paragraph 14.[2]

15. Defendants deny the allegations made in Paragraph 15.[3]

16. Defendants deny the allegations made in Paragraph 16.

17. Defendants deny the allegations made in Paragraph 17.

### IV. FACTS[4]

18. Defendants admit Eric Coomer is the former Director of Product Strategy and Security at Dominion Voting Systems, which is based in Denver, Colorado. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18. To the extent Paragraph 18 contains factual allegations directed at Defendants, Defendants deny the allegations.

**A.    The 2020 presidential election was a free and fair election.[5]**

19. Defendants admit Electors met and formally cast their ballots and Joe Biden secured 306 electoral votes, and that Congress formally counted the votes, and that then-Vice

---

[2] Defendants deny the allegations in Paragraph 14's Footnotes 3, 4, and 5.
[3] Defendants deny the allegations in Paragraph 14's Footnotes 6, 7, and 8.
[4] Defendants deny the allegations made in this heading.
[5] Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in this heading.

3

President Mike Pence declared Joe Biden the winner of the presidential election. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19.  To the extent Paragraph 19 contains factual allegations directed at Defendants, Defendants deny the allegations.

20. Defendants admit that CISA issued the statement quoted in Paragraph 20. Defendants lack knowledge and information sufficient to form a belief about the truth of the CISA statement and the remaining allegations contained in Paragraph 20.  To the extent Paragraph 20 contains factual allegations directed at Defendants, Defendants deny the remainder of the allegations.

21. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 21.  To the extent Paragraph 21 contains factual allegations directed at Defendants, Defendants deny the allegations.

22. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 22.  To the extent Paragraph 22 contains factual allegations directed at Defendants, Defendants deny the allegations.

23. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 23.  To the extent Paragraph 23 contains factual allegations directed at Defendants, Defendants deny the allegations.

24. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 24.  To the extent Paragraph 24 contains factual allegations directed at Defendants, Defendants deny the allegations.

25. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 25. To the extent Paragraph 25 contains factual allegations directed at Defendants, Defendants deny the allegations.

26. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 26. To the extent Paragraph 26 contains factual allegations directed at Defendants, Defendants deny the allegations.

27. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 27. To the extent Paragraph 27 contains factual allegations directed at Defendants, Defendants deny the allegations.

**B.     Oltmann fabricated a conspiracy.** [6]

28. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 28. To the extent Paragraph 28 contains factual allegations directed at Defendants, Defendants deny the allegations.[7]

29. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 29. To the extent Paragraph 29 contains factual allegations directed at Defendants, Defendants deny the allegations.

---

[6] Defendants deny the allegations contained in this heading.
[7] Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 28's Footnote 27.

30. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 30. To the extent Paragraph 30 contains factual allegations directed at Defendants, Defendants deny the allegations.[8]

31. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 31. To the extent Paragraph 31 contains factual allegations directed at Defendants, Defendants deny the allegations.

32. Defendants admit that "the ability to have a political opinion in this country is a protected right" even if critical of a sitting president. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 32. To the extent Paragraph 32 contains factual allegations directed at Defendants, Defendants deny the allegations.

**C.  Oltmann spreads the conspiracy theory.[9]**

33. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 33. To the extent Paragraph 33 contains factual allegations directed at Defendants, Defendants deny the allegations.

34. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 34. To the extent Paragraph 34 contains factual allegations directed at Defendants, Defendants deny the allegations.

---

[8] Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 30's Footnotes 35 and 36.
[9] Defendants deny the allegations contained in this heading.

35. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 35. To the extent Paragraph 35 contains factual allegations directed at Defendants, Defendants deny the allegations.

36. Defendants admit Oltmann appeared on Defendant Clark's podcast on or about December 22, 2020. Defendants deny the remainder of the allegations contained in Paragraph 36.

37. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 37. To the extent Paragraph 37 contains factual allegations directed at Defendants, Defendants deny the allegations.

