**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ERIC COOMER, )<br>    *Plaintiff*, )<br>)<br>vs. )<br>)<br>MAKE YOUR LIFE EPIC, LLC, D/B/A )<br>THRIVETIME SHOW AND CLAYTON )<br>THOMAS CLARK, INDIVIDUALLY, )<br>    *Defendants*. ) | CIVIL ACTION NO.  1:21-cv-03440-KLM |

**DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE
DECLARATIONS OF ERIC COOMER, J. ALEX HALDERMAN,
<u>MIKE ROTHSCHILD, HEIDI BEADLE, AND DOUG BANIA</u>**

Defendants Make Your Life Epic, LLC d/b/a Thrivetime Show and Clayton Thomas Clark ("Defendants") object to the Declarations of Eric Coomer, J. Alex Halderman, Mike Rothschild, Heidi Beadle, and Doug Bania and respectfully move the Court to strike the Declarations on the grounds that they set forth statements that lack sufficient foundation in personal knowledge; constitute impermissible argument, opinion, and legal conclusions; and contain inadmissible hearsay.

**I.      BACKGROUND**

Defendants filed their Special Motion to Dismiss Pursuant to Colorado Revised Statutes § 13-20-1101 ("Anti-SLAPP Motion") (Dkt. No. 24) on March 23, 2022.  Plaintiff Eric Coomer ("Coomer") filed his Response to the Anti-SLAPP Motion on April 13, 2022 (the "Response")

(Dkt. No. 30). Coomer attempted to support his Response with declarations by several individuals including Coomer[1], J. Alex Halderman[2]; Mike Rothschild[3]; Heidi Beadle;[4] and Doug Bania.[5]

## II. ARGUMENT

In ruling on a special motion to dismiss under Colorado's anti-SLAPP statute, a court must determine whether a plaintiff "has established that there is a reasonable likelihood that the plaintiff will prevail on the claim," considering the pleadings and supporting affidavits. Colo. Rev. Stat. Ann. § 13-20-1101 (West).

The Colorado statute is "copied nearly verbatim from California's anti-SLAPP law,"[6] and Colorado courts look primarily to California law for persuasive authority as to the interpretation of the anti-SLAPP statute. *Stevens v. Mulay*, No. 19-CV-01675-REB-KLM, 2021 WL 1300503, at *4 (D. Colo. Feb. 16, 2021), *report and recommendation adopted,* No. 19-CV-01675-REB-KLM, 2021 WL 1153059 (D. Colo. Mar. 26, 2021). Regarding the evidence to be considered by a court in determining whether a plaintiff has established a reasonable likelihood of prevailing on their claim, California holds the following:

> In sum, at the second stage of an anti-SLAPP hearing, the court may consider affidavits, declarations, and their equivalents if it is reasonably possible the proffered evidence set out in those statements will be admissible at trial. Conversely, if the evidence relied upon *cannot* be admitted at trial, because it is categorically barred or undisputed factual circumstances show inadmissibility, the court may not consider it in the face of an objection. If an evidentiary objection is made, the plaintiff may attempt to cure the asserted defect or demonstrate the defect is curable.

*Sweetwater Union High Sch. Dist. v. Gilbane Bldg. Co.*, 6 Cal. 5th 931, 949, 434 P.3d 1152, 1163 (2019).

---

[1] *See* Ex. P 1 to the Response ("Declaration of Eric Coomer") (Dkt. No. 30-1).
[2] *See* Ex. P 2 to the Response ("Declaration of J. Alex Halderman") (Dkt. No. 30-37).
[3] *See* Ex. P 3 to the Response ("Declaration of Mike Rothschild") (Dkt. No. 30-39).
[4] *See* Ex. P 4 to the Response ("Declaration of Heidi Beadle") (Dkt. No. 30-40).
[5] *See* Ex. P 5 to the Response ("Declaration of Doug Bania") (Dkt. No. 30-45).
[6] Colorado's anti-SLAPP law was enacted in 2019.

