# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ERIC COOMER,<br>*Plaintiff*,<br><br>vs.<br><br>MAKE YOUR LIFE EPIC, LLC, *et al.*,<br>*Defendants*. | )<br>)<br>)<br>)  CIVIL ACTION NO. 1:21-cv-03440-KLM<br>)<br>)<br>)<br>) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO COLORADO REVISED STATUTES § 13-20-1101

### I. INTRODUCTION

Defendants' Anti-SLAPP motion should be granted because Defendants met their burden to show that Colorado's Anti-SLAPP statute applies to this matter, and Plaintiff Eric Coomer ("Coomer") failed to provide evidence that Defendants (1) knew the allegedly defamatory statement ("Don't worry about the election, Trump is not gonna [sic] win. I made f*#@ing sure of that. Hahahaha!)" was false; or (2) acted in reckless disregard of the truth. Instead, Coomer provided incompetent, inadmissible, and irrelevant evidence that (1) somehow QAnon is involved, (2) the 2020 election was secure, and (3) Coomer was threatened a number of times on Twitter or other social media websites.[1] Coomer's Response is also rife with misstatements of well-established law and fact and conspicuously ignores the fact that Eric Coomer is a proven liar.

---

[1] Almost all of the evidence attached in Coomer's Response is incompetent or inadmissible because the declarations constituting and/or purporting to authenticate evidence are not based on personal knowledge, are riddled with hearsay, or contain vast amounts of impermissible legal argument. Defendants filed a motion to strike these declarations, which is incorporated by reference as if fully set forth herein. *See* Dkt. No. 36.

## II.     LEGAL STANDARDS

As noted in Defendants' Motion, Colorado's Anti-SLAPP statute is modeled on California's, and Colorado courts have therefore held it is appropriate to look to California law in applying Colorado's statute. *Stevens v. Mulay*, No. 19-CV-01675-REB-KLM, 2021 WL 1300503, at \*4 (D. Colo. Feb. 16, 2021), report and recommendation adopted, No. 19-CV-01675-REB-KLM, 2021 WL 1153059 (D. Colo. Mar. 26, 2021). California's Anti-SLAPP statute states:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with *a public issue* shall be subject to a special motion to strike, *unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim*.

CAL. CIV. PROC. CODE § 425.16 (emphasis added). Under the first prong of the statute, the parties agree that a defendant must make a prima facie showing that the claims arise out of a constitutionally-protected activity. *Braun v. Chronicle Publ'g Co.*, 61 Cal. Rptr. 2d 58, 61 (Cal. Ct. App. 1997); *Forever 21, Inc.*, 2014 WL 722030, at \*4. To meet this burden, a defendant need only demonstrate that the act underlying plaintiff's cause of action fits one of the enumerated categories in the Anti-SLAPP statute. *Braun*, 61 Cal. Rptr. 2d at 61.

The parties disagree, however, on the plaintiff's burden under the second prong of the statute. While some California courts hold that only a prima facie showing is required, *see, e.g., Wilson v. Cable News Network, Inc.*, 444 P.3d 706, 718 (Cal. 2019), these courts do not address the intent behind the statute: prohibiting "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." CAL. CIV. PROC. CODE § 425.16.

Other courts in California, heeding the legislature's intent, hold that "[t]he plaintiff must provide *admissible evidence to establish* that the complaint is legally sufficient and supported by a prima facie showing of facts [that] sustain a favorable judgment." *Forever 21, Inc. v. Nat'l Stores Inc.*, 2:12-CV-10807-ODW, 2014 WL 722030, at *4 (C.D. Cal. Feb. 24, 2014) (internal quotations omitted) (emphasis added). "*If the plaintiff fails to make this showing by a preponderance of the evidence*, the court must grant the motion to strike and award the prevailing defendant his or her attorney's fees and costs." *Id*. (citing *Ingels v. Westwood One Broad. Servs., Inc.*, 28 Cal. Rptr. 3d 933, 939 (Cal. Ct. App. 2005)) (emphasis added); *D.N. by & through Truong v. Los Angeles Unified Sch. Dist.*, No. CV1801582ABAFMX, 2018 WL 5911763, at *3 (C.D. Cal. June 26, 2018), aff'd, 765 F. App'x 379 (9th Cir. 2019); *Harmoni Int'l Spice, Inc. v. Bai*, CV1600614BROASX, 2016 WL 6542731, at *8 (C.D. Cal. May 24, 2016); *Chapa v. Foell*, CV1304536BROMRWX, 2014 WL 12966284, at *3 (C.D. Cal. July 10, 2014).

