# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03440-WJM

ERIC COOMER, PhD.,

    Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW and
CLAYTON THOMAS CLARK, individually,

    Defendants

---

# EXHIBIT A
# TO PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED OBJECTIONS AND MOTION TO STRIKE DECLARACTIONS OF ERIC COOMER, J. ALEX HALDERMAN, MIKE ROTHSCHILD, HEIDI BEEDLE, AND DOUG BANIA

---

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: November 21, 2021 3:08 PM<br>CASE NUMBER: 2020CV34319 |
| ERIC COOMER, Ph.D.,<br>Plaintiff<br><br>vs.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., et al.,<br>Defendants | ▲ COURT USE ONLY ▲ |
| | Case Number:            2020cv034319<br><br>Division Courtroom:            409 |
| **ORDER REGARDING PLAINTIFF'S MOTION FOR EXPEDITED RELIEF FROM THE OAN DEFENDANTS' EVIDENTIARY OBJECTIONS** | |

THE COURT, having reviewed Plaintiff's *Motion for Expedited Relief from the OAN Defendants' Evidentiary Objections* and the OAN Defendants' Response thereto, having reviewed the record, having reviewed each of the OAN Defendants' 5025 evidentiary objection in detail, and being fulling advised in the premises, FINDS and ORDERS:

**Background**:

1) The Plaintiff submitted approximately 265 pieces of evidence (plus 275 video clips extracted from such evidence) that it is asking the Court to consider as part of Plaintiff's Response to the Special Motions to Dismiss filed by all Defendants. In response, the OAN Defendants have asserted approximately 5,025 discrete evidentiary objections to Plaintiff's proposed evidence.

1

2) Of the approximately 5,025 evidentiary objections that were lodged by the OAN Defendants, the Court finds that the following 88 objections <u>may</u> have merit and will require a response from Plaintiff.

| Exhibit | Chart Page(s) | Specific Cite | Rule of Evidence |
|---|---|---|---|
| A-1 | 139-140 | Defamation Spreadsheet | 401, 402 & 403 |
| A-2 | 140 | Spreadsheet Links | 401, 402 & 403 |
| B-2 | 142 | PX 106, 107 & 111 | 901 |
| B-2 | 145 | PX 111 | 801 |
| D-2 | 151 | PX 118, 119, 120, 121, 123, 15, 126, 129 & 133 | 901 |
| E-15 | 175 | 10/24/20 NY Times | 801 |
| E-16 | 176 | 12/28/20 Detroit News | 801 |
| F-1 | 183 | PX 27 | 801 |
| F-1 | 184 | PX30 | 401, 402, 403, 407, 408 and 801. |
| H-1 | 196 | PX 58 | 801 |
| K-1 | 211 | PX 7 | 801 |
| K-3 | 213 | 02/01/21 Above the Law | 801 |
| K-8 | 216 | 12/08/20 NY Times | 801 |
| M-7 | 229 | 01/31/21 NY Times | 801 |
| N | 231-235 | Entire Brown Dec. | All objections listed |
| N | 242 | ¶8, L. 2 | 404(a) & 602 |
| N | 249 | ¶13, L. 2 | 702 & 704 |
| N | 249-250 | ¶14, L. 1 | 704 |

| | | | |
|---|---|---|---|
| N | 252 | ¶14, L. 3 | 702 & 704 |
| N | 256-258 | ¶17. L. 1; Sections (c), (d) & (e) | 801 |
| N | 276 | ¶20, L. 18 | 407 & 408 |
| N | 326 | ¶49, L. 2 | 801 |
| N | 338 | ¶56, L. 3 | 602 & 702 |
| N | 375 | ¶82, L. 1 | 602 & 801 |
| N | 426 | ¶118, L. 1 | 702 & 704 |
| N | 427 | ¶118, L. 2 | 702 & 704 |
| N | 446 | ¶128, L. 1 | 602, 702 & 704 |
| N | 447 | ¶128, L. 2 | 602, 702 & 704 |
| N | 462 | ¶132, L. 3 | 602 & 704 |
| N | 464 | ¶133, L. 1 | 602 & 704 |
| N | 468 | ¶134, L. 4 | 704 |
| O | 471-472 | Entire Halderman Dec. | All objections listed |
| O | 481 | ¶8, L. 1 | 704 |
| O | 502-503 | ¶17, L. 1-4 | 602 & 801 |
| O | 524 | ¶25, L. 9-11 | 602 & 704 |
| P | 633-635 | Entire Rothschild Dec. | All objections listed |
| P | 677-678 | ¶27, L. 8-9 | 602 |
| P | 728 | ¶59, L. 9 | 602 & 702 |
| R | 832-833 | ¶11, L. 19-21 | 602 |
| R | 862 | ¶17, L. 2-4 | 701 & 704 |

| W | 877-880 | Entire Bania Dec. | All objections listed |
|---|---|---|---|
| W | 883-884 | ¶6 | 801 |
| W-1 | 902-903 | 7/2/21 ADI Report | 801 |
| E-1 | 1011-1012 | US Elections Assistance Commission and Elections Information Sharing Analysis Center | 801 |

