IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03440-WJM

ERIC COOMER, PhD.,

    Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW and
CLAYTON THOMAS CLARK, individually,

    Defendants

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, PhD., files this Response to Defendants' Motion to Stay [Dkt. 61] (the Motion), and states as follows:

## I. BACKGROUND

1. Plaintiff filed the present suit on December 22, 2021.

2. On March 23, 2022, the Defendants filed their special motion to dismiss pursuant to C.R.S. § 13-20-1101 (the anti-SLAPP Motion) [Dkt. 24].

3. The Court denied the anti-SLAPP Motion on March 7, 2023 (the March 7 Order) [Dkt. 45]. The March 7 Order also lifted the existing stay of discovery. *See* Dkt. 45 at p. 24; *see also* [Dkt. 34] (the prior order staying discovery).

4. On March 28, 2023, the parties conducted their Rule 26(f) meeting.

1

5. On April 4, 2023, the parties submitted their proposed case management order to the Court [Dkt.55].

6. On April 6, 2023, the Defendants filed a notice of appeal of the March 7 Order [Dkt. 56].

7. On April 11, 2023, a status conference was held before the Hon. Kristen Mix, wherein the Court ordered Defendants to file a motion to stay this proceeding no later than April 14, 2023, with Plaintiff's response due to be filed no later than April 21, 2023, and a reply by Defendants to be filed no later than April 26, 2023.

8. On April 17, 2023, the Court modified the April 11 order and instructed Plaintiff to file its response no later than April 19, 2023 [Dkt. 62].

## II. ARGUMENT

9. In the Motion, Defendants argue that the filing of the notice of the interlocutory appeal [Dkt. 56] divests this Court of jurisdiction. This argument is addressed below and should be rejected.

**A. Defendants have not petitioned for permission to appeal.**

10. The availability of an interlocutory appeal in a federal proceeding is governed by 28 U.S.C. § 1292. "As a prerequisite to jurisdiction under these circumstances, we generally require a petition for permission to appeal." *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664 (10th Cir. 2018) (*citing Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1175 (10th Cir. 2005). The Tenth Circuit has specifically rejected the notion that a party's notice of appeal may

serve as such a petition. *Id.* (*citing Hellerstein v. Mr. Steak, Inc.*, 531 F.2d 470, 472 (10th Cir. 1976).

11. Defendants had ten days from the date of March 7 Order in which to petition for permission to file an interlocutory appeal, but at no point have they done so. 28 U.S.C. § 1292(b). The March 7 Order was issued thirty days before the filing of Defendants' Notice of Appeal [Dkt. 56]. As a result, Defendants do not have access to an interlocutory appeal simply by virtue of the March 7 Order.

**B.     There is no basis for appellate jurisdiction under the collateral order doctrine.**

12. Appellate jurisdiction is not conferred by 28 U.S.C. § 1291 here and Defendants do not argue otherwise.

13. Thus, having not petitioned for permission to appeal, the only basis to confer appellate jurisdiction is through narrowly limited types of "collateral" interlocutory orders. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541 (1949). To fall into this category of decisions, "an appellant 'must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment.'" *Arbogast v. Kansas, Dep't of Labor*, 789 F.3d 1174, 1179-80 (10th Cir. 2015); *Farmlands Partners Inc. v. Fortunae*, No. 18-cv-02351-KLM, 2019 WL 3456932 (D. Colo. July 31, 2019). It is Defendants' burden to establish each element of the "stringent" collateral order doctrine. *Kell v. Benzon*, 925 F.3d 448, 452 (10th Cir. 2019) (*citing Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 997 (10th Cir. 1996) (stating that the collateral order doctrine "does not apply unless each of

the three requirements are met.")).  The Motion itself, however, does not attempt to do so and should be denied on that basis alone.

### i. Determination of the disputed question.

14. Because they do not engage with the elements of the collateral order doctrine, Defendants do not identify which question they assert was conclusively determined by the March 7 Order.  For purposes of the Motion and assuming the Court wishes to engage in its own analysis *sua sponte*, Plaintiffs posit that the March 7 Order addressed the question of whether the anti-SLAPP statute bars Plaintiff's claims in this action, and that the order conclusively determined that it does not.  As a result, Plaintiff believes the first element of the collateral order doctrine likely has been met.

### ii. Resolution of an important issue completely separate from the merits of the case.

15. The collateral order doctrine applies only when the order involves an important issue that is not intertwined with the merits.  *Kell*, 925 F.3d at 453 (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)).  The appellate court's jurisdiction over this matter fails under this second element, and the Motion should, therefore, be denied.

