IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-3440-WJM-KLM

ERIC COOMER, Ph.D.,

      Plaintiff,

v.

MAKE YOUR LIFE EPIC LLC, d/b/a THRIVETIME SHOW, and
CLAYTON THOMAS CLARK,

      Defendants.

---

## REPLY TO RESPONSE (DOC. 63) TO MOTION
## TO STAY PROCEEDINGS PENDING APPEAL (DOC. 61)

---

Defendants Make Your Life Epic LLC, d/b/a Thrivetime Show, and Clayton Thomas Clark, by counsel, Thomas B. Quinn of Gordon Rees Scully Mansukhani LLP, submit the following reply to Plaintiff's Response (Doc. 63) to their motion to stay proceedings in this matter pending the outcome of their appeal (Doc. 61) pursuant to Fed.R.Civ.P. 62 and the Court's Order dated April 20, 2023 (Doc. 64):

1.     Plaintiff's Response (Doc. 63) does not address the grounds for staying proceedings that Defendants set forth in their motion to stay. First, Plaintiff does not rebut Defendants' argument that the Court lacks jurisdiction because a notice of appeal has been filed, which transfers jurisdiction to the court of appeals, thus divesting the district court of its control over those aspects of the case on appeal. *U.S. v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011); *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). Second, Plaintiff does not counter the argument that a stay is necessary

because Colorado's anti-SLAPP statute confers immunity from trial upon a defendant. *Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶¶ 21-23.  If a stay of district court proceedings is not granted, therefore, the statutorily protected immunity from trial is lost. *Stewart*, 915 F.2d at 578. *See Woodruff v. Covington*, 389 F.3d 1117, 1125 (10th Cir. 2004); *see also Batzel v. Smith*, 333 F.3d 1018, 1024-25 (9th Cir. 2003).

2.      As a consequence of Plaintiff's Response not addressing either of these issues, the Court should deem the motion to stay confessed. *See E&I Holdings Inc. v. Coral Springs Eggs & I, LLC*, No. 17-cv-02377-WJM-STV, 2018 WL 4680339, *5 (D. Colo. Sept. 28, 2021) ("Given Defendants' failure to respond to the argument altogether, however, the Court deems that portion of the motion confessed."); *McNees v. Ocwen Loan Servicing, LLC*, No. 16-CV-1055-WJM-KLM, 2020 WL 1511837, *15 (D. Colo. Mar. 30, 2020) ("given McNees's failure to respond to Defendants' argument that he lacks admissible evidence regarding other lawsuits, the Court deems McNees to concede Defendants' argument on that matter."), *aff'd,* 853 Fed. Appx. 211 (10th Cir. 2021); *Berry v. Beauvais*, No. 13-CV-2647-WJM-CBS, 2015 WL 5244892, *3 (D. Colo. Sept. 9, 2015) ("Given Berry's failure to respond to this argument, the Court deems it conceded ...."); *see also Guardian Title Agency, LLC v. Matrix Cap. Bank*, 141 F.Supp.2d 1277, 1283 n.2 (D. Colo. 2001) ("Plaintiff failed to respond to Defendant's justifiable reliance argument in its written response to the Motion to Dismiss; I treat this failure to respond as a confession to the Motion."); *Moreno v. U.S. Bank N.A.*, No. 17-CV-02850-CMA-MJW, 2018 WL 3820071, *2 (D. Colo. Aug. 10, 2018) ("a failure to respond to an argument is a confession"); *Rothe v. Sloan*, No. 14-CV-03175-CMA-KMT, 2015 WL

3457894, *2 (D. Colo. May 29, 2015) ("Although Plaintiffs' Response brief contains a thorough discussion of every other argument proffered by Defendant in its Motion to Dismiss, it does not address Defendant's argument that their claims are barred by the statute of limitations. On that basis alone, Defendant's motion has thus been confessed.").

3.      Instead of challenging Defendants' grounds for a stay of proceedings, Plaintiff challenges the jurisdiction of the Tenth Circuit Court of Appeals to hear Defendants' appeal. However, it is axiomatic that only the appellate court can determine whether it has jurisdiction over an appeal. *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 896 (10th Cir. 2017).   A district court has no power, authority, or jurisdiction to do so. More to the point, a district court does not have the authority or jurisdiction to dismiss a notice of appeal. *Patel v. Wooten*, 264 Fed. Appx. 755, 758 (10th Cir. 2008); *see also Sperow v. Melvin,* 153 F.3d 780, 781 (7th Cir. 1998) ("A district court cannot dismiss an appeal."); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) ("the decision to dismiss a notice of appeal rests with this court, not the district court."); *Camby v. Davis*, 718 F.2d 198, 200 n.2 (4th Cir. 1983) (district court was without jurisdiction to dismiss notice of appeal).

4.      Plaintiff's arguments concerning the appealability of the Court's March 7, 2023 Order denying Defendants' special motion to dismiss under Colo. Rev. Stat. § 13-20-1101(3)(a) are therefore addressed to the wrong court (Defendants do not respond to these arguments since they may not be determined by this Court).   Only the Tenth Circuit Court of Appeals can determine whether it has jurisdiction over Defendants'

appeal of the March 7, 2023 Order, and only the Tenth Circuit can dismiss the appeal for lack of jurisdiction. *Patel*, 264 Fed. Appx. at 758.

5.      This Court was divested of jurisdiction by Defendants' appeal of its March 7, 2023 Order and a stay of proceedings is necessary to preserve Defendants' immunity from trial under Colorado's anti-SLAPP statute.  Plaintiff failed to present any valid basis for this Court to deny the requested stay of proceedings. Accordingly, the Court should grant the requested stay. *See Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, No. 09-CV-00858-WJM-MEH, 2011 WL 1882829, *4 (D. Colo. May 17, 2011).

Respectfully submitted this 21st day of April, 2023,

*/s/Thomas B. Quinn*
Thomas B. Quinn
Melissa A. Wiese
Gordon Rees Scully Mansukhani LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160
tquinn@grsm.com
mwiese@grsm.com

Attorneys for Defendants
Make Your Life Epic LLC, d/b/a Thrivetime
Show, and Clayton Thomas Clark

- 5 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of April, 2023, a copy of the foregoing **REPLY TO RESPONSE (DOC. 63) TO MOTION TO STAY PROCEEDINGS PENDING APPEAL (DOC. 61)** was electronically filed with the Clerk of the United States District Court which will send notification to all counsel of record.

*/s/ Karla M. Freeman*
Karla M. Freeman