**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-3440-WJM-KLM

ERIC COOMER, Ph.D.,

      Plaintiff,

v.

MAKE YOUR LIFE EPIC LLC, d/b/a THRIVETIME SHOW, and
CLAYTON THOMAS CLARK,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO
STAY PROCEEDINGS PENDING APPEAL**

---

Plaintiff Eric Coomer, Ph.D. ("Plaintiff"), sues Defendants Make Your Life Epic,

doing business as ThriveTime Show, and Clayton Thomas Clark (together,

"Defendants") for defamation, intentional infliction of emotional distress, and civil

conspiracy, in connection with their statements about him following the 2020

presidential election. (ECF No. 1). Now before the Court is Defendants' Motion to Stay

Proceedings Pending Appeal (ECF No. 61) ("Motion") of the Court's Order discussed

below. Plaintiff opposes the stay, and the Motion is fully briefed. (*See* ECF Nos. 63,

65.)

For the reasons stated below, the Motion is denied.

**I. PROCEDURAL BACKGROUND**

Plaintiff filed this lawsuit on December 22, 2021, asserting injuries stemming from

alleged conspiracy theories accusing him of election fraud and treason spread by many

conservative political commentators, including Defendants, following the 2020 presidential election.  (*See generally* ECF Nos. 1, 45.)  On March 23, 2022, Defendants filed their Special Motion to Dismiss Pursuant to Colorado Revised Statutes § 13-20-1101 (ECF No. 24) ("Special Motion"), seeking dismissal under Colorado's anti-SLAPP law.[1]  On April 21, 2022, after repeated requests to delay discovery deadlines until after a ruling on the Special Motion, United States Magistrate Judge Kristen L. Mix construed the parties' joint requests as a motion for a stay.  (ECF No. 34.)  Judge Mix granted the construed joint motion and stayed discovery pending resolution of the Special Motion. (*Id.*)

On March 7, 2023, the undersigned denied the Special Motion and denied in part and granted in part Defendants' related Amended Objection to and Motion to Strike Declarations of Eric Coomer, J. Alex Halderman, Mike Rothschild, Heidi Beedle, and Doug Bania (ECF No. 45) ("March 7 Order").  On April 6, 2023, Defendants filed their Notice of Appeal of the March 7 Order (ECF No. 56).

## II. ANALYSIS

Defendants present two arguments in support of the Motion: (1) the Notice of Appeal deprived this Court of jurisdiction and transferred jurisdiction to the Tenth Circuit; and (2) it is in the interest of justice to stay discovery pending a decision from the Tenth Circuit on the appeal.  (ECF No. 61 at 1–2.)  Though Defendants present these as separate arguments, as the Court explains below, they are really one and the same.

Defendants argue that because their interlocutory appeal "impacts the entire proceeding and cannot be isolated, [this Court] is divested of jurisdiction to proceed with

---

[1] "SLAPP" is an acronym for strategic lawsuits against public participation.

any part of the action." (*Id.* at 2.)  In support, they quote extensively from *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), which held a notice of appeal of an interlocutory order denying summary judgment based on an assertion of qualified immunity deprived the district court of jurisdiction.  *Id.* at 574–76.  They argue that "when the central issue in an interlocutory appeal is the defendant's asserted right not to have to proceed to trial, '[t]he interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place.'"  (ECF No. 61 at 3 (quoting *Stewart*, 915 F.2d at 576).)  Therefore, "[i]f a stay of district court proceedings is not granted, that immunity from trial is lost."  (*Id.* (citing *Stewart*, 915 F.2d at 578).)

The only support Defendants provide for their argument that the interest of justice favors a stay pending appeal even if this Court retains jurisdiction is a citation to footnote 2 in *Colorado v. Idarado Mining Co.*, 916 F.2d 1486 (10th Circuit 1990).  (ECF No. 61 at 6.)  That footnote provided:

> In interlocutory appeals under 28 U.S.C. § 1292(b) and Fed. R. Civ. P. 54(b), the district court retains jurisdiction to act on matters not involved in the appeal. 9 J. Moore, B. Ward & B. Lucas, Moore's Federal Practice ¶ 203.11 (2d ed. 1990); *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir.1987). However, the district court is generally without jurisdiction to proceed when an interlocutory appeal is from the rejection of a double jeopardy defense or the denial of absolute or qualified immunity. *Stewart v. Donges*, 915 F.2d 572, 576–577 (10th Cir.1990).

