*Thursday at 10:00*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03440-WJM-KLM

ERIC COOMER, Ph.D.,
    Plaintiff,

v.

*See Pre Scheduling Conf.*
*Order at #31*

MAKE YOUR LIFE EPIC, LLC, d/b/a THRIVETIME SHOW, and
CLAYTON THOMAS CLARK, Individually,

    Defendants.

---

## ~~PROPOSED~~ SCHEDULING ORDER

---

## 1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference ~~is scheduled for~~ *was held on* May ~~15~~ *17*, 2023 at ~~9:30~~ *10:00* a.m. (mdt)[1] in Courtroom A-401 of the Alfred A. Arraj United States Courthouse before the Honorable Judge Mix.

Counsel in attendance for Plaintiff Eric Coomer, Ph.D. (Plaintiff):

Charles J. Cain
ccain@cstrial.com
Bradley A. Kloewer
bkloewer@cstrial.com
David E. Jennings
djennings@cstrial.com

---

[1] Due to counsel's scheduling conflict, Defendants filed an unopposed motion to vacate and reset the current Scheduling Conference. [Doc. 70].

Cain & Skarnulis PLLC
P. O. Box 1064
Salida, Colorado 81202
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011
512-477-5011—Facsimile

Counsel in attendance for Defendants Make Your Life Epic, LLC d/b/a Thrivetime Show

and Clayton Thomas Clark, individually (collectively, Defendants):

Thomas B. Quinn
tquinn@grsm.com
Melissa A. Wiese
mwiese@grsm.com
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
303-534-5160

## 2.    STATEMENT OF JURISDICTION

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See* Dkt. 21.

## 3.    STATEMENT OF CLAIMS AND DEFENSES

### a.    Plaintiff

This is a defamation case.  Defendants supported, published, and republished defamatory statements that the 2020 Presidential election was systemically rigged by Dominion Voting Systems and by its principal employee, Plaintiff Eric Coomer, Ph.D.   Until the defamatory statements began, Plaintiff was a private innocuous election worker.  Defendants' conduct in this case is inexorably intertwined with Joe Oltmann (Oltmann), who is a Colorado-based election denier who made up a false story that Plaintiff boasted on an "antifa call" that he rigged the election.  This story is demonstrably false but was used to support a broader narrative of election fraud that has been spread by the likes of former President Trump, Rudy Giuliani, Sidney Powell,

John Eastman, Tina Peters, Mike Lindell, Michael Flynn (a featured speaker on Defendants' ReAwaken America tour) and numerous other conspiracy theorists. Defendants did not concern themselves with the truth of the alleged "fraud" by Plaintiff and knowingly gave people like Oltmann a platform to spread disinformation. Defendants defamed Plaintiff as part of their overall campaign to discredit the validity of the 2020 Presidential election for their own financial and political gain.

b.      **Defendants**

Defendant Clayton Clark is a renowned business coach, successful entrepreneur, author of numerous "how to" books on business growth and success, and founder of the Thrivetime Show Business Coach Program (the "Thrivetime Show"). Mr. Clayton has been featured in Forbes Magazine, Yahoo Finance and Bloomberg Media. The principal business of the Thrivetime Show is business coaching, mentoring and training of entrepreneurs, designed to grow their businesses. In addition to one-on-one coaching and other methods of business consulting, the Thrivetime Show holds 2-day business conferences, which offer practical and specific training on business growth. The conferences are taught by highly successful entrepreneurs, executives and expert in various facets of business systems. Ancillary to its entrepreneurial coaching services, the Thrivetime Show also provides entertainment through its business podcast, whose intrepid tagline is "Business School without the BS". The podcast is geared toward entrepreneurs and focuses on business growth. Current events are also discussed on the podcast. Among the podcast's list of featured guests are successful entrepreneurs, best-selling authors, motivational speakers, professional athletes and high-level executives. Clayton Clark's highly energetic and fun-inspired hosting style adds entertainment value to the podcast.

3

The Plaintiff alleges Joe Oltmann appeared on the Thrivetime Show podcast and made defamatory statements about the Plaintiff and his alleged involvement in the Dominion Voting System for the 2020 Presidential Election during the broadcasts.  Plaintiff asserts claims for defamation, intentional infliction of emotional distress, and civil conspiracy against Clayton Clark and Make Your Life Epic, d/b/a The Thrivetime Show.

