Civil Action No. 1:21-cv-3440-WJM-KLM

ERIC COOMER, Ph.D.,
*Plaintiff*

v.

MAKE YOUR LIFE EPIC, LLC, dba THRIVETIME SHOW and
CLAYTON THOMAS CLARK, individually,
*Defendants*

---

## OBJECTION TO SUBPOENA AND MOTION FOR PROTECTIVE ORDER BY JOSEPH OLTMANN

---

COMES NOW the Joseph Oltmann, by and through his attorneys, Harris, Karstaedt, Jamison & Powers, P.C., and files his Objection to Subpoena pursuant to Rule 45 (d) F.R.C.P. and a Motion for Protective Order requesting an Order from the Court to quash the Subpoena to testify and to produce documents which was served Plaintiff Coomer, as follows:

### CERTIFICATION OF CONFERRAL

Undersigned counsel has conferred with counsel for Coomer about the subject of the Subpoena to Testify at a Deposition in a Civil Action and Produce Documents ["the Subpoena"] that was served upon Joseph Oltmann and seeking a protective order to quash the Subpoena for deposition testimony and production of documents. Counsel for Coomer is willing to change the date for the deposition from the March 6, 2024 date,

which has yet to be coordinated with all counsel, as to what date will be chosen.

Otherwise, Coomer's counsel opposes the relief sought by this Motion.

## BACKGROUND

On February 1, 2024, in this case Joseph Oltmann was served with a Subpoena to Testify at a Deposition in a Civil Action and Produce Documents [hereafter, "the Subpoena"]. *See* Exhibit A.

Joseph Oltmann is not a party in this case, currently before the Court.

Charles Cain, Esq. represents Plaintiff Eric Coomer in this case, and represents Eric Coomer in two other cases known to be currently pending – one in Denver District Court, State of Colorado called, *Eric Coomer, Ph.D., v. Donald J. Trump for President, Inc., et al., 2020CV34319* [hereafter, "Denver Dist. Court case" or "DDC case"); and another known as *Coomer v. Michael Lindell, Frankspeech LLC and My Pillow*, U.S. District Court (Dist. Colo.) 1:22-CV-01129-NYW-SKC [hereafter, "Lindell case"].  Joseph Ottman is a defendant in the DDC case.

## A.     Counsel for Coomer, Charles Cain and Brad Kloewer have Already Deposed Joseph Oltmann

On September 8, 2021, Charles Cain, Esq. took the deposition of Joseph Oltmann in the DDC case.  When Charles Cain, Esq. deposed Joseph Oltmann on September 8, 2021, his line of questioning involved these subjects:  1) the conference call that has come to be referred to as "the  Antifa conference call", 2)  Dominion Voting Systems, 3) "Eric from Dominion," 4) Eric Coomer, 5) Eric Coomer's Facebook profile, and 6) FEC United. *See* Deposition Transcript of Joseph Oltman, September 8, 2021, p. 10-152, (in DDC case *Coomer v. Donald J. Trump for President, Inc., et al. 2020CV34319*).  These are the same topics that form the basis of Eric Coomer's

Complaint against the defendants in this case before this Court. *See* Complaint, ¶¶ 2, 3,17, 18, 19, 28, 29, 30, 32, 35, 37, 40, 41, 43, 45.  That deposition occupied 4 hours and 7 minutes from 10:04 a.m. to 2:11 p.m.[1]

In addition to the September 8, 2021 deposition of Oltmann in the DDC case, Mr. Oltmann was also deposed again by Plaintiff Coomer's attorneys (Mr. Brad Kloewer) on December 16, 2022 in another lawsuit filed by Eric Coomer -- *Coomer v. Michael Lindell, Frankspeech LLC and My Pillow*, U.S. District Court, Dist. Colo.,1:22-CV-01129-NYW-SKC [hereafter, "Lindell case"].  That deposition lasted 8  hours, from 9:00 a.m. to 5:02 p.m.

