AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Eric Coomer, Ph.D., <br> *Plaintiff* <br> v. <br> Make Your Life Epic LLC dba Thrivetime Show, and Clayton Thomas Clark, <br> *Defendants* | ) ) ) ) ) ) Civil Action No. **1:21-cv-3440-WJM-KLM** |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND PRODUCE DOCUMENTS**

To:   **Joseph Oltmann, 8245 Keith Court, Castle Rock, O 80108**

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: **United States Courthouse** <br> **901 19th Street, Room TBD** <br> **Denver, CO 80294-3589** | Date and Time: **March 6, 2024; 10:00 am (mdt)** |
|---|---|

The deposition may be recorded by this method:  stenographically; videographically; remotely utilizing the secure web based deposition option afforded by the court reporting firm.

☒ *Production:* You, or your representatives, must produce within 21 days of service of this Subpoena the following documents, electronically stored information, or objections and must permit inspection, copying, testing, or sample of the material identified in **Exhibit A** attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 29, 2024

*CLERK OF COURT*

OR

_____        */s/ Charles J. Cain*
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   *Eric Coomer, Ph.D.*, who issues or requests this subpoena, is:   **Charles J. Cain, P. O. Box 1064, Salida, CO 81201**
ccain@cstrial.com; sbeam@cstrial.com
**719-530-3011; 512-477-5000**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

Printed: 2/2/2024 8:53:02AM
By: kmeyer

# Douglas County Sheriff's Office - Civil Division
## Civil Process Affidavit

| | | | |
|---|---|---|---|
| Sheriff # | 24000186 | Court of Origin: | United States District Court |
| Docket # | 1:21-CV-3440-WJM-KLM | Papers Served: | CIVIL SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION, AND PRODUCE DOCUMENTS, EXHIBITS, WITNESS FEE CHECK |

**ERIC COOMER PHD**
*Plaintiff*
vs.
**MAKE YOUR LIFE EPIC LLC DBA THRIVETIME SHOW AND CLAYTON THOMAS CLARK**
*Defendant/Respondent*

**I certify that I have served this process on:** JOSEPH THOMAS OLTMANN

**Service Type:** Personal                **Service Status:** Served

MAKE YOUR LIFE EPIC LLC
*Name of Defendant/Respondent*          Sex      Race       DOB

8245 KEITH CT  Castle Rock CO 80108
*Address of Service*

**Fees:**
| | | |
|---|---|---|
| Mileage - Civil | | 6.00 |
| Refund(s) | | |
| Service Fee | | 40.00 |
| **Total Fees:** | | **46.00** |
| Deposit(s): | | 46.00 |
| Balance Due: | | 0.00 |

Darren M. Weekly, Sheriff      By: _____[signature] 1623_____      CHAD DALE DAVEY 1623
                                *Deputy's Signature*                  *Deputy's Name and Badge #*

**Served, this 01 day of February, 2024 at 4:14 pm**

State of Colorado
County of Douglas
The foregoing instrument was acknowledged before me this February 02, 2024 by

_____
Deputy's signature & OSN

_____
Notary Signature                                         Notary Seal

EXHIBIT A

© Tyler Technologies       CO_Douglas_CivilProcessAffidavit.rpt

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-03440-WJM-KLM

ERIC COOMER, Ph.D.,

    Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW and
CLAYTON THOMAS CLARK, individually,

    Defendants

---

## EXHIBIT A TO SUBPOENA

---

### DEFINITIONS

1. "Plaintiff" or "Dr. Coomer" means Eric Coomer, Ph.D., as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

2. "Defendants" collectively means Make Your Life Epic LLC dba Thrivetime Show and Clayton Thomas Clark, individually, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on Defendants' behalf.

3. "Clark" means Clayton Thomas Clark, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on his behalf.

4. "Thrivetime" means Make Your Life Epic LLC dba Thrivetime Show, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

5. "Tour" or "the Tour" means the ReAwaken America Tour, also known as Clay Clark's Health & Freedom Conference.

6. "Oltmann," "you," or "your" means Joseph (Joe) Oltmann, as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

7.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

8.  "Communication" means any oral or written communication of which you have knowledge, information, or belief.

