**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03440-WJM-KAM

ERIC COOMER, Ph.D.,
     Plaintiff,

v.

MAKE YOUR LIFE EPIC, LLC, d/b/a THRIVETIME SHOW,
REOPEN AMERICA, LLC d/b/a REAWAKEN AMERICA TOUR, AND
CLAYTON THOMAS CLARK, individually,

     Defendants.

**PROTECTIVE ORDER**

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, and

other proprietary business information that has not been previously released publicly without restriction by the parties.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.    Each party's counsel of record in this litigation, including associate attorneys, paralegals, and clerical employees associated with them who have a need to know the CONFIDENTIAL information;

    b.    the parties;

    c.    expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

    d.    the Court and its employees ("Court Personnel") and the jury at trial;

    e.    stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    f.    deponents, witnesses, or potential witnesses;

    g.    the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

    h.    anyone as otherwise required by law; and

    i.    other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the 30-day period has expired.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. If the

parties cannot resolve the objection within 21 days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to initiate a hearing utilizing this Court's discovery dispute procedures set forth in The Uniform Civil Practice Standards of the United States Magistrate Judges, D.C.COLO.MJ VI.  If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute.  If the designating party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Unless other arrangements are agreed upon in writing by the parties, within 30 days of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENIAL information, including any copies, and certify that it has been destroyed.  The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

11. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2.

12. This Protective Order shall not apply to documents produced in this litigation on or before April 26, 2024 and may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: This ___ day of _____, 2024

BY THE COURT:

_____
Hon. Kathryn A. Starnella
United States Magistrate Judge