D.  **Clay Clark, the ThriveTime Show, and the ReAwaken America Tour.**

38. Defendants admit the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants admit the allegations in the first two sentences of Paragraph 41, and that Michael Flynn and Mike Lindell appeared and spoke at the event. Defendants deny the remainder of the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants admit the allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

E.  **The ThriveTime Show interviews.**

47. Defendants admit the allegations in Paragraph 47.

48. Defendants admit Clark stated the words quoted in Paragraph 48, although Plaintiff has edited the Oltmann interview significantly and/or taken the statement out of context in an effort to support Plaintiff's false narrative. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit Clark stated the words quoted in Paragraph 49, although Plaintiff has edited the Oltmann interview significantly and/or taken the statement out of context in an effort to support Plaintiff's false narrative. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants admit Clark stated the words quoted in Paragraph 50, although Plaintiff has edited the Oltmann interview significantly and/or taken the statements out of context in an effort to support Plaintiff's false narrative. To the extent Paragraph 50 contains factual allegations directed at Defendants, Defendants deny the allegations.

51. Defendants admit Oltmann stated the words quoted in Paragraph 51, although Plaintiff has edited the Oltmann interview significantly and/or taken parts of it out of context in an effort to support Plaintiff's false narrative. To the extent Paragraph 51 contains factual allegations directed at Defendants, Defendants deny the allegations.

52. Defendants admit Clark stated the words attributed to him as quoted in Paragraph 52. Defendants admit Oltmann stated the words quoted in Paragraph 52. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit Clark asked the question attributed to him as quoted in Paragraph 53. Defendants deny the remaining allegations contained in Paragraph 53.

54. Defendants admit Clark stated the words quoted in Paragraph 54. Defendants admit Oltmann stated the words quoted in Paragraph 54. Defendants deny the remaining allegations in Paragraph 54, if any.

55. Defendants admit they posted about the Oltmann interview on Facebook. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants admit they posted about the Oltmann interview on Twitter. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants admit they posted the Oltmann interview and "Show Notes" summary on the Thrivetime Show website. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants admit Oltmann appeared on the Thrivetime Show for an interview on June 5, 2021. Defendants admit Clark stated the words attributed to him as quoted in Paragraph 58. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants admit Clark asked the question attributed to him as quoted in Paragraph 59. Defendants admit Oltmann stated the words quoted in Paragraph 59. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 60. Defendants deny the remaining allegations in Paragraph 60.

61. Defendants admit Oltmann stated the words quoted in Paragraph 61. Defendants deny the remaining allegations in Paragraph 61.

F.  **The Tour's defamation of Dr. Coomer.**[10]

62. Defendants deny the allegations made in Paragraph 62.

63. Defendants admit Oltmann stated the words quoted in Paragraph 63. Defendants deny the remaining allegations in Paragraph 63.

---

[10] Defendants deny the allegations made in this heading.

64. Defendants admit Oltmann stated the words quoted in Paragraph 64. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants admit Clark stated the words attributed to him as quoted in Paragraph 65. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 65. Defendants deny the remaining allegations in Paragraph 65.

66. Defendants admit Oltmann stated the words quoted in Paragraph 66. Defendants deny the remaining allegations in Paragraph 66.

67. Defendants admit Clark stated the words quoted in Paragraph 67. Defendants deny the remaining allegations in Paragraph 67.

68. Defendants admit Oltmann stated the words quoted in Paragraph 68. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants admit Oltmann stated the words quoted in Paragraph 69. Defendants deny the remaining allegations in Paragraph 69.

70. Defendants admit Oltmann stated the words quoted in Paragraph 70. Defendants deny the remaining allegations in Paragraph 70.

71. Defendants admit Oltmann stated the words quoted in Paragraph 71. Defendants deny the remaining allegations in Paragraph 71.

72. Defendants admit Oltmann stated the words quoted in Paragraph 72. Defendants deny the remaining allegations in Paragraph 72.

73. Defendants admit Oltmann stated the words quoted in Paragraph 73. Defendants deny the remaining allegations in Paragraph 73.

### G. Oltmann's claims were and are obviously false.[11]

74. Defendants deny the allegations made in Paragraph 74.

75. Defendants deny the allegations made in Paragraph 75.

76. Defendants deny the allegations made in Paragraph 76.

77. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 77. To the extent Paragraph 77 contains factual allegations directed at Defendants, Defendants deny the allegations.

78. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 78. To the extent Paragraph 78 contains factual allegations directed at Defendants, Defendants deny the allegations.

79. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 79. To the extent Paragraph 79 contains factual allegations directed at Defendants, Defendants deny the allegations.

### H. The harm ThriveTime and Clark caused Dr. Coomer.[12]

80. Defendants deny the allegations in the first sentence of Paragraph 80. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 80. To the extent Paragraph 80 contains factual allegations directed at Defendants, Defendants deny the allegations.

---

[11] Defendants deny the allegations made in this heading.
[12] Defendants deny the allegations made in this heading.

81. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 81. To the extent Paragraph 81 contains factual allegations directed at Defendants, Defendants deny the allegations.

82. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 82. To the extent Paragraph 82 contains factual allegations directed at Defendants, Defendants deny the allegations.

83. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 83. To the extent Paragraph 83 contains factual allegations directed at Defendants, Defendants deny the allegations.

84. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 84. To the extent Paragraph 84 contains factual allegations directed at Defendants, Defendants deny the allegations.

85. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 85. To the extent Paragraph 85 contains factual allegations directed at Defendants, Defendants deny the allegations.

86. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 86. To the extent Paragraph 86 contains factual allegations directed at Defendants, Defendants deny the allegations

87. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 87. To the extent Paragraph 87 contains factual allegations directed at Defendants, Defendants deny the allegations

88. Defendants deny the allegations in Paragraph 88.

## V. CAUSES OF ACTION

### A. Defamation Against Defendants

89. In response to Paragraph 89, Defendants incorporate by reference their responses in the forgoing paragraphs in their entirety as though fully set forth in this cause of action.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

### B. Intentional Infliction of Emotional Distress Against Defendants

94. In response to Paragraph 94, Defendants incorporate by reference their responses in the forgoing paragraphs in their entirety as though fully set forth in this cause of action.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

### C. Civil Conspiracy Against Defendants

97. In response to Paragraph 97, Defendants incorporate by reference their responses in the forgoing paragraphs in their entirety as though fully set forth in this cause of action.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

### D.      Permanent Injunction

102.   In response to Paragraph 102, Defendants incorporate by reference their responses in the forgoing paragraphs in their entirety as though fully set forth in this cause of action.

103.   Defendants deny that Plaintiff is entitled to an injunction against Defendants. Defendants deny the allegations in Paragraph 103.

### VI.    DEMAND FOR RETRACTION

104.   Defendants deny that Plaintiff is entitled to a retraction by Defendants. Defendants deny the allegations in Paragraph 104.

### VII.   RIGHT TO AMEND

105.   Defendants deny that Plaintiff has a right to amend. Defendants deny the allegations in Paragraph 105.

### VIII.  JURY DEMAND

106.   Plaintiffs' request for a jury trial does not require an admission or denial

### PRAYER FOR RELIEF

On page 53 of the Original Complaint, the six (6) bullet pointed paragraphs under the Prayer for Relief are requests for relief, which do not require an admission or denial. In any event, Defendants deny that Plaintiff is entitled to recover and/or receive any of the relief sought in those paragraphs against, and as it relates to, Defendants. To the extent that the bullet pointed paragraphs contain factual allegations, Defendants deny them.

### DEFENSES AND AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

## A.
## FIRST DEFENSE: TRUTH

1. Plaintiff's claims are barred in whole or in part because Defendants' statements complained of are substantially true.

## B.
## SECOND DEFENSE: FIRST AMENDMENT

2. Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## C.
## THIRD DEFENSE: STATUTE OF LIMITATIONS

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations (the single publication rule).

## D.
## FOURTH DEFENSE: ALTERNATIVE CAUSATION

4. Plaintiff's claims are barred in whole or in part because some and/or all of any alleged damages suffered by Plaintiff was not caused by Defendants and were, in fact, caused intervening and/or supervening causes independent of Defendants' conduct.