Stated succinctly, a plaintiff seeking to demonstrate the merits of his claim must rely upon "competent admissible evidence." *Id*. at 940.  Thus, while both California and Colorado's anti-SLAPP statutes *generally* require the court to consider supporting affidavits/declarations, California authorities construe the statutory language to prohibit consideration of incompetent or inadmissible declarations.  "[D]eclarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded." *Gilbert v. Sykes,* 147 Cal. App. 4th 13, 26, 53 Cal. Rptr. 3d 752, 763 (2007).

California courts, in the anti-SLAPP context, have held declarations incompetent when made without personal knowledge.  *See Evans v. Unkow*, 38 Cal. App. 4th 1490, 1498, 45 Cal. Rptr. 2d 624, 629 (1995) (statements in plaintiff's declaration in opposition to anti-SLAPP motion which were made only on information and belief were incompetent for lack of personal knowledge).  Furthermore, the Federal and Colorado Rules of Evidence provide that a witness may only testify to a matter that the witness has personal knowledge of. Fed. R. Evid. 602; CRE 602.  For those reasons, courts in the Tenth Circuit and this District likewise strike declarations in summary judgment proceedings where the declarant's statements are not based on personal knowledge.  *See Chavez-Acosta v. Sw. Cheese Co., LLC,* 610 F. App'x 722, 727 (10th Cir. 2015) (affirming district court's decision to strike affidavits where the declarants lacked a basis in personal knowledge for their statements); *Dalvit v. United Air Lines, Inc.*, No. 07-CV-00726-WDM-CBS, 2008 WL 3468703, at *7 (D. Colo. Aug. 11, 2008), *aff'd sub nom. Dalvit v. United Airlines, Inc.*, 359 F. App'x 904 (10th Cir. 2009) (striking declarations made upon information and belief rather than personal knowledge).  "Under the personal knowledge standard, an affidavit is inadmissible if 'the witness could not have actually perceived or observed that which he testifies

to.'" *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (citation omitted).

California courts deciding anti-SLAPP motions also disregard affidavits containing argumentative statements, opinions, and conclusions. *Tuchscher Dev. Enterprises, Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1238, 132 Cal. Rptr. 2d 57, 73 (2003) (rejecting declaration partly consisting of "argumentative, speculative and impermissible opinions"). This District has done the same in summary judgment proceedings. *W. Ridge Grp., L.L.C. v. First Tr. Co. of Onaga*, No. 07-CV-01587-WYD-BNB, 2009 WL 641258, at *3 (D. Colo. Mar. 10, 2009), *aff'd sub nom. W. Ridge Grp., LLC v. First Tr. Co. of Onaga*, 414 F. App'x 112 (10th Cir. 2011) (striking portions of affidavit containing "generalized and conclusory statements," in addition to hearsay). Even expert witness testimony is inadmissible when it contains "ultimate legal conclusions" regarding the essential elements of a claim. *See B2A, LLC v. Commlog, LLC*, No. 09-CV-00528-WJM-BNB, 2011 WL 5569496, at *3 (D. Colo. Nov. 16, 2011).

Finally, California courts deciding anti-SLAPP motions reject consideration of declarations containing hearsay evidence. *Sugarman v. Benett*, 73 Cal. App. 5th 165, 177, 288 Cal. Rptr. 3d 174, 185 (2021), *review denied* (Mar. 30, 2022) (affirming trial court's decision in anti-SLAPP case to sustain evidentiary objections against plaintiff's declaration, which contained hearsay statements). Hearsay is "an out-of-court statement that a party seeks to introduce to prove the truth of the matter asserted." *Savacool v. Weir Oil & Gas*, No. 1:20-CV-01285-RBJ, 2021 WL 4426955, at *3 (D. Colo. Sept. 27, 2021). The Federal and Colorado Rules of Evidence provide that hearsay is generally inadmissible. Fed. R. Evid. 802; CRE 802. As such, this Court likewise strikes inadmissible hearsay evidence from declarations. *See Savacool*, 2021 WL 4426955, at *3

4

(striking portions of declarations containing inadmissible hearsay in a summary judgment proceeding).