Colorado's Anti-SLAPP statute likewise is consistent with requiring Plaintiff to prove its claim by a preponderance of the evidence at the motion to dismiss stage:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue is subject to a special motion to dismiss unless the court determines that the plaintiff has *established that there is a reasonable likelihood that the plaintiff will prevail on the claim*.

§ 13-20-1101(3)(a), C.R.S (emphasis added). The Colorado legislature adopted the Anti-SLAPP statute to "safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law . . ." *Id*. Much like the standard to prevail for preliminary injunctive relief, which is extraordinary relief and particularly difficult to obtain, reasonable likelihood of success "requires the court to substantively

3

evaluate the issues as it would during trial." *Dallman v. Ritter*, 225 P.3d 610, 621 (Colo. 2010). The trial court must "assess the proper legal standard and applicable burden of proof which would be required at a subsequent trial on the merits." *Rathke v. MacFarlane*, 648 P.2d 648, 655 (Colo. 1982).

Given the language in the Colorado's Anti-SLAPP statute, the Court should adhere to California law requiring plaintiff to make a showing by a preponderance of the evidence. *Forever 21, Inc.*, 2014 WL 722030, at *4; *Los Angeles Unified Sch. Dist.*, 2018 WL 5911763, at *3; *Harmoni Int'l Spice, Inc.*, 2016 WL 6542731, at *8; *Chapa*, 2014 WL 12966284, at *3.

### III.   ARGUMENT

**A.   Coomer's claims are subject to Colorado's Anti-SLAPP Statute.**

Defendants have made a prima facie showing that the acts underlying Coomer's claims fit the enumerated categories spelled out in § 13-20-1101(2)(a) (II), (III), and (IV). Coomer's arguments to the contrary are based on misdirection and selective quotations from caselaw.

Coomer cites to cases about public official and public figures regarding whether something is a matter of public concern. *See* Response at ¶¶ 26-28. But this is misdirection. Whether Coomer was a public official or public figure is irrelevant to determining whether the challenged statements involved a matter of public interest. "Generally, speech involves a matter of public concern when it is of interest to the community, whether for social, political, or other reasons, rather than a matter of mere personal interest to the speaker." *Bass v. Richards*, 308 F.3d 1081, 1089 (10th Cir. 2002). True enough, "[s]peech relating to internal personnel disputes and working conditions does not touch upon matters of public concern." *Id*. "Speech about political elections, however, undoubtedly does." *Id*. "We would be hard pressed to classify the election of a city council

4

member as anything other than a matter of great public concern." *Cragg v. City of Osawatomie, Kan.*, 143 F.3d 1343, 1346 (10th Cir. 1998). Much more so, the election of the President of the United States.

Coomer's remaining arguments are based on the false premise that Defendants' alleged defamatory statements are mere "collateral allusions" to a matter of public concern.[2] Coomer selectively quotes from the *Freeman* decision but omits the fundamental basis for the decision. *Freeman v. Schack*, 154 Cal. App. 4th 719 (2007). *Freeman* held that an attorney who was sued by his clients for abandoning them to represent adverse interests in the same litigation did not meet the first prong of the statute. *Id*. at 727. The *Freeman* court found that "[i]t is '*the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies*, and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute.'" *Id*. (citing *Martinez v. Metabolife Internat., Inc*. (2003) 113 Cal.App.4th 181, 188, 6 Cal.Rptr.3d 494) (emphasis added).