**Frivolous, Vexatious or Groundless Objections**:

The Court FINDS the OAN Defendants' remaining 4,937 evidentiary objections were asserted in bad faith and are frivolous, vexatious or groundless. The Court does not have the time to detail why each of these 4,937 objections is frivolous, vexatious or groundless, but will provide the following examples which are illustrative.

1. The OAN Defendants analyzed each individual sentence of the Declaration of Eric Coomer. Of Plaintiff's 23-page Declaration, the OAN Defendants lodged 138 pages of objections and objected to all but 13 sentences of the Declaration. For example, the OAN Defendants objected to the following statements in Plaintiff's Declaration:

    a. **"I did not participate in an Antifa conference call or boast about my supposed ability to rig the election."**—Objection: CRE 404(a)—Improper testimony about whether another witness is telling the truth on a particular occasion.

    b. **"I was never contacted by Rion or OAN regarding this broadcast or any other stories about me."**—Objection: C.R.E.

4

  401/402/403–No relevance to Dr. Coomer's burden of producing clear and convincing admissible evidence that the OAN Defendants exhibited knowing falsity or reckless disregard for the truth (subjective awareness of probable falsity) with the allegedly defamatory statements made by the OAN Defendants "of and concerning" Dr. Coomer; any probative value outweighed by undue prejudice because statement is misleading; Dr. Coomer had gone into hiding and was armed and dangerous.

c. **"Metaxas said that I had engaged in 'extremely criminal' actions and would spend the rest of my life in jail."** Six Objections Raised: C.R.E. 401/402/403 – No relevance to Dr. Coomer's burden of producing clear and convincing admissible evidence that the OAN Defendants exhibited knowing falsity or reckless disregard for the truth (subjective awareness of probable falsity) with the allegedly defamatory statements made by the OAN Defendants "of and concerning" Dr. Coomer; any probative value outweighed by undue prejudice; C.R.E. 602 – Lack of foundation; C.R.E. 901 – Lack of authentication; C.R.E. 1002 – Secondary evidence not admissible where original records still exist.

d. **"Examples of some of those threats are attached to this Declaration as Exhibit A-17."** Objection—C.R.E. 106—Documents and statements are incomplete and do not present all of the messages purportedly received by Dr. Coomer.

2. **For each piece of evidence that did not directly reference OAN or Ms. Rion (and even some pieces of evidence that did reference them)**, the OAN Defendants lodged the following objections: "C.R.E. 401/402/403 – No relevance to Dr. Coomer's burden of producing clear and convincing admissible evidence that the OAN Defendants exhibited knowing falsity or reckless disregard for the truth (subjective awareness of probable falsity) with the allegedly defamatory statements made by the OAN Defendants "of and concerning" Dr. Coomer; any probative value outweighed by undue prejudice. The Court notes that there is more than one issue in this case and such evidence is plainly relevant to Plaintiff's claim of civil conspiracy.

3. **PX 43 Text messages between Rudy Giuliani and Charles Herring**: Objections: C.R.E. 401/402/403 – No relevance to Dr. Coomer's burden of producing clear and convincing admissible evidence that the OAN Defendants exhibited knowing falsity or reckless disregard for the truth (subjective awareness of probable falsity) with the allegedly defamatory statements made by the OAN Defendants "of and concerning" Dr. Coomer; any probative value outweighed by undue prejudice; C.R.E. 901 – Lack of authentication. The Court notes that on page 114 of Mr. Herring's deposition he authenticated PX 43 as a text exchange between himself and Mr. Giuliani.

4. **CLIP 50, 07-30-21 Charles Herring/Herring Networks, Inc. dba One America News Network Depo 17:9-21.** Objections: C.R.E. 401/402/403 – No relevance to Dr. Coomer's burden of producing clear and convincing

6

admissible evidence that the OAN Defendants exhibited knowing falsity or reckless disregard for the truth (subjective awareness of probable falsity) with the allegedly defamatory statements made by the OAN Defendants "of and concerning" Dr. Coomer; any probative value outweighed by undue prejudice; C.R.E. 106 and 1002 – The full deposition is the best evidence of its content. The Court notes that on Page 199, the OAN Defendants do not stipulate to the admissibility of the deposition of Charles Herring.