16. The Tenth Circuit's recent decision in *Los Lobos Renewable Power LLC v. Americulture*, 885 F.3d 659 (2018), is instructive.  In *Los Lobos*, the defendants filed a motion to dismiss the plaintiffs' complaint pursuant to New Mexico's anti-SLAPP statute.  In response, the defendants argued that the New Mexico anti-SLAPP statute did not apply in federal court, and the district court agreed.  *Id*. at 665.  In finding that the district

court's order met the second element of the collateral order doctrine, the Court expressly contrasted its finding with the facts presented here. In relevant part, the Court stated:

> It is one thing for a court to consider a New Mexico anti-SLAPP motion, apply the New Mexico anti-SLAPP statute, and deny the motion under the statute. *Cf., e.g., Schwern v. Plunkett*, 845 F.3d 1241, 1243-45 (9th Cir. 2017) (Oregon law); *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-81 (5th Cir. 2009) (Louisiana law). It is entirely a different matter for the court to refuse to apply the anti-SLAPP statute at all. In the first scenario, the court must determine whether the special motion to dismiss is frivolous or available on its own terms, as well as whether or not to grant it. *See* N.M. Stat. § 38-2-9.1A-B. **These determinations necessarily turn on the merits of the lawsuit.** *See Ernst v. Carrigan*, 814 F.3d 116, 118-19 (2d. Cir. 2016).

*Id*. (emphasis added).

17. The court then allowed an interlocutory appeal to proceed because the district court's order turned on the latter scenario described above, *not* the former, which the Tenth Circuit expressly held necessarily implicates the merits of the dispute.

18. Here, there can be no dispute that the March 7 Order considered Colorado's anti-SLAPP statute and denied Defendants' Motion under the statute. Indeed, the Court spent several pages considering the statute, (March 7 Order at pp. 5-11, 16-17), and then engaged in a lengthy fact intensive analysis addressing the merits of the case and applying the statute to those facts (March 7 Order at pp. 12-16, 17-25). That the Court engaged in a merits-based analysis is further supported by reference to the standards on which the Court based its ruling. As the Court expressly noted, "Because the Court finds Defendants' challenge is factual in nature, it holds that the Rule 56 standard and approach applies." March 7 Order at p. 16 (*citing Moreau v. United States Olympic & Paralympic Comm.*, -- F.Supp.3d --, 2022 WL 17081329, at \*7, 10-12). This factual inquiry, as opposed to a

5

legal inquiry conducted under the standards of F.R.C.P. 12, is necessarily merits based, as discussed in *Los Lobos*.

19.     Plaintiff is not aware of any subsequent Tenth Circuit case overturning the express finding in *Los Lobos*[1] that an order such as that at issue here necessarily turns on the merits of the lawsuit, thus disqualifying it from appellate consideration under the collateral order doctrine.  As noted above, Defendants did not petition for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  As a result, the only two avenues to interlocutory appellate review are thus foreclosed, and a stay of this proceeding is, therefore, unwarranted and unavailable to Defendants.

20.     Denial of the Motion is further supported by other important considerations.  As the Court explained in *Kell*, "the requirement of complete separation is designed to avoid piecemeal appellate review." *Kell*, 925 F.3d at 453 (*citing Van Cauwenberghe v. Baird*, 486 U.S. 517, 527 (1988)).  The requirement is intended to insulate against the risk that the Court could face multiple appeals with overlapping issues, including when the Court "could face the same issues after a final judgment (even if the interlocutory appeals individually involved different issues)." *Id*. at 454.  Here, that risk is clear.  For example, the March 7 Order made findings with respect to the actual malice standard, the sufficiency of Plaintiff's evidence for purposes of satisfying various elements of his different causes of action, and the admissibility of multiple sworn

---

[1] Plaintiff acknowledges potential contrary authority from the Ninth Circuit.  *See DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009 (9th Cir. 2013).  However, this ruling was not referenced by the 10th Circuit in *Los Lobos*.

declarations. All of these issues could conceivably be raised again in a subsequent appeal following final judgment in this matter.

### D. Unreviewability on appeal from a final judgment.

21. As discussed above, Defendants cannot satisfy all three elements of the collateral order doctrine. Their effort to stay this proceeding on the basis of an attempted interlocutory appeal for which the Tenth Circuit has no jurisdiction must necessarily fail, thus rendering consideration of the third element superfluous. In the interest of thoroughness, however, Plaintiff asserts that a final judgment in this case will be reviewable at that time.

### III. CONCLUSION

22. For all of the reasons stated herein, Plaintiff Eric Coomer, Ph.D. respectfully requests that the Court deny Defendants' Motion to Stay Proceedings Pending Appeal.

Respectfully submitted this 19th day of April 2022.

Respectfully submitted,

*/s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
David E. Jennings
djennings@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064
Salida, Colorado 81201
and

303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**