916 F.2d 1486, 1490 n.2.  Nothing in this footnote, however, speaks to the propriety of staying an action over which the district court retains jurisdiction.  If anything, this citation reveals that Defendants' interest-of-justice argument is merely a rehash of their jurisdictional argument.

Plaintiff argues the March 7 Order was not immediately appealable, and

therefore, Defendants' Notice of Appeal does not deprive this Court of jurisdiction. (ECF No. 63 at 2–3.)  He also argues the March 7 Order does not fall within any of the categories listed in 28 U.S.C. § 1292(a), and Defendants did not comply with the interlocutory appeal application process described in § 1292(b).  *See* 28 U.S.C. § 1292. For these reasons, Plaintiff argues the only basis on which Defendants can assert they are entitled to an interlocutory appeal of the March 7 Order is the collateral order doctrine first announced in *Cohen v. Beneficial Loan Corporation*, 337 U.S. 541 (1949). (ECF No. 63 at 3.)  On this question, Plaintiff contends the March 7 Order does not satisfy the three *Cohen* criteria, and therefore is not subject to an interlocutory appeal. (*Id.* at 3–7.)

In their reply, Defendants argue Plaintiff failed to respond to their jurisdictional argument and has, therefore, conceded the argument and confessed the Motion.  (ECF No. 65 at 1–3.)  Further, they argue Plaintiff's arguments are directed to the wrong court—because this Court cannot determine the appellate jurisdiction of the Tenth Circuit, it has no business considering Plaintiff's analysis of the collateral order doctrine. (*Id.* at 3–4.)

## A.    Jurisdictional Effect of Notices of Appeal in General

The Court's analysis

> begins with the axiomatic premise that "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

*Stewart*, 915 F.2d at 574.  "The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one . . .

4

[because] [u]nlike an appeal from a final judgment, an interlocutory appeal disrupts ongoing proceedings in the district court." *Id.* at 575.

In certain contexts, the Tenth Circuit has held the filing of a notice of appeal to an interlocutory order "divests the district court of jurisdiction to proceed with any part of the action against the appealing defendant." *Id.* at 576. In such circumstances, "it is the filing of the notice of interlocutory appeal itself that operates to divest the district court of jurisdiction," and "'in the absence of a *finding* that the motion is frivolous, the trial court *must* suspend its proceedings once a notice of appeal is filed.'" *Id.* at 578 n.6 (quoting *United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982)) (emphasis added in *Stewart*).

In *Stewart*, the Tenth Circuit held interlocutory appeals from an order denying summary judgment based on an assertion of qualified immunity is such a circumstance. *Id.* at 579 ("In conclusion, we hold that because the district court made no certification that the defendant's appeal from the denial of summary judgment based on qualified immunity was frivolous or forfeited, the district court was automatically divested of jurisdiction.") Though the limited nature of *Stewart* is apparent from the Tenth Circuit's own articulation of its holding, further explanation of its reasoning makes clear Defendants attempt to stretch *Stewart* beyond what the court's holding in that case can reasonably bear.

After acknowledging the "axiomatic premise" referenced above, the *Stewart* court quickly turned to the "category of order" issue presented by the case before it. *Id.* at 574–575; *see also Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664 (10th Cir. 2018) ("Importantly, we "'decide appealability for categories of

orders rather than individual orders.'") (quoting *Johnson v. Jones* 515 U.S. 304 315 (1995) (Tymkovich, C.J., separate order on the issue of appellate jurisdiction).  *Stewart* explained that in *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), "the Supreme Court relied on *Abney* [*v. United States*, 431 U.S. 651 (1977)] and held that the denial of a defendant's motion for summary judgment based on qualified immunity was also a collateral order for which interlocutory appeal was available."  915 F.2d at 574–75.  In so holding, the Supreme Court applied *Cohen*.  *Mitchell*, 472 U.S. at 524–530; *Stewart*, 915 F.2d at 575 ("Because an appeal from the denial of a motion for summary judgment based on qualified immunity satisfied all of the criteria of *Cohen* and *Abney*, the Court held that such appeals were from collateral orders and could be taken under 28 U.S.C. § 1291.").