The alleged defamatory statements were all related to the 2020 presidential election; thus, they are of public concern, as determined by this Court in its order dated March 7, 2023.  [Dkt. 45, p. 10]  In order to prevail on his claims against the Defendants, therefore, the Plaintiff must prove the Defendants acted with actual malice in publishing the statements, which he will not be able to do.  Further, the Plaintiff's claims against the Defendants are barred and unenforceable for the following reasons: Plaintiff's failure to state a claim upon which relief can be granted; the Defendants' protection under the First Amendment to the United States Constitution and Art. II, § of the Colorado Constitution; the Defendants' constitutional and common-law rights to fair comment; the Defendants' privilege for the reporting of matters occurring in the course of a judicial proceeding; absence of malice by the Defendants; substantial truth of the statements; the incremental harm doctrine; mitigating circumstances; the Defendants' assertion in good faith of legally protected interests by appropriate means and in a permissible manner; Plaintiff's failure to mitigate damages; the Defendants' constitutional protection for statements related to a public concern; Plaintiff's lack of standing; Plaintiff's frivolous and groundless litigation; the Defendants' privilege to report the commission of a crime; the Defendants' qualified privilege to make statements to those with a common interest in the subject matter; and, broadcaster's immunity pursuant to C.R.S. § 13-21-106.  In addition, Plaintiff has alleged numerous other

parties published defamatory statements similar to those alleged herein such that Plaintiff cannot prove, by clear and convincing evidence, that the Defendants' alleged defamatory publications caused his claimed damages.

### c.     Other Parties

Although not parties to this action, Plaintiff has alleged more than 50 other individuals and entities have published defamatory statements about the Plaintiff's alleged involvement in the Dominion Voting System for the 2020 Presidential Election and seeks the same damages from those individuals and entities as those sought against the Defendants herein.

## 4.     UNDISPUTED FACTS

The following facts are undisputed:

1.     Joe Oltmann was a guest on the Thrivetime Show podcast on December 22, 2020.

2.     Joe Oltmann was one of numerous guest speakers at the ReAwaken America Tour.

## 5.     COMPUTATION OF DAMAGES

### a.     Plaintiff

Plaintiff seeks economic and non-economic damages.

Economic damages are ongoing. Currently, Plaintiff is earning approximately $100,000.00 per year less than when he was in Director of Product Strategy and Security at Dominion. Because of Defendants' conduct, Plaintiff can longer work in his chosen profession. Plaintiff will provide the Court and jury will a calculation of all lost earnings and job benefits through expert testimony at the time of trial.

*On or before June 1, 2023, π shall file a supplement which estimated lost back pay and explains how the estimate was calculated.*

Plaintiff seeks non-economic damages at the maximum amount allowed by law.  Plaintiff has previously described his non-economic damages in his Complaint and in his response to the Court's order to show cause.  Those damages are unliquidated and significant.

Plaintiff further seeks punitive damages at the maximum amount allowed by law.

**b.      Defendants**

The Defendants deny Plaintiff is entitled to any damages or other relief.  The Defendants reserve their right to request attorney's fees and costs as permitted by law.

## 6.      REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.      Date of Rule 26(f) meeting.**

Counsel for Plaintiff and Defendants telephonically conferred on **March 28, 2023**.

**b.      Names of each participant and party he/she represented.**

Plaintiff was represented by Bradley A. Kloewer.

Defendants were represented by Melissa A. Wiese.

**c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties have agreed to exchange initial disclosures on **May 24, 2023**.

**d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties do not propose any changes to the timing and disclosure requirements of Fed. R. Civ. P. 26(a)(1) at this time.

**e.      Statement concerning any agreements to conduct informal discovery.**

The Parties agree that informal discovery is not appropriate at this time.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties agree to be as efficient and cooperative as possible to streamline the discovery process.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties are preserving ESI, but neither anticipates extensive discovery of ESI to be necessary.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties agree that it is premature to discuss settlement at this time; however, the Parties agree to broach the issue of early settlement of these claims at the appropriate time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge. On March 9, 2022, this case was reassigned to Judge William J. Martinez and drawn to Magistrate Judge Kristen L. Mix. *See* Dkt. No. 15.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

At this stage of the litigation, the Parties believe the presumptive numbers of depositions and interrogatories contained in the Federal Rules will be sufficient, but the Parties reserve the right to ask for additional depositions and/or interrogatories at a later date.

*10 depos per side*
*25 rogs per side*

**b.      Limitations which any party proposes on the length of depositions.**

At this stage of the litigation, the Parties are not requesting any changes to the default length

of depositions in general.  Defendants object to Plaintiff deposing Defendant Clayton Clark for

seven hours in his individual capacity, on top of seven hours in his capacity as a F.R.C.P. 30(b)(6)

witness, in the likely event Mr. Clark is the appropriate Rule 30(b)(6) witness for Thrivetime.

Thus, they propose a combined limitation of ten hours for the deposition of Clayton Clark

individually and Clayton Clark as Rule 30(b)(6) witness of Defendant Thrivetime.

**c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.** *[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

At this stage of the litigation, the Parties believe the presumptive numbers of requests for

production and admission contained in the Federal Rules will be sufficient, but the Parties reserve

the right to ask for additional requests for production and/or admission at a later date.