If Plaintiff Coomer's attorneys, Charles Cain and Brad Kloewer are allowed to depose Joseph Oltmann again, the deposition would be a repeat of his September 8, 2021 and December 16, 2022 depositions because the operational facts that involve Mr. Oltmann are genuinely the same for each case – meaning the facts of his experience on the Antifa call, what he heard on that call, his research into "Eric from Dominion," his research into Eric Coomer, developing a profile of Eric Coomer from his research, and the statements he made on the Conservative Daily podcast about the Antifa call and the information developed about Eric Coomer.

Judge Marie Avery Moses, entered a Protective Order in the DDC case that protects the parties' answers to interrogatories, responses to requests for admissions,

---

[1]   This is without counting the three other depositions taken of Mr. Oltmann in the DDC case – one as the corporate rep for CD Solutions [12:12 p.m. to 2:49 p.m. (2 hours, 37 minutes)] on September 9, 2021; another as the corporate representative of FEC United [9:13 a.m. to 10:41 (1 hour 28 minutes)] on September 9, 2021; and another as the corporate rep for Shuffling Madness Media [11:03 a.m. to 11:47 (44 minutes)] on September 9, 2021.

production of documents, deposition transcripts, and Court filings which contain

Confidential Information. *See* Exhibit B. If he is forced to be deposed in this case, it

creates a problem for Joseph Oltmann if in his deposition he is asked questions that fall

under the scope of the Protective Order that has been issued in the DDC case.

**B.**  **The Subpoena to Produce is Unduly Burdensome, Voluminous, and Requests Protected Information.**

Charle Cain, Esq.'s Subpoena to Produce is unduly burdensome and voluminous

as it seeks to have him produce 3 years or more of "communications" including all

emails, text messages, voice messages, audio records, and video recordings with

individuals and people with whom he may have had a financial relationship. *See* Exhibit

A, Subpoena, p. 5, Requests Nos. 1, 2, 3, 4, 5, 6). These requests are voluminous,

unduly burdensome, fail to allow a reasonable time to comply (approximately one month

from February 1, to March 6, 2024), and may fall within the scope of a Protective Order

entered by the judge in DDC case. Finally, as seen in the Subpoena, p.5, Request

No.7, attorney-client communication materials reflecting the "notes" between Mr.

Oltmann and his attorney Randy Corporon are requested to be produced.

**AUTHORITY**

Rule 45 of the Federal Rules of Civil Procedure ["F.R.C.P."] states:

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to <u>avoid imposing undue burden</u> or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**...**
**(2)** *Command to Produce Materials or Permit Inspection*

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection <u>may serve on the party or attorney designated in the subpoena a written objection</u> to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—<u>or to producing electronically stored information</u> in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** When Required. On timely motion, the court for the district where compliance is required must <u>quash or modify a subpoena</u> that:

**(i)** <u>fails to allow a reasonable time to comply</u>;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** <u>requires disclosure of privileged or other protected matter</u> if no exception or waiver applies; or

**(iv)** <u>subjects a person to undue burden</u>.

Fed. R. Civ. Proc. 45.

**MOTION**

**A.     Deposition Testimony**

According to Rule 45, Coomer's counsel, in serving the Subpoena "must take reasonable steps to <u>avoid imposing undue burden</u> or expense on a person subject to the subpoena." *Id.* However, Plaintiff Coomer's attorneys, Charles Cain and Brad Kloewer have already spent effectively 12 hours total, deposing Joseph Ottman, individually, on the same subject matters that form the basis of Coomer's claims in the

case before this Court.[2]  Forcing Mr. Ottman to appear to be deposed, individually, for a third time by the same attorneys representing Mr. Coomer, on the same subject matters and allegations involving Mr. Oltmann actions, is not only unduly burdensome to Joseph Ottmann, but may be deemed a means of harassment.  It is also noted that the Subpoena does not identify what method of recording of the deposition testimony *will* be employed as dictated by Rule 45(a)(1)(B). Instead, it only states possible methods to be used.  "The deposition may be recorded by this method: stenographically; videographically; remotely utilizing the secure web based deposition option afforded by the court reporting firm." This failure to comply with Rule 45, supports quashing the Subpoena.