9.  "Document" or "documents" mean any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally produced, including without limitation, agreements, contracts, warranties, insurance policies, forms, acknowledgments, invoices, letters, correspondence, memoranda, telegraphs, notes, reports, compilations, electronically stored data, emails, notebooks, appointment books, calendars, work papers, worksheets, photographs, diaries, minutes of meetings, magnetic tape, movie files, microfilm, microfiche, videotapes, print out sheets, summaries or records of telephone conversations, personal conversations or interviews and any and all other writings, typings, printouts, drafts, copies and/or mechanical electronic, or photographic reproductions or recordations thereof in your, your agent's, or your attorney's possession, custody, or control, or known to you whether or not prepared by you. "Document" or "documents" also includes all copies that are not identical to the originals, such as those bearing marginal comments, alterations, or other notations not present on the original as originally written, typed, or otherwise prepared.

10. "Identity" and "identify" unless otherwise indicated, means with respect to an individual to give the following information:

    (a)   full name;
    (b)   present or last known home address and phone number;
    (c)   present or last known business address and phone number; and
    (d)   title, if any.

11. "Identity" and "identify" unless otherwise indicated, when used with respect to any act, activity, practice, effort, event, transaction, discussion, conversation, occurrence, meeting, agreement, or communication means to:

    (a)   describe the nature and substance of the act, activity, practice, effort, event, transaction, negotiation, discussion, conversation, occurrence, meeting, agreement, or communication;
    (b)   give the date when and place where it occurred;
    (c)   identify each person who was a participant therein;
    (d)   identify each other person who was a witness thereto; and
    (e)   if any such event is claimed to be privileged or work product, in addition to the foregoing information, state as to each:
        (i)   a general description thereof, without revealing the specific information as to which privilege is claimed; and
        (ii)  the basis on which the claim of privilege is asserted.

12. "Relating to," "referring to," or "concerning" mean including, summarizing, demonstrating, constituting, reflecting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

13. "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that related to the matter about which information is requested.

## INSTRUCTIONS

1. Unless otherwise specified herein, each request relates to, covers, and requests information and documents from November 1, 2020, to the present.

2. If a claim of privilege is asserted with respect to any discovery request, in whole or in part, or you refuse to answer any discovery request on any other ground, specify the exact basis for your claim that such discovery request need not be answered. If the refusal is based on an assertion of privilege, pursuant to Federal Rule of Civil Procedure 26(b)(5), produce a privilege log to:

    (a)  describe the items withheld such that the parties can assess the applicability of the privilege; and
    (b)  assert a specific privilege for each item or group of items withheld.

3. If, in answering any of the interrogatories, you contend or believe that there is any ambiguity in construing either the request or the applicable definition or instruction, set forth in the answer to such interrogatory the matter deemed ambiguous and the construction, if any, selected or used in answering the request.

4. Each request for production is to secure documents in the possession, custody, or control of you, or your agents, employees, officers, investigators, consultants, and other representatives. When a request for production is directed to you, it is also directed to each of these persons.

5. In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

6. In making documents available, all documents which are physically attached to each other in files shall be made available in this form. Documents which are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained.

7. If any portion of a document is responsive to a request, the entire document should be produced. If documents that are produced in response to a request are normally kept in a file or other folder, then also produce that file or folder with any labels attached thereto.

8. If a request calls for the production of a document that no longer exists, cannot be located, has been placed beyond your control, or otherwise disposed of, set forth with respect to each such document:

    (a) the author of the document;
    (b) the addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in the document to receive a copy thereof;
    (c) the title of the document, if any, or other identifying data;
    (d) the type of document (*i.e.*, letter, memorandum); and
    (e) a summary of its nature and subject matter.

9. With respect to production of e-mails or other electronic communications, the data is hereby requested in the following format:

    (a) OCR multipage text files, in a folder named "OCR";
    (b) Load file .opt or .log;
    (c) Metadata associated with the documents in a .dat file;
    (d) Native File;
    (e) Summation Load File (.dii), Concordance Load File (.dat), Ipro Load File (.lfp); and
    (f) Metadata, including:
    
    | | | | |
    |---|---|---|---|
    | 1. | To | 11. | Date Created |
    | 2. | From | 12. | Date Modified |
    | 3. | CC | 13. | Date Printed |
    | 4. | BCC | 14. | Filename |
    | 5. | Date/Time Sent | 15. | MD5/SHA1 Hash Value |
    | 6. | Date/Time Received | 16. | Author |
    | 7. | Subject | 17. | Organization |
    | 8. | Attachment File name | 18. | Title |
    | 9. | Email/Attachment Relationship Information | 19. | File Size |
    | | | 20. | Custodian |
    | | | 21. | Source |
    | 10. | Message ID | | |

## DOCUMENTS REQUESTED

1. All communications between September 1, 2020 and the present between you and the individual(s) you identified as "RD" who you have claimed provided you access to the alleged "Antifa call" including, but not limited to, all emails, text messages, and voice messages.