## E.
## FIFTH DEFENSE: FAILURE TO STATE A CLAIM FOR RELIEF

5. Plaintiff's claims are barred in whole or in part because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**F.**
**SIXTH DEFENSE: ESTOPPEL**

6. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**G.**
**SEVENTH DEFENSE: WAIVER**

7. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**H.**
**EIGHTH DEFENSE: ILLEGALITY**

8. Plaintiff's claims are barred in whole or in part by the doctrine of illegality.

**I.**
**NINTH DEFENSE: FAILURE TO MITIGATE ALLEGED DAMAGES**

9. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate any alleged damages.

**J.**
**TENTH DEFENSE: UNCLEAN HANDS**

10. Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands.

**K.**
**ELEVENTH DEFENSE: ABSENCE OF MALICE**

11. Plaintiff's claims are barred in whole or in part because the allegedly defamatory statements were made without actual malice.

**L.**
**TWELFTH DEFENSE: FAILURE TO JOIN NECESSARY PARTIES**

12. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to name and join necessary parties who are responsible for any alleged damages.

## M.
### THIRTEENTH DEFENSE: LACK OF CAUSATION

13. Plaintiff's claims are barred in whole or in part due to the lack of causation.

## N.
### FOURTEENTH DEFENSE: ASSUMPTION OF THE RISK

14. Plaintiff's claims are barred in whole or in part because by entering the public arena of providing goods and services for, and by partnering with and/or actually running elections, Plaintiff assumes the risk of criticism and public debate.

## O.
### FIFTEENTH DEFENSE: CONTRIBUTORY NEGLIGENCE

15. Plaintiff's claims are barred in whole or in part by Plaintiff's contributory negligence in failing to secure Plaintiff's voting systems from attack after becoming aware that Plaintiff's voting systems were vulnerable to hacking.

## P.
### SIXTEENTH DEFENSE: LACK OF STANDING

16. Plaintiff's claims are barred in whole or in part because Plaintiff lacks Article III standing to assert some of the allegations Plaintiff makes and prudential standing to assert the alleged injuries of third parties.

## Q.
### SEVENTEENTH DEFENSE: FAILURE TO PLEAD SPECIAL DAMAGES

17. Plaintiff's claims are barred in whole or in part because Plaintiff failed to plead special damages such as lost profits under the heightened pleading requirements of FED. R. CIV. P. 9(g).

### R.
### EIGHTEENTH DEFENSE: INCREMENTAL HARM DOCTRINE

18. Plaintiff's claims are barred in whole or in part by the incremental harm doctrine because Defendants' statements failed to cause incremental harm to Plaintiff and are, therefore, nonactionable.

### S.
### NINETEENTH DEFENSE: LIBEL PROOF PLAINTIFF DOCTRINE

19. Plaintiff's claims are barred in whole or in part by the libel proof plaintiff doctrine because Defendants' statements failed to cause Plaintiff harm as his reputation had already been damaged beyond repair by numerous years of his own statements made prior to the 2020 election.

### T.
### TWENTIETH DEFENSE: ABSOLUTE PRIVILEGE

20. Plaintiff's claims are barred in whole or in part because the landmark decision in *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964) creates an absolute privilege.

21. Plaintiff's claims are barred in whole by the provisions of Colorado Revised Statutes § 13-20-1101.

### RESERVATION OF RIGHTS

Defendants reserve the right to revise, supplement, or amend their Answer and Defenses, including reserving all defenses permitted under the Federal Rules of Civil Procedure, and/or at law or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

DATED: March 30, 2022                Respectfully submitted,

DANIELS & TREDENNICK PLLC

*/s/ Douglas A. Daniels*
Douglas A. Daniels
Texas State Bar No. 00793579
doug.daniels@dtlawyers.com
Heath A. Novosad
Texas State Bar No. 24037199
heath@dtlawyers.com

6363 Woodway Drive, Suite 700
Houston, Texas 77057
(713) 917-0024 (Telephone)
(713) 917-0026 (Facsimile)

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record through the Court's CM ECF system on March 30, 2022.

*/s/ Douglas A. Daniels*
Douglas A. Daniels