The declarations provided by Coomer in support of his Response to Defendants' Anti-SLAPP Motion each contain, to varying extents, statements made without personal knowledge, hearsay, and argumentative and conclusory statements. Further, many statements contained in the declarations are irrelevant to resolving the essential issues of the Anti-SLAPP Motion: (1) whether Coomer's claims arise out of acts in furtherance of a person's right of petition or free speech in connection with a public issue, and (2) whether Coomer can demonstrate a reasonable likelihood of prevailing on his claims. *See* C.R.S. § 13-20-1101(3)(a). Because the statements made by Defendants regard a matter of public concern, prevailing on his defamation claims would require Coomer to prove that Defendants acted with actual malice. *Fry v. Lee*, 408 P.3d 843, 848 (Colo. App. 2013). Yet, the statements in the declarations have no bearing on whether Defendants acted with actual malice. Rather, these statements are merely an attempt to prejudice the reader against Defendants.

Because each declaration contains improper or otherwise irrelevant statements, Defendants request that this Court strike portions of the Declaration of Eric Coomer, and strike the Declarations of J. Alex Halderman, Mike Rothschild, and Heidi Beadle in their entirety.

### a. Declaration of Eric Coomer

Defendants request that the Court strike the Declaration of Eric Coomer in part because it contains statements lacking a sufficient foundation of personal knowledge and statements of legal conclusions or personal opinions. The most egregious examples include the following:

5

In paragraph 9, Coomer states that "Dominion is not a governmental entity and does not control, administer, or conduct elections." This is an impermissible legal conclusion regarding Dominion's potential status as a state actor.

In paragraph 10, Coomer refers to statements made about Coomer by Defendants or others as "defamatory." This is an impermissible legal conclusion as to the claim being litigated.

In paragraph 17, Coomer makes several assertions regarding Joe Oltmann's claim that he infiltrated an Antifa conference call, including suggesting that Oltmann lacks evidence for the claim or fabricated evidence in its support. These statements lack a sufficient basis in personal knowledge.

In paragraph 22, Coomer asserts that "numerous individuals across the country have been stalked and harassed by" an individual named Joey Camp. These statements are hearsay and lack a sufficient basis in personal knowledge.

Paragraphs 23-25 and 27-33 recount the specific details of various appearances by Joe Oltmann on podcasts and tour events hosted by Defendants. Coomer does not state that he was present at or involved with the production of these appearances. Coomer is merely providing commentary. These statements lack a sufficient basis in personal knowledge and appear to merely provide additional unsupported facts to circumvent this Court's page limit requirements.

In paragraph 34, Coomer accuses Joe Oltmann of maintaining a campaign to "defame" him. Like Coomer's statements in paragraph 10, this constitutes an impermissible legal conclusion as to the claim being litigated. Coomer also makes statements regarding the disposition of lawsuits challenging the results of the 2020 elections and expert reports regarding the 2020 election results. Coomer was not involved in the named lawsuits and did not author the cited reports. Thus, these statements lack a sufficient basis in personal knowledge.

In paragraph 40, Coomer improperly discusses his personal opinions regarding the organization Antifa, with variations of the phrase "I believe" used five times. Coomer also references a statement by the FBI regarding Antifa. Coomer's secondhand repetition of this statement lacks a sufficient basis in personal knowledge and is inadmissible hearsay.

Paragraph 41 recounts the opinions and statements of various third parties regarding claims of fraud in the 2020 election. Coomer's secondhand repetition of the statements and conclusions of third parties is improper in Coomer's Declaration, as it lacks a basis in personal knowledge. It is also inadmissible hearsay.

Defendants request that this Court strike and disregard paragraphs 9, 10, 17, 22, 23-25, 27-33, 34, 40, and 41 because they lack sufficient basis in personal knowledge and contain improper legal conclusions and statements of opinion, and contain inadmissible hearsay.