In *Freeman*, the plaintiffs sued their lawyer for breach of his professional duties to them as their lawyer—which is not constitutionally protected activity. *See id.* Here, by contrast, Coomer has sued Defendants for defamation[3] for saying things about the 2020 Presidential election. Almost by definition, that invokes the First Amendment, which is the basis for all protected activity under the Anti-SLAPP statute. *See* Orig. Compl.; § 13-20-1101(1), C.R.S. Unlike in *Freeman*, here Defendants' speech is "the principal thrust or gravamen of [Coomer's]

---

[2] *See* Response at ¶ 25 (citing *Freeman v. Schack*, 154 Cal. App. 4th 719, 728-30 (2007)).

[3] Coomer's other causes of action rest on a finding of defamation. *See* Orig. Comp. at ¶¶ 89-103.

causes of action." *See Id*. at 727; *see also* Orig. Compl. Coomer's argument that Defendants' speech is merely "collateral" misinterprets the holding in *Freeman* and mischaracterizes the facts. Oltmann's statements that he believed Coomer participated in rigging the 2020 Presidential election while working in a high-level position at an electronic voting machine company—controversial though they may be—are anything but "collateral" or "incidental" to the 2020 Presidential election.

Likewise, Coomer's argument that he "is not *the election*," but rather is a mere "private individual" completely misses the point.[4] As alleged by Oltmann, Coomer—an employee at Dominion Voting Systems—said on an Antifa conference call: "*Don't worry about the election, Trump is not gonna [sic] win. I made f\*#@ing sure of that. Hahahaha*."[5] After the election, Oltmann discovered Coomer's Facebook ("FB") page wherein he made numerous vile and hateful posts about then President Trump, which were consistent with the statements Oltmann claimed Coomer made on the Antifa conference call.[6] The combination of these two pieces of evidence—one disputed and one admittedly true—is undoubtedly of "interest to the community." *Bass*, 308 F.3d at 1089. So much so, in fact, that Coomer attached an exhibit to a pleading in his state lawsuit identifying at least 53 separate publications regarding Oltmann's statements concerning Coomer.[7]

---

[4] Response at ¶ 26-28.

[5] Ex. 4 to Anti-SLAPP Motion.

[6] Coomer has a Ph.D. and has worked in technology his entire career. He holds patents for Dominion. With over 300 FB followers, he cannot credibly claim his FB posts were only to his private family members and friends or that the posts would never become public.

[7] Ex. A. Coomer also argues that Defendants made Coomer a public figure. Not so. If he were not a public figure before, the 53 publications about him and his alleged statements that were published *prior* to Defendants' alleged defamatory statements certainly made him a public figure.

Notably, all 53 publications were made *before* Defendants' alleged defamatory statements.[8] The challenged speech is *not* "a matter of mere personal interest to [Coomer]." *Id*. Nor is it related solely to Coomer's position within Dominion.[9] And if speech related to a city council member is a matter of great public concern, speech related to the election of the President of the United States must be of utmost public concern. *Cragg*, 143 F.3d at 1346. The only "dangerous precedent" being requested here is by Coomer.[10]

**B.  Coomer has failed to provide the Court with evidence that he has a reasonable likelihood of success to show Defendants acted with actual malice.**

Because Defendants have met their burden to show that the Colorado Anti-SLAPP statute applies, the burden shifts to Coomer to show that he has a reasonable likelihood of success on his defamation claim by showing Defendants acted with actual malice by a preponderance of the evidence. He has completely failed to do so.

Coomer begins his argument by stating that (1) it is a verifiable fact that he was not on the Antifa conference call, (2) he did not subvert the results of the election, (3) Oltmann had no personal knowledge of the call, and (4) every statement made by Defendants was a false statement of fact.[11] The only evidence presented by Plaintiff to substantiate these claims was a declaration from Eric Coomer, who is an admitted liar.[12]

---

[8] *Id*.

[9] Coomer was the Director of Product Security and Strategy for Dominion. He made multiple public appearances on behalf of Dominion and testified at length for Dominion in the *Curling* litigation. Coomer was far more than just an "average" employee.

[10] Response at ¶ 28.

[11] Response at ¶¶ 35-36.

[12] As discussed above, Defendants object to portions of Coomer's affidavit as inadmissible. The Court should further disregard any admissible portions of the affidavit based on Coomer's utter lack of credibility.