**Attorney Misconduct**:

The sheer volume of the 4,937 frivolous, vexatious and groundless objections raised by the OAN Defendants is staggering. The Court finds that these objections are designed to subvert the judicial process, to harass another party, to needlessly increase the cost of litigation, and to unnecessarily expand the proceedings through improper conduct.

The following Vedder Price P.C. attorneys have been admitted *pro hac vice* in this matter pursuant to C.R.C.P. 205.3: Blaine C. Kimrey, Jeanah Park, Bryan K. Clark and Julia L. Koechley.  All four of these attorneys attached their names to *The OAN Defendants' Objections to Plaintiff's Alleged Evidence in Support of Omnibus Response to Defendants' Special Motions to Dismiss Pursuant to C.R.S. §13-20-1101.*[1]

Pursuant to C.R.C.P. 205.3(5), this Court retains full authority to revoke the *pro hac vice* status of these Vedder Price P.C. attorneys as it deems appropriate.  The misconduct occasioned by the filing of *The OAN Defendants' Objections to Plaintiff's*

---

[1] The Court notes that the inclusion of the word "Alleged" in the title of this pleading is snide, unwarranted and a violation of this Court's Civility Order.

7

*Alleged Evidence in Support of Omnibus Response to Defendants' Special Motions to Dismiss Pursuant to C.R.S. §13-20-1101* supports an immediate revocation of the *pro hac vice* status of these four Vedder Price P.C. attorneys, particularly given the numerous prior instances of misconduct which have previously been noticed and addressed by this Court.

Specifically, during Mr. Kimrey's first appearance in this matter on September 17, 2021, he used pejorative language regarding Plaintiff and was cautioned by this Court. Then, the attorneys for the OAN Defendants filed documents with the court in violation of the July 19, 2021 Protective Order in this matter. See *Order Regarding Defendants Herring Networks, Inc., D/B/A One America News Network, and Chanel Rion's Motion to Strike and for Extension of Reply Briefing Deadline* dated September 22, 2021. Next, the attorneys for the OAN Defendants engaged in a practice of filing all documents as "suppressed" when there was no legitimate reason to do so. See *Order: Out-of-State Counsels Updated Unopposed Verified Motion Requesting Pro Hac Vice Admission (J. Koechley)* dated October 7, 2021. Finally, the Vedder Price P.C. attorneys filed a *Motion to Set Aside the Omnibus Protective Order Entered Pursuant to C.R.C.P. 26(c) and to Unseal Court Records Designated as Protected or Suppressed* which 1) misrepresented court proceedings, 2) used the motion in an attempt to intimidate others; and 3) misapprehended Colorado procedures regarding access to court records and transcripts. See *Order Regarding Defendants Herring Networks, Inc. And Chanel Rion's Motion to Set Aside the Ominbus (sic) Protective Order Entered Pursuant to C.R.C.P. 26(c) and to Unseal Court Records Designated as Protected or Suppressed* dated October 8, 2021.

Given the severity of the sanction of revoking an attorney's *pro hac vice* status, this Court will not revoke the Vedder Price P.C. attorneys admission at this time. However, the following Vedder Price P.C. attorneys are on notice that <u>any</u> further instances of misconduct will subject them to the <u>immediate</u> revocation of their *pro hac vice* admission in this case: Blaine C. Kimrey, Jeanah Park, Bryan K. Clark and Julia L. Koechley. If any of these attorneys feel that they are unjustly grouped with the attorneys responsible for such misconduct, they shall remove their names from subsequent pleadings to avoid any conflation of conduct.

*Pro hac vice* admission is a privilege, and the Vedder Price P.C. attorneys are abusing that privilege through their unrelenting efforts to undermine the integrity of these proceedings. It will not be tolerated.

**<u>Orders</u>**:

1. Plaintiff shall file responses to the limited evidentiary issues addressed in the chart above on pages 2, 3 & 4 by November 29, 2021.
2. The OAN Defendants shall pay the reasonable and necessary attorneys fees and costs of the Plaintiff incurred in connection with the filing of their frivolous, vexatious and groundless objections to Plaintiff's evidence. Attorneys for Plaintiff shall submit an affidavit as to attorney fees and costs by December 13, 2021. The OAN Defendants shall have 14 days to object to such affidavit.

Dated this 21st day of November, 2021.

BY THE COURT:

*Marin A Moses*

District Court Judge