Only because "the defendant's notice of interlocutory appeal . . . was timely filed and clearly proper under *Mitchell*," did the Tenth Circuit conclude it had to "establish . . . the jurisdictional effect" of filing a notice of appeal.  *Stewart*, 915 F.2d at 575.  The Tenth Circuit observed that "[w]hen the interlocutory appeal is from the denial of a motion to dismiss an indictment based on double jeopardy or from the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial."  *Id.* at 575–76.  Because an interlocutory appeal divests the district court of jurisdiction over all matters involved in the appeal, "in such cases the divestiture of jurisdiction . . . is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have defend the prosecution or action at trial."  *Id.* at 576.  Therefore, the Tenth Circuit held "an interlocutory appeal from an order refusing

to dismiss on double jeopardy or qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant." *Id.*

The Tenth Circuit's analysis makes clear that a notice of interlocutory appeal divests the district court of jurisdiction over an entire action *only* when three criteria have been met: (1) the notice is timely filed; (2) the interlocutory appeal is proper; and (3) the appeal is of an issue that relates to the entire action. Despite Defendants' assertion that Plaintiff's response fails to contend with its jurisdictional argument, the response squarely addresses the second criterion. Therefore, the Court rejects Defendants' argument that the Motion is confessed. (*See* ECF No. 63 at 1–3.)

**B.  Jurisdictional Effect of Defendants' Notice of Appeal**

1.  The Nature of This Order

Before considering the merits of Plaintiff's *Cohen* argument, the Court clarifies the task it is undertaking. The Court cannot determine the appellate jurisdiction of the Tenth Circuit; however, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Defendants seek a stay based on the assertion that their Notice of Appeal divests the Court of jurisdiction, but in order to determine *its own jurisdiction* under *Stewart*, the Court must consider the legal appropriateness of an interlocutory appeal of the March 7 Order. *See supra*, Part II.A.

For some categories of orders—such as an order refusing to dismiss on double jeopardy or denying summary judgment based on qualified immunity—the Court would (and must) grant a stay. *See Stewart*, 915 F.2d at 576; *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). That is because "[t]he interruption of the trial proceedings is

the central reason and justification for *authorizing* such an interlocutory appeal in the first place." *Stewart*, 915 F.2d at 576 (emphasis added).  But unlike *Stewart*, which explicitly relied on *Mitchell*'s authorization of an interlocutory appeal in holding the notice of appeal had jurisdictional significance, Defendants cite to no Tenth Circuit or Supreme Court decision authorizing interlocutory appeal of the denial of their Special Motion to dismiss this action under Colorado's anti-SLAPP law.  *See id.* at 575.

It bears emphasizing in this context that the collateral order doctrine is an *exception* to the background rule that "courts of appeals have no jurisdiction to review orders of the district court until there is a 'final decision' from the district court under 28 U.S.C. § 1291."  *Id.* at 574.  Defendants suggest that because the Court cannot dismiss or strike their Notice of Appeal that it *must* operate to divest the Court of jurisdiction. (ECF No. 65 at 3.)  However, one of the cases they cite for this suggestion directly contradicts their position.  In *Patel v. Wooten*, it was "unnecessary and, indeed, inappropriate . . . for the district court to strike Patel's notice of appeal.  Once the district court ruled on the post-judgment motions, the premature notice of appeal ripened to allow appeal from the district court's judgment."  264 F. App'x 755, 757–58 (10th Cir. 2008).  Despite the notice of appeal in *Patel*, the district court retained jurisdiction— otherwise, it could not have ruled on the post-judgment rulings.

2.  <u>Collateral Order Doctrine</u>

The collateral order doctrine "accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'"  *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)).  "A party asserting jurisdiction under the collateral order doctrine must show that the district court's order: (1)

'conclusively determine[d] the disputed question,' (2) 'resolve[d] an important issue completely separate from the merits of the action,' and (3) is 'effectively unreviewable on appeal from a final judgment.'"  *Los Lobos*, 885 F.3d at 664 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

Plaintiff's entire jurisdictional argument is based on the second criterion.[2]  Plaintiff argues the "Tenth Circuit's recent decision in *Los Lobos Renewable Power LLC v. Americulture*, 885 F.3d 659 (2018), is instructive . . . [because] the Court expressly contrasted its [holding that the district court's order was immediately appealable] with the facts presented here."  (ECF No. 63 at 5.)  The Court agrees.