**d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

The Parties suggest that all discovery requests shall be served no later than 45 days before

the discovery cutoff.

**e.      Other Planning or Discovery Orders.**

At this time, the Parties do not foresee the need for any additional orders.

**9.      CASE PLAN AND SCHEDULE**

The Parties suggest a schedule with deadlines anchored to key rulings in the case as follows:

1.      Motions for Summary Judgment and Motions to Strike Experts shall be due or by

**May 22, 2024**

2. ~~Trial may be scheduled 90 days after the Court's ruling on motions for summary judgment and/or to strike experts, if claims remain at that time.~~

~~The remaining deadlines below and discovery deadlines above are generally triggered by these events.~~

a.      **Deadline for Joinder of Parties and Amendment of Pleadings**    *Sept 1, 2023*

The Parties do not agree to the default **45 days** after the scheduling conference for these deadlines (**May 26, 2023**).  The Parties propose a deadline of **September 1, 2023** to allow for discovery.

b.      **Discovery Cut-off**    *April 22, 2024*

The Parties agree that discovery should be complete **30 days** before motions for summary judgment and to strike expert testimony are due (**April 22, 2024**).

c.      **Dispositive Motion Deadline**    *May 22, 2024*

As discussed above, the Parties agree that dispositive motions should be due by **May 22, 2024**.

d.      **Expert Witness Disclosure**

~~The Parties believe it is premature to address the number and fields of expert testimony that may be necessary.~~

~~To the extent necessary, Plaintiff shall designate substantive experts 90 days before the deadline for dispositive motions (February 21, 2024), and Defendants shall designate substantive experts 30 days after the Plaintiff's disclosure of experts (March 22, 2024).~~

*See next page*

9

1.     The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff:**

- Economics expert to opine on Plaintiff's economic losses;

- Election technology expert to opine on plausibility of Defendants' claims;

- Conspiracy theory expert to opine on role of QAnon conspiracy theory in this dispute; and

    *caution*

- Any witnesses necessary for rebuttal.

**Defendants** anticipate retaining experts in the following fields of expertise:

- Economics to opine on Plaintiff's claimed economic losses;

- Medical professional to opine on Plaintiff's claimed emotional distress damages;

- Persons familiar with on air entertainment and news reporting to opine on the appropriate standards of care/conduct; and

- Any witnesses necessary for rebuttal.

2.     Limitations which the parties propose on the use or number of expert witnesses. ~~None.~~ *4 retained experts per side, absent further leave of court.*

3.     ~~The parties~~ shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 21, 2024**.

4.     ~~The parties~~ shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 22, 2024**.

**e.     Identification of Persons to Be Deposed**

**Plaintiff's Position**

At a minimum, Plaintiff and Defendants (individually and as a corporate representative for Defendant ThriveTime) will be deposed, as well as Oltmann.  At this time, Plaintiff further

anticipates he will seek deposition testimony from the following witnesses: Vanessa Clark, the individual(s) who provided Oltmann with access to Plaintiff's Facebook account and the alleged "antifa call," Mike Flynn, Gregory Pappas, "Joey" Camp, Aaron Antis, individuals identified by Defendants as having knowledge of any investigation performed prior to their alleged defamatory publications concerning Plaintiff.

**Defendants' Position**

In addition to the fact witnesses listed by Plaintiff, Defendants anticipate deposing Plaintiff's employer at the time of the 2020 election (Dominion Voting), representatives of Plaintiff's employer(s) since the 2020 election, and person(s) familiar with Plaintiff's expression of his political beliefs before and after the 2020 election cycle, among other categories of witnesses identified during discovery.

## 10.    DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times:

_____ *As needed.* _____.

b.    A final pretrial conference will be held in this case on *a date TBA in the* _____ at *future.* _____.m. (mdt).  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **7 days** before the final pretrial conference.

## 11.    OTHER SCHEDULING MATTERS

a.    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The Parties did not identify any discovery or scheduling issues at this time.

b.    **Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a two-week jury trial.

11

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

The Parties do not believe that pretrial proceedings at any of these courthouses would be more efficient or economical than proceedings in the Alfred A. Arraj United States Courthouse.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon showing of good cause.

DATED at Denver, Colorado, this *18th* day of ___*May*_____ 2023.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

APPROVED:

      /s/ Bradley A. Kloewer
Charles J. Cain
ccain@cstrial.com
Bradley A. Kloewer
bkloewer@cstrial.com
David E. Jennings
djennings@cstrial.com
Cain & Skarnulis PLLC
P. O. Box 1064
Salida, Colorado 81202
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011
512-477-5011—Facsimile
*Attorneys for Plaintiff*

/s/ Melissa A. Wiese
Thomas B. Quinn
tquinn@grsm.com
Melissa A. Wiese
mwiese@grsm.com
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
303-534-5160
*Attorneys for Defendants*