**B.      Production of Documents**

The Subpoena demands that Mr. Oltmann "must produce within 21 days of service of this Subpoena the following documents [in the exhibit attached to the Subpoena], electronically stored information, or objections and must permit inspection, copying, testing, or sample of the material identified." *See* Exhibit A, Subpoena, p.5. Twenty-one days after service in this case is February 22, 2024.  Not only is it insufficient time for Oltmann to search for and produce "all communications" in his possession (starting with a time frame 3 ½ years ago and longer); but production of documents relating to the Subpoena Requests Nos. 1, 2, and 3, have already been addressed in the DDC case.  They are documents about which Plaintiff Eric Coomer engaged in discovery in the DDC case, already addressed the issue of whether the

---

[2]  Again, this is not counting Mr. Oltmann's additional 4 hours and 49 minutes being deposed as a representative for three organizations.

documents exist, and has already had access or had objections as to privilege/protections related thereto. The Subpoena Request to Produce No. 7, *see* Exhibit A, Subpoena, p.5, is protected by attorney-client privilege because the documents requested were a communication from Mr. Oltmann to his attorney, Randy Corporon. Plaintiff Coomer acknowledges that he is seeking notes that Mr. Oltmann communicated to his attorney by proffering a justification in the footnote of the Subpoena p.5,

With regards to the Subpoena's Requests to Produce Nos. 4, 5, and 6, Plaintiff Coomer's request that "all communications . . . to include all emails, text messages, voice messages, audio records, and video recordings" from 2020 to the present, with different individuals and business affiliates be produced, is voluminous, overly broad, not narrowly tailored, unduly burdensome, and if they exist, will reasonably require more than the time allowed prior to the deposition date of March 6, 2024 to produce.

The federal rules also limit the scope of the subpoenas by the relevance standards set forth in Fed. R. Civ. P. 26(b)(1) and the consideration of the burden and expense set forth in Fed. R. Civ. P. 26(b)(2) and Fed. R. Civ. P. 45 (c)(1). "In evaluating whether a subpoena is unduly burdensome, the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery requests, the litigant's need for the information." *Wahoo Int'l Inc. v. Phix Doctor Inc.,* No. 13CV1395-GPC BLM, 2014 U.S. Dist. Lexis 98044, 2014, WL 3573 at \*2 (S.D. Cal. July 18, 2014) (internal citations omitted). Plaintiff Coomer already has the responsive documents he is requesting through discovery that was afforded him in the DDC case

that were determined to exist, were in Joseph Oltmann's possession and not protected

by a privilege from production.  The requests to produce these documents is redundant,

duplicative of prior discovery and not directly relevant to this case and the issues

relevant to Coomer's claims against Make Your Life Epic and Clayton Thomas Clark.

Coomer has the discovery in his possession through the DDC case or has addressed

whether they exist and any claims of privilege in that case.

Requests to nonparties must be proportional to the needs of the case. In *Micheli v Mehr,* the court relied on the relevancy standard of Rule 26, including the requirement

of proportionality in granting a nonparty motion to quash. *Micheli v. Mehr,* No. 2018 U.S.

Dist. Lexis 136996 (D. Conn. Aug. 14, 2018). The Court in *Micheli* noted that the Rule

26 relevancy standard governs a Rule 45 subpoena, and examined whether documents

were relevant, taking into consideration factors including the "parties' relative access to

relevant information" and the importance of the discovery in resolving the issues.

Because Plaintiff Coomer already has done this discovery of documents, the

Court has the authority to quash Plaintiff's subpoena because there is an "…absence of

a convincing showing that the subpoena is likely to yield unique and material

evidence…." *Nidec Corp. Victor Co. of Japan,* 249 F.R.D. 575, 577, (N.D.Cal.2007).

Further, the court is required to limit the "extent of discovery otherwise allowed" if "the

discovery sought is unreasonably cumulative or duplicative…" *Wahoo Int'l Inc. v. Phix Doctor Inc.,* No. 13CV1395-GPC BLM, 2014 U.S. Dist. Lexis 98044, 2014, at 8.