2. All communications between June 1, 2020 and the present between you and the individual(s) who provided you access to Dr. Coomer's private Facebook account.

3. All contemporaneous evidence you collected at the time of the alleged "Antifa call" including, but not limited to, any audio recording of the call, any video recording of the call, any list of participants on the call, and any notes taken during or immediately after the call.

4. All communications written, sent, or received by you between November 1, 2020 and the present between you and Clay Clark regarding Dr. Coomer, your allegations regarding Dr. Coomer's alleged attendance on the "Antifa call", Mike Flynn, election fraud issues, the ReAwaken America Tour, attendance at Tour events, and any financial relationship with the Tour.

5. All communications written, sent, or received by you between November 1, 2020 and the present between you and Make Your Life Epic LLC dba Thrivetime Show or anyone acting on its behalf, on topics relating to Dr. Coomer, your allegations about Dr. Coomer's alleged attendance on the "Antifa call," Mike Flynn, election fraud issues, the ReAwaken America Tour, attendance at Tour events, and any financial relationship with the Tour.

6. All communications written, sent, or received by you between November 1, 2020 and the present between you and ReOpen America LLC dba ReAwaken America Tour or anyone acting on its behalf on topics relating to Dr. Coomer, your allegations about Dr. Coomer's alleged attendance on the "Antifa call," Mike Flynn, election fraud issues, the ReAwaken America Tour, attendance at Tour events, and any financial relationship with the Tour.

7. Any notes you created for Randy Corporon providing information on the alleged "Antifa call," as described in your December 16, 2022 sworn testimony in related proceeding *Coomer v. Lindell, et. al.*, (*see* **Exhibit 1**, at 303:19-304:4) including, but not limited to, the notes you read from on CONSERVATIVE DAILY podcast on November 9, 2020.[1]

---

[1] Any potential claim to attorney client privilege with respect to these communications was waived when Mr. Oltmann consented to their disclosure, through both his words and conduct, by reading the notes live on air during his publication of the November 9, 2020 episode of CONSERVATIVE DAILY. *See In re People In Interest of J.P.,* 538 P.3d 337, 344 (Colo. 2023) (citing *People v. Trujillo*, 144 P.3d 539, 543 (Colo. 2006).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

CIVIL ACTION NUMBER: 1:22-CV-01129-NYW-SKC

ERIC COOMER, PH.D.,

Plaintiff

V.

MICHAEL J. LINDELL, FRANKSPEECH LLC,

AND MY PILLOW, INC.,

Defendants

**CERTIFIED TRANSCRIPT**

**EXHIBIT 1**

DEPONENT: JOSEPH OLTMANN

DATE: DECEMBER 16, 2022

REPORTER: DARIANA CABRERA ALVAREZ


AdvancedONE LEGAL  (866) 715-7770  advancedONE.com

EXHIBIT A

```
 1               APPEARANCES
 2
 3   ON BEHALF OF THE PLAINTIFF, ERIC COOMER, PH.D.:
 4   Brad Kloewr, Esquire
 5   Charlie Cain, Esquire
 6   Cain and Skarnulis, PPLC
 7   P.O. Box 1064
 8   Salida, Colorado 81201
 9   Telephone No.: (719) 530-3011
10   E-mail: bkloewer@cstrial.com
11   ccain@cstrial.com
12
13   ON BEHALF OF THE DEFENDANTS, MICHAEL J. LINDELL,
14   FRANKSPEECH LLC, AND MY
15   PILLOW, INC.:
16   Ryan P. Malone, Esquire
17   Parker, Daniels, Kibort, LLC
18   123 North Third Street
19   888 Colwell Building
20   Minneapolis, Minnesota 55401
21   Telephone No.: (612) 355-4100
22   E-mail: malone@parkerdk.com
23
24   AND
25
```