### b. Declaration of J. Alex Halderman

Defendants request that this Court strike the Declaration of J. Alex Halderman in its entirety because it is substantially comprised of statements made without a sufficient foundation in personal knowledge, legal conclusions, and argumentative statements and opinions.

In paragraph 7, Halderman accuses Defendants of advancing "baseless and outlandish conspiracy theories" and accuses them of seeking to "promote their own political agendas and business interests regardless of the truth." These inflammatory statements are argumentative and draw improper conclusions about Defendants' subjective motivations, which Halderman has no personal knowledge of.

In paragraphs 17-19, Halderman repeats the public statements of various third parties regarding claims of fraud in the 2020 presidential election. Halderman's secondhand repetition of

7

the statements and conclusions of third parties lack a basis in personal knowledge and is inadmissible hearsay.

In paragraphs 21-34, Halderman discusses Joe Oltmann's claims and his own opinions regarding their plausibility. Halderman had no firsthand involvement with Oltmann or his claims, and thus lacks a basis in personal knowledge sufficient to discuss them in his Declaration. Halderman's commentary is argumentative, opinion-based, and conclusory. Halderman impermissibly concludes that Oltmann was unqualified to make his statements (¶ 23); opines that "it is implausible on its face that Dr. Coomer ever made the statements that Oltmann attributes to him" (¶ 27); opines that Oltmann's claims are "characteristic of 'crackpot' conspiracy theories" (¶ 28); and suggests that Oltmann is a charlatan (¶ 34). These types of conclusory, argumentative statements have no place in a witness's written or oral testimony.

In Paragraph 34, Halderman states that Oltmann's statements "should have rendered his claims about Dr. Coomer non-credible to any responsible party . . . ." Halderman's assertion that a "responsible" person *should not have* subjectively believed Oltmann is, in a defamation case, a *de facto* legal conclusion. Halderman then accuses Defendants of promoting Oltmann's claims "for financial gain." This statement constitutes impermissible speculation as to Defendants' subjective motivations.

In paragraphs 56-57, Halderman summarizes the findings of several statewide post-election audits. Halderman does not assert that he had any personal involvement in conducting these audits. Halderman's secondhand repetition of the findings of third parties lacks a firsthand basis in personal knowledge and is impermissible hearsay. It is also irrelevant, as the issue in this case is not whether the 2020 elections were rigged, but rather whether it is plausible to subjectively believe Coomer made a statement on an Antifa phone call that he had the ability to rig them.

8

In paragraph 58, Halderman concludes his affidavit with improper opinion-based statements and speculation as to Defendants' motives. Specifically, Halderman states that Defendants' statements about Dr. Coomer are "in [Halderman's] opinion . . . inherently improbable to this day." Halderman also accuses Defendants of spreading "lies and distortions" regarding the 2020 election to "advance their own political and financial interests." As discussed earlier, Halderman lacks personal knowledge of Defendants' subjective motivations. Halderman's statements are also irrelevant, as the issue in this case is not whether the 2020 elections were rigged, but rather whether it is plausible to subjectively believe Coomer made a statement on an Antifa phone call that he had the ability to rig them.

Defendants request that this Court strike and disregard the Declaration of Alex J. Halderman in its entirety because it is substantially comprised of statements which are improper or inadmissible. In the alternative, Defendants request that this Court strike and disregard paragraphs 7, 17-19, 21-34, 56-57, and 58.

### c. Declaration of Mike Rothschild

Defendants request that this Court strike the Declaration of Mike Rothschild in its entirety because it consists of a narrative chronicle of events in which Rothschild had no personal involvement and did not perceive or observe firsthand. Rothschild improperly infuses this narrative with personal opinions, speculation, and conclusions, often expressed in an argumentative manner. Examples include, but are not limited to, the following:

In paragraph 4, Rothschild announces that in his Declaration he will "show how [Clark and the speakers at his events] disregarded reliable and vetted sources to push a preconceived narrative that the 2020 election was stolen." Rothschild, in effect, announces that his Declaration will impermissibly argue in favor of a conclusion drawn by Rothschild.