Coomer's lies are not one-off occurrences; they are a reflection of his lack of truthfulness. Eric Coomer initially penned an op-ed for the Denver Post unequivocally stating that he did not author the FB posts that described his vitriolic hatred for then-President Trump.[13] This was a lie. Later, the New York Time article published a devastating admission made by Coomer: "*the Facebook posts were, in fact, authentic.*"[14] Coomer later lied to law enforcement after he drove his vehicle into a building in his hometown of Salida, Colorado.[15] Coomer has proven he is willing to say anything to extricate himself from the consequences of his own words and actions. Coomer has no credibility and neither does his declaration attached to the Response as P1. Without competent evidence, Coomer cannot meet his evidentiary burden.

Even if Coomer had competent evidence, that evidence does not show actual malice. It is irrelevant whether Oltmann's alleged defamatory statements are false. Coomer disputes the facts of the challenged statements. If this were enough to overcome the Anti-SLAPP statute, the statute becomes meaningless. If truth were the only defense to defamation, then decades of First Amendment jurisprudence since *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), would be upended. *Sullivan* was clear: When dealing with a matter of public concern, the actual malice standard applies. *Id*. at 280. Under the actual malice test, Coomer must provide evidence that Defendants knew their speech was false or acted with reckless disregard of whether it was false or not. *Id*.

---

[13] Ex. 7 to Anti-SLAPP Motion.

[14] Ex. 8 to Anti-SLAPP Motion (emphasis added).

[15] Ex. 9 to Anti-SLAPP Motion.

Coomer cannot and has not met this burden. The genesis of the complaint by Coomer is the statement: "*Don't worry about the election, Trump is not gonna [sic] win. I made f\*#@ing sure of that. Hahahaha*." Coomer argues that election challenges have been defeated across the country and, therefore, the statement is inherently improbable. Coomer misses the point. The point is not whether Coomer could or did change the outcome of the 2020 Presidential election. The point, rather, is whether it was inherently improbable *that Coomer would participate in an Antifa call and brashly claim the ability to do so*. Clearly that is not inherently improbable. *Spacecon Specialty Contractors, LLC. v. Bensinger*, 782 F. Supp. 2d 1194, 1202 (D. Colo. 2011), aff'd sub nom. *Spacecon Specialty Contractors, LLC v. Benninger*, 713 F.3d 1028 (10th Cir. 2013). Coomer posted his support for Antifa on his FB page.[16] Coomer repeatedly published vile and hateful ideas and posts about then-President Trump.[17] Coomer is a recovering drug addict.[18] Coomer is a liar.[19] Coomer will say and do anything.[20] The evidence shows that it is not inherently improbable for Defendants to believe that Coomer made those statements. Nor has Plaintiff shown that Defendants acted in reckless disregard of the truth when they believed Oltmann. Because Coomer has not provided evidence that Defendants subjectively knew Coomer did not make the statement, "Don't worry about the election, Trump is not gonna [sic] win. I made f\*#@ing sure of that. Hahahaha," nor that they acted in reckless disregard of the truth about whether Coomer did

---

[16] Ex. 5 to Anti-SLAPP Motion.

[17] *Id*.

[18] Ex. 8 to Anti-SLAPP Motion.

[19] Exs. 6, 7, and 8 to Anti-SLAPP Motion.

[20] Ex. 9 to Anti-SLAPP Motion.

or did not make that statement, Defendants Special Motion to Dismiss pursuant to C.R.S. § 13-20-1101 must be granted.

| | |
|---|---|
| DATED: April 27, 2022 | Respectfully submitted,<br><br>DANIELS & TREDENNICK PLLC<br><br>*/s/ Douglas A. Daniels*<br>Douglas A. Daniels<br>Texas State Bar No. 00793579<br>doug.daniels@dtlawyers.com<br>Heath A. Novosad<br>Texas Bar No. 24037199<br>heath.novosad@dtlawyers.com<br>6363 Woodway Drive, Suite 700<br>Houston, Texas 77057<br>(713) 917-0024 (Telephone)<br>(713) 917-0026 (Facsimile)<br><br>***Attorneys for Defendants*** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record through the Court's CM ECF system on April 27, 2022.

                                            */s/ Douglas A. Daniels*
                                            Douglas A. Daniels