In *Los Lobos*, the district court denied the defendants' special motion to dismiss because "New Mexico's Anti-SLAPP statute is a procedural provision that does not apply in the courts of the United States."  885 F.3d at 662.  Though the district court amended its order to certify its decision for immediate appeal pursuant to 28 U.S.C. § 1292(b), the defendants failed to timely petition the Tenth Circuit for permission to appeal as required by § 1292(b).  *Id.*  This left 28 U.S.C. § 1291, broadly construed under the collateral order doctrine, as the sole potential source of appellate jurisdiction.  *Id.* at 663–64 (Tymkovich, C.J., separate order on the issue of appellate jurisdiction).  Two members of the panel concluded jurisdiction existed under the collateral order

---

[2] To his credit, Plaintiff concedes "the first element of the collateral order doctrine likely has been met."  (ECF No. 63 at 4.)  After discussing the second criterion in detail, Plaintiff asserts Defendants "effort to stay this proceeding on the basis of an attempted interlocutory appeal for which the Tenth Circuit has no jurisdiction must necessarily fail, thus rendering consideration of the third element superfluous."  (*Id.* at 7.)  In his final sentence on the matter, Plaintiff merely asserts in conclusory fashion that "a final judgment in this case will be reviewable at that time."  (*Id.*)  The Court has reservations about the correctness of this assertion, *see Los Lobos*, 885 F.3d at 666–69, and in any event, Plaintiff has waived any argument with respect to the third criterion.  *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully developed by any analysis or citation is deemed waived).

doctrine.  *Id.* 668.

With respect to the second criterion, the plaintiffs "claim[ed] the district court's application of the anti-SLAPP statute necessarily required considering and evaluating the merits of th[e] action."  *Id.* at 665.  The court disagreed, reasoning:

> It is one thing for a court to consider a New Mexico anti-SLAPP motion, apply the New Mexico anti-SLAPP statute, and deny the motion under the statute.  *Cf., e.g., Schwern v. Plunkett*, 845 F.3d 1241, 1243–45 (9th Cir. 2017) (Oregon law); *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 170–81 (5th Cir. 2009) (Louisiana law).  It is an entirely different matter for the court to refuse to apply the anti-SLAPP statute at all.  In the first scenario, the court must determine whether the special motion to dismiss is frivolous or available on its own terms, as well as whether or not to grant it.  *See* N.M. Stat. § 38-2-9.1A-B.  These determinations necessarily turn on the merits of the lawsuit. *See Ernst v. Carrigan*, 814 F.3d 116, 118–19 (2d Cir. 2016).
>
> But the latter scenario presents a more abstract question of federal law that has nothing to do with the particular facts in this case.  Indeed, whether federal courts can apply the New Mexico anti-SLAPP statute depends on considerations entirely external to the dispute between Plaintiffs and Defendants.  Several other circuits have already recognized this crucial distinction.  *See Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) ("[T]he district court's order regarding the applicability of [Georgia's anti-SLAPP statute] in federal court meets the second *Cohen* prong because it is entirely separate from the merits of the case."); *Godin v. Schencks*, 629 F.3d 79, 84 (1st Cir. 2010) ("[T]he issue of whether a defendant can utilize [Maine's anti-SLAPP statute] in federal court is distinct from the merits of [the] action.*"); cf. Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 149 (2d Cir. 2013) (explaining that a ruling denying a motion for being "predicated on a source of law that did not apply to the suit" was "completely separate from the merits").

*Id.* (alterations in original).

Plaintiff argues convincingly, however, that the March 7 Order is precisely the kind of order considering a state anti-SLAPP statute, applying the statute in federal

court, and denying a motion under the statute's own terms that *Los Lobos* suggests would *not* satisfy the second *Cohen* criterion.  (ECF No. 63 at 5–6.)  While the Tenth Circuit's reasoning with regard its hypothetical "first scenario" is *dicta* because the district court did not apply New Mexico's anti-SLAPP statute under *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), this reasoning strongly supports the Court's conclusion that its March 7 Order, as a "first scenario" order, does not in fact satisfy the second *Stewart* criterion.

For these reasons, the Court concludes—until the Tenth Circuit holds otherwise—that the March 7 Order is not among the "small class" of orders for which interlocutory review is authorized.

## III. CONCLUSION

Accordingly, for the reasons stated, Defendants' Motion to Stay Proceedings Pending Appeal (ECF No. 61) is DENIED.  Judge Mix is requested to re-set the Scheduling Conference in this case as soon as her docket permits.

Dated this 1st day of May, 2023.

BY THE COURT:

William J. Martinez
Senior United States District Judge

11