**REQUESTED RELIEF**

Joesph Ottman is filing his Motion for Protective Order to protect him from having

to be forced to be deposed a third time by Plaintiff Coomer's attorneys involving the

same facts, topics, and subject matters that Charles Cain and Brad Kloewer have already asked him during his September 8, 2021 and December 16, 2022 depositions in two other cases. Forcing Joseph Ottman to be deposed three times by the same attorneys regarding the same facts and topics is not only unduly burdensome, but it also borders on harassment and must be prevented.

In addition, Mr. Oltmann has already had to respond, disclose or claim privilege for the documents sought by Coomer's Requests to Produce Nos. 1, 2, 3 and 7 in the DDC case and the Lindell case. To subject Mr. Oltmann to discovery in the form of the Subpoena's requests to produce the documents is redundant, overly broad, unduly burdensome, and arguably harassment. Furthermore, requesting "all communication" dating back to 2020 to the present including all "emails, text messages, voice messages, audio records, and video recordings" with individuals and/or business affiliates is unduly burdensome and even if these documents exist, or could be found, the ability to produce them by the February 22, 2024 deadline is questionable.

WHEREFORE, Joseph Oltmann respectfully requests that this Court enter an Order of Protection, quashing Plaintiff's subpoena in its entirety, protecting Joseph Oltmann from the need to attend the deposition and ordering that Joseph Oltmann does not have to produce or make arrangements to produce documents requested on February 22, 2024, or the currently scheduled deposition of March 6, 2024, or at any later scheduled date. Mr. Oltmann requests his reasonable fees and costs associated with this motion, and for such further relief that is deemed just and proper in the circumstance.

Respectfully submitted this 26th day of February 2024,

*s/ Mark A. Sares*

Mark A. Sares, #19070
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone:  720-875-9140
Fax:      720-875-9141
msares@hkjp.com
ATTORNEYS FOR NON-PARTY JOSEPH
OLTMAN

## CERTIFICATE OF SERVICE

I certify that on February 26, 2024, I electronically served <u>Objection to Subpoena and Motion for Protective Order by Joseph Oltmann</u> and sent a copy to the following individuals' email addresses:

| | |
|---|---|
| Brad Kloewer, Esquire<br>Charlie Cain, Esquire<br>Steve Skarnulis, Esquire<br>Zachary H. Bowman, Esquire<br>David E. Jennings, Esquire<br>Cain and Skarnulis, PPLC<br>P.O. Box 1064<br>Salida, Colorado 81201<br>Telephone: (719) 530-3011<br>*Attorneys for Plaintiff* | (X) by CM/ECF System<br>( ) by First Class U.S. Mail<br>( ) by designated email to:  bkloewer@cstrial.com<br>ccain@cstrial.com<br>skarnulis@cstrial.com<br>zbowman@cstrial.com<br>djennings@cstrial.com |
| Thomas J. Rogers, III, Esquire<br>Mark Grueskin, Esquire<br>RechtKornfeld PC<br>1600 Stout Street, Suite 1400<br>Denver, Colorado 80202<br>Telephone: (303) 573-1900<br>*Attorneys for Plaintiff* | (X) by CM/ECF System<br>( ) by First Class U.S. Mail<br>( ) by designated email to:  trey@rklawpc.com<br>mark@rklawpc.com<br>( ) By Facsimile Transmission to _____ |
| Thomas Baker Quinn, Esquire<br>Gordon & Rees LLP<br>555 17th Street, Suite 3400<br>Denver, CO 80202<br>303-534-5160<br>*Attorneys for Defendant Make Your Life Epic, LLC* | (X) by CM/ECF System<br>( ) by First Class U.S. Mail<br>( ) by designated email to tquinn@gordonrees.com<br>( ) By Facsimile Transmission to 303-534-5161 |
| Melissa Ann Wiese, Esquire<br>Gordon Rees Scully Mansukhani LLP<br>555 17th Street, Suite 3400<br>Denver, CO 80202<br>303-200-6879<br>*Attorneys for Defendant Make Your Life Epic, LLC* | (X) by CM/ECF System<br>( ) by First Class U.S. Mail<br>( ) by designated email to:  mwiese@grsm.com; 8<br>( ) By Facsimile Transmission to _____ |
| | *Original signature on file at the offices of*<br>*Harris, Karstaedt, Jamison & Powers, P.C.*<br><br>*s/* C. Kentner |