EXHIBIT A

```
 1              APPEARANCES (CONTINUED)
 2
 3   Ingrid DeFranco, Esquire
 4   Law Office of Ingrid J. DeFranco
 5   P.O. Box 128
 6   Brighton, Colorado 80601
 7   Telephone No.: (303) 443-1749
 8   E-mail: ingrid.defranco@gmail.com
 9   ALSO PRESENT:
10   Nicholas Teti III - Advanced Legal Videographer
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



| | |
|---|---|
| 1 | STIPULATION |
| 2 | |
| 3 | The VIDEO deposition of JOSEPH OLTMANN was taken at |
| 4 | UNITED STATES COURTHOUSE, 901 NINETEENTH STREET, ROOM |
| 5 | A502, DENVER, COLORADO 80294 on FRIDAY the 16TH day of |
| 6 | DECEMBER 2022 at approximately 9:00 a.m.; said |
| 7 | deposition was taken pursuant to the FEDERAL Rules of |
| 8 | Civil Procedure. |
| 9 | |
| 10 | It is agreed that DARIANA CABRERA ALVAREZ, being a |
| 11 | Notary Public and Court Reporter for the State of |
| 12 | COLORADO, may swear the witness and that the reading and |
| 13 | signing of the completed transcript by the witness is |
| 14 | not waived. |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |



```
 1              PROCEEDINGS
 2
 3         VIDEOGRAPHER:  We're here, the date is
 4   12-16-2022 for the deposition of Joseph Oltmann.
 5   Case is 1:22-CV-01129-WJM.  We're -- the location is
 6   901 Nineteenth Street, Denver, Colorado.  Let's see
 7   here.  Okay, so -- and -- my name is Nicholas,
 8   T-E-T-I III.  9534 Castle Ridge Circle, Highlands
 9   Ranch, 80129.  If everybody can introduce themselves
10   and then we can proceed.
11         MR. KLOEWR:  All right.  Good morning, this is
12   Brad Kloewr here on behalf of the Plaintiff,
13   Dr. Eric Coomer.  I'm joined by Charlie Cain.
14         MR. MALONE:  This is Ryan Malone on behalf of
15   Defendants, MyPillow, Frank Speech, Michael Lindell.
16         MS. DEFRANCO:  Ingrid DeFranco on behalf of
17   Joseph Oltmann, who appears to my right.
18         MR. KLOEWR:  You want to swear in the witness?
19         VIDEOGRAPHER:  We are going to swear in the
20   witness.
21         COURT REPORTER:  Raise your right hand.  Do you
22   solemnly swear or affirm the testimony you're about
23   to give will be the truth, the whole truth, and
24   nothing but the truth?
25         THE WITNESS:  I do.
```



1    record.
2        VIDEOGRAPHER: Okay. Time is 15:34.
3            (OFF THE RECORD)
4        VIDEOGRAPHER: Okay. Time is 15:37 p.m. Back
5    on the record with Joseph Oltmann.
6    BY MR. KLOEWR:
7        Q    Okay. Before we went off the record, you were
8    going to try to find your notes. Were you able to
9    confirm whether these four pages that were previously
10   disclosed are the entirety of the notes you took?
11       A    They are.
12       Q    They are? There's no fifth page?
13       A    No, there is not a fifth page, but there is
14   notes related to what Randy asked me to write down on
15   what happened in that call. So that's information that,
16   when he asked me to go through all the information that
17   I had, I had information that I had written down that
18   was between me and Randy.
19       Q    So you had a separate set of notes that you
20   created for Mr. Corporon describing your recollection of
21   the call? What do you mean? I -- I'm not sure I
22   understand you.
23       A    Yeah. So Randy asked me what information you
24   collected on that call. I walked through that
25   information and recalling what happened on the call with

1  -- with Coomer.  So I had these notes and then I had the
2  notes that I wrote out to talk to Randy about when I was
3  going through the information related to gathering the
4  information about Randy or Eric Coomer.
5      Q    Okay.  But what we're looking at now are the
6  ones you took in real time, on the call?
7      A    Correct.
8      Q    Okay.  Let's take a look at what has been
9  previously marked as Exhibit 18, Clip 3.
10          MS. DEFRANCO:  It's a video.
11          THE WITNESS:  Oh, all right.
12          MR. KLOEWR:  18, Clip 3.  Yes.
13          (VIDEO PLAYED)
14 BY MR. KLOEWR:
15     Q    All right, Mr. Oltmann, can you take a minute
16 to review your notes and show me where the phrase, "We
17 have prepared for the new future where we put down these
18 fascist F's," is included in your notes?
19     A    No, because these were show notes.  These are
20 the notes that I wrote out of my recollection on what
21 happened in the event.
22     Q    So that statement, well now, wait just a
23 minute.  You said, "Let me read through my notes.  I
24 took detailed notes."  So you were not reading from your
25 notes from the Antifa call in this episode?