9

In paragraphs 6-40, Rothschild writes a detailed history of the QAnon movement. At no point does Rothschild claim to have perceived or observed the events he describes firsthand. Rothschild's secondhand description of events in which he was not involved lacks sufficient basis in personal knowledge.

In paragraphs 41-56, Rothschild attempts to link Clay Clark to the QAnon movement via a similar recounting of events which Rothschild did not personally observe, and for which he thus lacks sufficient basis in personal knowledge. In addition, Rothschild makes multiple argumentative, opinion-based, and conclusory statements. Rothschild accuses speakers at Clark's conferences of being "conspiracy theorists promoting . . . dangerous pseudoscience and fraudulent medicine." (¶ 41); accuses Clark and Oltmann of "smearing" Coomer (¶ 43); and concludes that claims discussed by one of Clark's interviewees are "unevidenced" and "contradictory" (¶ 52).

Paragraphs 57-96 of Rothschild's Declaration analyze the alleged ties QAnon ties of various individuals who have attended Clark's events. Rothschild's secondhand recounting of alleged facts about third parties lack sufficient basis in personal knowledge. Additionally, Rothschild frequently interjects argumentative statements, speculation, and conclusions. For example, in paragraph 70, Rothschild speculates as to the subjective motivations of Mike Flynn, one of the individuals discussed. Rothschild, without evidence, asserts that Flynn is motivated "more [by] financial gain than true belief."

Paragraphs 97-100 of Rothschild's Declaration, labeled "Conclusion," consists solely of Rothschild's opinions, interlaced with loaded and argumentative language, regarding the matters discussed in his affidavit. Rothschild essentially draws a legal conclusion that Defendants defamed Coomer, repeatedly accusing Clark and his guest speakers of "smearing" Coomer (¶ 97, 98, 99)

and stating that they "exhibit" a dangerous disregard for facts, laws, and medical science." (¶ 97). Rothschild devotes an entire paragraph to a counterfactual discussion of topics Rothschild asserts Clark and his guest speakers should have but did not consider prior to making their statements (¶ 98). Rothschild has no personal knowledge of whether Clark and his guest speakers considered these topics. Rothschild makes accusations as to the subjective motivations of individuals discussed in his Declaration, accusing them of "[making] these claims not for the purposes of uncovering the truth, but to make money and punish those they deem to be their enemies." (¶ 100).

Aside from the fact that Rothschild's Declaration entirely lacks a sufficient basis in personal knowledge and is replete with improper argumentation, opinions, and conclusions, the topics discussed are also irrelevant. Rothschild's opinions surrounding the QAnon movement do not bear on whether Coomer can demonstrate a reasonable likelihood of his claims by showing Defendants acted with "actual malice."

Defendants request that this Court strike and disregard the Declaration of Mike Rothschild in its entirety because it is substantially comprised of statements which are improper or inadmissible. In the alternative, Defendants request that this Court strike and disregard paragraphs 7, 17-19, 21-34, 56-57, and 58.

### d. Declaration of Heidi Beadle

Defendants request that this Court strike the Declaration of Heidi Beadle in its entirety because it is substantially comprised of statements made without a foundation in personal knowledge, hearsay, and argumentative statements and opinions. Examples include, but are not limited to, the following:

11

In paragraph 9 of her Declaration, Beadle states her *belief* that Joe Oltmann misidentified a specific individual at a meeting of an organization called "Our Revolution" as her. Statements of Beadle's belief lack a sufficient foundation in personal knowledge and are impermissible.

In paragraph 18 of her Declaration, Beadle states Joe Oltmann "likely falsified" and "likely fabricated" evidence and testimony supporting his claims against Coomer. In support of these conclusions, Beadle cites a Twitter thread which criticizes the evidence provided by Oltmann. Beadle's statements are impermissible conclusions about a subject—the alleged falsification of evidence and testimony by Oltmann—outside of Beadle's personal knowledge. The Twitter thread, which is offered to prove the truth of the matter asserted therein (that Oltmann's evidence is allegedly deficient or fabricated) constitutes inadmissible hearsay.

In paragraph 21 of her Declaration, Beadle repeatedly discusses her "professional opinion" that Oltmann's account of Coomer's participation in an Antifa conference call is "highly implausible" and "inherently improbable." These statements are entirely comprised of Beadle's improper personal speculation and opinions.

Furthermore, the veracity of Oltmann's evidence and testimony have no bearing on whether Defendants subjectively *believed* Oltmann's claims. Thus, they have no bearing on whether Defendants acted with actual malice and are irrelevant to whether Coomer can demonstrate a reasonable likelihood of prevailing on his claims.

Defendants request that this Court strike and disregard the Declaration of Heidi Beadle in its entirety because it is substantially comprised of statements which are improper or inadmissible. In the alternative, Defendants request that this Court strike and disregard paragraphs 9, 18, and 21.

    **e. Declaration of Doug Bania**

Defendants request that this Court strike the Declaration of Doug Bania in its entirety because it is substantially comprised of statements made without a sufficient basis in personal knowledge. Specifically, the Declaration consists of Bania's analysis of tweets allegedly written by "QAnon-related Twitter accounts" mentioning the word "Coomer." Bania was not personally involved in writing or receiving these tweets and thus lacks a basis in personal knowledge regarding them. Furthermore, tweets about Coomer by miscellaneous "QAnon-related Twitter accounts" have no relation to whether Defendants acted with actual malice and are thus irrelevant to whether Coomer can demonstrate a reasonable likelihood of prevailing on his claims.

Defendants request that this Court strike and disregard the Declaration of Doug Bania in its entirety because it is substantially comprised of statements which are inadmissible.

### III.     CONCLUSION AND PRAYER FOR RELIEF

A plaintiff who seeks to establish a reasonable likelihood of prevailing on its claims sufficient to defeat an anti-SLAPP motion may rely only on "competent admissible evidence." Accordingly, statements in a declaration may not be considered when they lack a basis in personal knowledge; are argumentative, speculative, opinion-based, or conclusory; contain inadmissible hearsay; or are irrelevant. The above-identified Declarations filed by Coomer in support of his Response to the Anti-SLAPP Motion each set forth improper or inadmissible statements, including statements lacking sufficient foundation in personal knowledge; argument, speculation, opinion, and legal conclusions; and hearsay.

Defendants request that this Court strike and disregard offending statements from the Declaration of Eric Coomer. Defendants further request that the Court strike and disregard the

13

Declarations of J. Alex Halderman, Mike Rothschild, Heidi Beadle, and Doug Bania in their entirety.

Respectfully submitted,

DANIELS & TREDENNICK, PLLC

*/s/ Douglas A. Daniels*
Douglas A. Daniels
Texas State Bar No. 00793579
doug.daniels@dtlawyers.com (E-mail)
Heath A. Novosad
Texas State Bar No. 24037199
heath@dtlawyers.com (E-mail)

6363 Woodway Drive, Suite 700
Houston, Texas 77057
(713) 917-0024 (Telephone)
(713) 917-0026 (Facsimile)

*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

In accordance with D.C.COLO.LCivR 7.1(a), on April 25, 2022, the undersigned attorney conferred with Plaintiff's counsel regarding the nature and effect of the above-entitled Motion. In the case of the Declaration of Eric Coomer, the only way to cure the defects that serve as the basis for the Motion would be for Plaintiff to remove the challenged statements. In the case of the remaining declarations, which are substantially comprised of improper or irrelevant statements, the only way to cure the defects that serve as the basis for the Motion to Strike would be for Plaintiff to withdraw the declarations. Plaintiff would not agree to such removal or withdrawal and indicated their opposition to the relief sought herein. Accordingly, Defendants file these Objections and Motion to Strike.

*/s/ Jordan T.J. Howes*
Jordan T. J. Howes

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record through the Court's CM ECF system on April 27, 2022.

*/s/ Douglas A. Daniels*
Douglas A. Daniels