# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW,
REOPEN AMERICA LLC dba REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually,

    Defendants

# EXHIBIT 12

```
 1                IN THE UNITED STATES DISTRICT COURT
 2                    FOR THE DISTRICT OF COLORADO
 3        Civil Action No. 21-cv-03440-WJM-KLM
 4        ERIC COOMER, Ph.D.,          )
                                       )
 5                   Plaintiff,        )
                                       )
 6        VS.                          )
                                       )
 7        MAKE YOUR LIE EPIC, LLC      )
          d/b/a THRIVETIME SHOW and    )
 8        CLAYTON THOMAS CLARK,        )
          individually,                )
 9                                     )
                     Defendants.       )
10
11             VIDEOTAPED DEPOSITION OF VANESSA CLARK
12                TAKEN ON BEHALF OF THE PLAINTIFF
13                      IN TULSA, OKLAHOMA
14                     ON FEBRUARY 7, 2024
15
16
17              REPORTED BY:  DAVID BUCK, CSR
```

Page 1

```
 1          A P P E A R A N C E S
 2
 3   For the Plaintiff:      Bradley A. Kloewer
                             CAIN & SKARNULIS, PLLC
 4                           P.O. Box 1064
                             Salida, CO 81201
 5                           (719)530-3011
                             bkloewer@cstrial.com
 6
 7
     For the Defendants and    Thomas B. Quinn
 8   the Witness:              Melissa Wiese (By Phone)
                             GORDON REES SCULLY
 9                           MANSUKHANI, LLP
                             555 Seventeenth Street
10                           Suite 3400
                             Denver, CO 80202
11                           (303)534-5154
                             tquinn@grsm.com
12
13
     Also Present:         Wesley Carter
14
15
     The Videographer:     Jim Langlois
16
17
18
19
20
21
22
23
24
25
                                                    Page 2
```

```
 1              CONTENTS
 2                                              Page
 3   Direct Examination By Mr. Kloewer             6
 4   Jurat Page                                  161
 5   Reporter's Certificate                      163
 6
 7          Index of Exhibits
 8                                              Page
 9        OFFERED ON BEHALF OF THE PLAINTIFF
10   Exhibit Number 1 Articles of Organization, State    9
            of Oklahoma, Submitted 12/18/2008
11
     Exhibit Number 2 Trade Name Report, Submitted     10
12        10/18/2021
13   Exhibit Number 3 Annual Certificate, Submitted    17
          12/23/2021
14
     Exhibit Number 4 Change of Registered Agent and/or  19
15        Office and/or Principal Office
          Submitted 07/31/2023
16
     Exhibit Number 5 Articles of Organization,         28
17        Submitted 05/03/2021
18   Exhibit Number 6 Annual Certificate, Submitted     29
          05/11/2022
19
     Exhibit Number 7 Annual Certificate, Submitted     31
20        05/01/2023
21   Exhibit Number 8 Trade Name Report, Submitted      32
          08/17/2023
22
     Exhibit Number 9 Bates MYLE_VC_0036-0053          55
23
     Exhibit Number 10 Flash Drive with Videos          85
24
     Exhibit Number 11 ReAwaken America Vs Dominion    106
25        Lawsuit Defense Fund
                                                    Page 4
```

```
 1          S T I P U L A T I O N S
 2
 3        IT IS HEREBY STIPULATED AND AGREED by
 4   and among the attorneys for the respective parties
 5   hereto that the deposition of VANESSA CLARK may be
 6   taken on behalf of the Plaintiff on the 7th of
 7   February, 2024, in Tulsa, Oklahoma, by David Buck,
 8   Certified Shorthand Reporter for the State of
 9   Oklahoma, taken pursuant to Notice.
10        IT IS FURTHER STIPULATED AND AGREED by
11   and among the attorneys for the respective parties
12   hereto that all objections, except as to the form of
13   the question and the responsiveness of the answer, are
14   reserved until the time of trial, at which time they
15   may be made with the same force and effect as if made
16   at the time of the taking of this deposition.
17          * * * * * *
18
19
20
21
22
23
24
25
                                                    Page 3
```

```
 1   Exhibit Number 12 Bates MYLE_000671              122
 2   Exhibit Number 13 Bates MYLE_000672-000673       124
 3   Exhibit Number 14 Bates MYLE_000674              134
 4   Exhibit Number 15 Bates MYLE_000675-000676       135
 5   Exhibit Number 16 Bates MYLE_000677              139
 6   Exhibit Number 17 Bates MYLE_000678-000679       140
 7
 8       OFFERED ON BEHALF OF THE DEFENDANTS
 9   Exhibit Number 18 E-mail of 01/18/24 From Brad   159
            Kloewer to Melissa Wiese,
10          Charlie Cain, Re:  Coomer -
            Deposition of Vanessa Clark
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                                    Page 5
```

2 (Pages 2 - 5)

**Page 6**

1  THE VIDEOGRAPHER: We are now on the
2  record. This is a videotaped deposition taken of
3  Vanessa Clark. It is Wednesday, February 7th, the
4  year is 2024, it's approximately 8:38 a.m. in the
5  matter of Dr. Eric Coomer versus Make Your Life Epic,
6  LLC. This deposition is being held at Winters & King
7  at 2448 East 81st Street, Suite 5900 in Tulsa,
8  Oklahoma 74137.
9  And will the parties present please state
10 their name for the record?
11 MR. KLOEWER: Brad Kloewer here on behalf
12 of the Plaintiff, Dr. Eric Coomer.
13 MR. QUINN: Tom Quinn on behalf of the
14 Defendants and the witness. And I'm also going to
15 patch in Melissa Wiese, who is just going to listen in
16 if that's all right.
17 MR. CARTER: Wesley Carter.
18 THE VIDEOGRAPHER: Thank you.
19 You may swear in the witness.
20 VANESSA CLARK,
21 after having been first duly sworn at 8:38 a.m.
22 deposes and says in reply to the questions propounded
23 as follows, to wit:
24 * * * * * *
25 DIRECT EXAMINATION

**Page 7**

1  BY MR. KLOEWER:
2  Q. All right. Good morning, Mrs. Clark.
3  A. Good morning.
4  Q. My name is Brad Kloewer. I represent the
5  Plaintiff in this case, Eric Coomer. We met just a
6  moment ago off the record. I'll be taking your
7  deposition today.
8  Have you ever had your deposition taken
9  before?
10 A. Yes.
11 Q. Okay. And what -- what was the context of
12 that deposition?
13 A. A very long time ago, it was a real estate
14 dispute.
15 Q. Okay. Well, I'll just establish a couple, few
16 basic ground rules to refresh your memory. Sounds
17 like that was probably a little while ago. If I --
18 I'm going to ask a lot of questions today. If you
19 don't understand my question or if I'm not clear, just
20 ask me to rephrase, I'm happy to do that. If you need
21 to take a break for any reason, that's fine as well,
22 this is not a marathon, we can pause at any time. The
23 one thing I do ask is that you wait -- that we don't
24 take a break while there's a question on the table,
25 that we finish that line of questioning before we

**Page 8**

1  break for that. And let me see here. Sorry. So we
2  can get started here. Throughout the deposition as
3  well your counsel is probably going to be raising some
4  objections from time to time. You can still answer
5  the question unless he instructs you not to, but don't
6  be surprised if he raises an objection and we can
7  still proceed with the answer.
8  So, I want to get started here generally
9  by sort of understanding the different entities that
10 are Defendants in this case. We've -- we've just
11 recently added a second Defendant, ReOpen America,
12 LLC. The Make Your Life Epic, LLC has been a party to
13 this dispute since it was filed in November of 2021
14 and I think it makes the most sense to try to
15 understand the different roles of these entities
16 before we get too deep into anything.
17 So, can you tell me, what is Make Your
18 Life Epic, LLC, what does that business do?
19 MR. QUINN: Object to form. She hasn't
20 been designated as a corporate representative.
21 Go ahead and just answer as best you can.
22 THE WITNESS: Business coaching.
23 Q. (By Mr. Kloewer) Sorry?
24 A. Can you ask the question again?
25 Q. Yeah, what does Make Your Life Epic, LLC, what

**Page 9**

1  does that business do?
2  A. Provides business coaching.
3  Q. Business coaching. And -- and what does that
4  entail?
5  A. Consulting with businesses on growing their
6  companies.
7  Q. Okay. And how long has Make Your Life Epic
8  been around?
9  A. I don't know.
10 Q. Are you an officer of that company?
11 A. I don't -- no, I don't think so.
12 Q. Okay. Maybe it's easiest to take a look at a
13 couple documents here. I'm going show you what we'll
14 mark as Exhibit 1.
15 (Deposition Exhibit Number 1 marked for
16 identification purposes and made part of the
17 record.)
18 Q. (By Mr. Kloewer) And I've got a copy for your
19 counsel here I'll leave in the middle. You can both
20 take a look. Take a minute to familiarize yourself
21 with that document. This was pulled from the Oklahoma
22 Secretary of State's office. it Indicates it's a --
23 the Articles of Organization for Make Your Life Epic,
24 LLC. This indicates it was submitted on December 18th
25 of 2008.

1  the tour previous to being sued.
2     Q. Okay. I'm going to show you what's been
3  labeled as Clip 4. This is a video from that same
4  Canton, Ohio show stop. It's in -- this is February
5  19th of 2022. Now, this clip is a bit longer. It's
6  about two minutes long and it involves a guest from
7  the audience. I don't know his name, he's not
8  identified in the -- in the clip. He seems to know
9  your husband. It's possible you know him. We'll see.
10 He introduces your husband and -- and directs people
11 to donate money to a fundraiser that's been set up to
12 respond to this lawsuit. And so he does that for
13 about 45 seconds and then Mr. Clark responds for about
14 a minute. So, we'll try to watch this whole thing
15 through. I may pause it, but we'll try to get through
16 it and I'll have a number of questions for you
17 afterwards.
18    A. Okay.
19        (Video playing.)
20        MR. KLOEWER: Okay, wait. I'll restart
21 this once the volume is up. One second.
22       (Video playing.)
23       Okay, Starting over.
24       (Video playing.)
25    Q. (By Mr. Kloewer) So, about, let me see the

Page 102

1     A. I would think that would be accurate in that
2  window of time.
3     Q. Were you involved with -- were you assisting
4  with managing the -- the family finances with respect
5  to this lawsuit?
6     A. Any invoices that Clay gave me I paid.
7     Q. Okay. He also stated at the end here that he
8  takes not a dime, no salary from the tour. Is that
9  accurate?
10    A. That is accurate.
11    Q. Has he received any compensation from the tour
12 that you're aware of during the few years that the
13 tour has been traveling?
14    A. He has not.
15    Q. Have you received any compensation from the
16 tour during that time?
17    A. I have not.
18    Q. Okay. I'm going to follow up on this question
19 of legal fees. I'm going to play you another clip
20 from Mr. Clark. This is from his podcast on August
21 25th of 2022. I believe this is about another two
22 minute clip. A large -- a large portion of it is
23 irrelevant, but the last few seconds are important and
24 I want to get to those as well. So let me --
25       (Video playing.)

Page 104

1  timestamp here, about a minute and 35 seconds into
2  this clip Mr. Clark says, when I talked to my wife and
3  asked her if we could do it, we knew we would get
4  sued.
5        Do you recall that? Does that refresh
6  your recollection about a conversation you had?
7     A. We didn't have that conversation.
8     Q. So, so Mr. Clark is misrepresenting that to
9  the audience in this instance?
10    A. He knew he would get sued I think is what he's
11 referring to only because since when we got sued he --
12 he mentioned, but I did not have that conversation
13 with him.
14    Q. Okay. And he did say at the beginning at
15 about the 48 second mark that people told him if you
16 do the tour and bring it to Colorado you're going to
17 get sued. So is that what you're referring to there
18 is his -- his knowledge of --
19    A. Yeah, I don't know who those people are, but
20 I -- I heard him say that as well on there, and so I
21 don't -- I'm assuming someone communicated that, I
22 don't know who.
23    Q. He also stated in there that he had spent
24 $110,000 on legal fees in 45 days or $2,500 a day.
25       Do you know if that's accurate?

Page 103

1        Sorry, the -- the audio is clearly not
2  consistent across clips here, so I'll try to get this
3  tolerable here.
4        THE VIDEOGRAPHER: What clip number is
5  this one?
6        MR. KLOEWER: This is Clip 5 from Exhibit
7  10.
8        (Video playing.)
9     Q. (By Mr. Kloewer) So, this video is from August
10 of 2022 and we heard Mr. Clark representing that the
11 ongoing legal fees are three -- about $3,000 a day.
12 So, you had been sued about nine months prior as you
13 indicated before, December 23rd of 2022 -- or '21
14 rather.
15       Does that representation sound accurate to
16 you, $3,000 a day for nine months?
17       MR. QUINN: Object to form, relevance.
18       Go ahead.
19       THE WITNESS: I -- I know what it would
20 have been for about for a year and I can't snapshot
21 windows of time within that.
22    Q. (By Mr. Kloewer) And -- and who is paying for
23 your legal defense here today?
24       MR. QUINN: Object to form, relevance.
25       THE WITNESS: Now our insurance is.

Page 105

27 (Pages 102 - 105)

Veritext Legal Solutions
800-336-4000

```
 1        MR. KLOEWER:  But if we can take like five
 2   minutes and let me just confirm, but I think I'm
 3   probably done.
 4        MR. QUINN:  Great.
 5        THE VIDEOGRAPHER:  Okay.  Off the record.
 6   The time is 12:14.
 7        (A recess was here had 12:14 to 12:25.)
 8        THE VIDEOGRAPHER:  Back on the record.
 9   The time is 12:25.
10     Q.  (By Mr. Kloewer) Okay, just real quick.  I
11   apologize for bringing everybody back for just this
12   one little question, but Mrs. Clark, can you -- you
13   said your CPA is CCK.  Is that CCK Strategies here in
14   Tulsa?
15     A.  I think so.
16     Q.  Okay.
17     A.  Yeah.  I know them as CCK, but they might
18   formally be CCK Strategies.
19     Q.  Okay.
20     A.  It's a tax and accounting firm.
21        MR. KLOEWER:  I don't have any further
22   questions.
23        MR. QUINN:  Okay.
24        MR. KLOEWER:  Pass the witness.
25        MR. QUINN:  The only thing I have is just
                                                Page 158
```

```
 1        THE REPORTER:  Mr. Quinn, do you need a
 2   transcript?
 3        MR. QUINN:  I do, I do.  I'd like to have
 4   the transcript and the video synced if I could,
 5   please.
 6        THE VIDEOGRAPHER:  Okay.
 7        MR. QUINN:  And I don't need anything
 8   rushed but I would like to have it in due course.  How
 9   does that sound?  It's probably the same for Brad.
10        MR. KLOEWER:  Yeah, I was just telling
11   you, Buck, we don't need a rush on it but an
12   electronic copy.
13        (Deposition concluded at 12:26 p.m.)
14        (Signature required; witness excused.)
15
16
17
18
19
20
21
22
23
24
25
                                                Page 160
```

```
 1   because a point of clarity should have come up.  I'm
 2   going to mark a January 18th, 2024 e-mail as Exhibit
 3   18 just exchanged between counsel for the parties
 4   confirming that today's deposition was Ms. -- was Ms.
 5   Clark's deposition in her individual capacity.  I
 6   don't anticipate that this will be a problem in the
 7   future, but I just want to have that.
 8        MR. KLOEWER:  Sure.
 9        MR. QUINN:  Thank you.
10        (Deposition Exhibit Number 18 marked for
11        identification purposes and made part of the
12        record.)
13        MR. QUINN:  Thank you.  Otherwise I have
14   no questions.
15        MR. KLOEWER:  I believe we have e-mail
16   correspondence confirming that as well.
17        MR. QUINN:  Okay.
18        MR. KLOEWER:  But there's no dispute on
19   that.
20        MR. QUINN:  Great.  Thank you.
21        MR. KLOEWER:  Sure.
22        MR. QUINN:  Okay, we're done.
23        THE VIDEOGRAPHER:  Okay.  We're off the
24   record.  The time is 12:26.
25        (An off the record discussion was had.)
                                                Page 159
```

```
 1              J U R A T   P A G E
 2
 3        I, VANESSA CLARK, do hereby state under oath
 4   that I have read the above and foregoing deposition in
 5   its entirety and that the same is a full, true and
 6   correct transcript of my testimony so given at said
 7   time and place, except for the corrections noted.
 8
 9              _____
10                    VANESSA CLARK
11
12   Subscribed and sworn to before me, the undersigned
13   Notary Public in and for the State of Oklahoma, by
14   said witness _____, on this the _____ day
15   of _____, 2024.
16
17   _____
18   Notary Public
19
20   My Commission Expires: _____
21
22   DB
23
24
25
                                                Page 161
```

41 (Pages 158 - 161)

```
 1          Correction Sheet
 2    Witness:VANESSA CLARK    Reporter:  DB
      Attorney:Thomas B. Quinn  Date: 02/07/24
 3    OA: Bradley Kloewer
 4    Case Style: Eric Coomer, Ph.D. -vs- Make Your Life
              Epic, LLC, et al.
 5
      Page Line Correction   Reason for Correction
 6    _____
 7    _____
 8    _____
 9    _____
10    _____
11    _____
12    _____
13    _____
14    _____
15    _____
16    _____
17    _____
18    _____
19    _____
20    _____
21    _____
22    _____
23
24
25    Job No. TX6384011
```

Page 162

```
 1  tquinn@grsm.com
 2              February 21, 2024
 3  Coomer, Eric, Ph.D. v. Make Your Life Epic, Et Al.
 4  DEPOSITION OF: Vanessa Clark (# 6384011)
 5      The above-referenced witness transcript is
 6  available for read and sign.
 7      Within the applicable timeframe, the witness
 8  should read the testimony to verify its accuracy. If
 9  there are any changes, the witness should note those
10  on the attached Errata Sheet.
11      The witness should sign and notarize the
12  attached Errata pages and return to Veritext at
13  errata-tx@veritext.com.
14      According to applicable rules or agreements, if
15  the witness fails to do so within the time allotted,
16  a certified copy of the transcript may be used as if
17  signed.
18              Yours,
19              Veritext Legal Solutions
20
21
22
23
24
25
```

Page 164

```
 1          C E R T I F I C A T E
 2
    STATE OF OKLAHOMA  )
 3            ) SS:
    COUNTY OF OKLAHOMA )
 4
 5        I, David Buck, Certified Shorthand Reporter
 6  within and for the State of Oklahoma, do hereby
 7  certify that VANESSA CLARK was by me first duly sworn
 8  to testify the truth, the whole truth and nothing but
 9  the truth, in the case aforesaid; that the above and
10  foregoing deposition was taken in shorthand and
11  thereafter transcribed; that the same was taken on
12  February 7th, 2024, in Tulsa, Oklahoma; that I am not
13  an attorney for nor a relative of any said parties, or
14  otherwise interested in said action.
15        IN WITNESS WHEREOF, I have hereunto set my
16  hand and official seal this 21st day of February,
17  2024.
18
19
20
21
22
23         David Buck, CSR #1585
24
25
```

Page 163

```
                Federal Rules of Civil Procedure

                            Rule 30
```

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.

6384011 -ENR

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                 FOR THE DISTRICT OF COLORADO
 3       Civil Action No. 21-cv-03440-WJM-KLM
 4       ERIC COOMER, Ph.D.,           )
                                       )
 5                 Plaintiff,          )
                                       )
 6       VS.                           )
                                       )
 7       MAKE YOUR LIE EPIC, LLC       )
         d/b/a THRIVETIME SHOW and     )
 8       CLAYTON THOMAS CLARK,         )
         individually,                 )
 9                                     )
                   Defendants.         )
10
11            VIDEOTAPED DEPOSITION OF VANESSA CLARK
12                 TAKEN ON BEHALF OF THE PLAINTIFF
13                      IN TULSA, OKLAHOMA
14                     ON FEBRUARY 7, 2024
15
16
17             REPORTED BY:  DAVID BUCK, CSR
18
19
20
21
22
23
24
25
                                                      Page 1
```

```
 1                C E R T I F I C A T E
 2
     STATE OF OKLAHOMA   )
 3                       )  SS:
     COUNTY OF OKLAHOMA  )
 4
 5              I, David Buck, Certified Shorthand Reporter
 6     within and for the State of Oklahoma, do hereby
 7     certify that VANESSA CLARK was by me first duly sworn
 8     to testify the truth, the whole truth and nothing but
 9     the truth, in the case aforesaid; that the above and
10     foregoing deposition was taken in shorthand and
11     thereafter transcribed; that the same was taken on
12     February 7th, 2024, in Tulsa, Oklahoma; that I am not
13     an attorney for nor a relative of any said parties, or
14     otherwise interested in said action.
15              IN WITNESS WHEREOF, I have hereunto set my
16     hand and official seal this 21st day of February,
17     2024.
18
19
20
21
22              [signature: David Buck]
23                                    David Buck, CSR #1585
24
25

                                                    Page 163
```

```
 1              ***NOTIFICATION RE RETURN OF ORIGINAL***
 2     -----------------------------------------------------------
                      DEPOSITION OF VANESSA CLARK
 3                          Volume 1 of 1
                           February 7, 2024
 4     -----------------------------------------------------------
 5          The original deposition was/was not returned to
 6     the deposition officer on _ _ _ _ _March 25th 2024_ _ _;
 7          If returned, the attached Changes and Signature
 8     page contains any changes and the reasons therefor;
 9          If returned, the original deposition was sent to
10     Bradley A. Kloewer, Custodial Attorney;
11          That $_N/A____ is the deposition officer's charges
12     to the PLAINTIFF for preparing the original
13     deposition transcript and any copies of exhibits.
14          That a copy of this notification was sent to all
15     parties shown herein this  __15th__   day of __May_____,
16     2024.
17
18
19                       Sincerely,
                         Veritext Legal Solutions
20                       Veritext Registration No. 571
                         300 Throckmorton Street, Suite 1600
21                       Fort Worth, Texas 76102
                         (800) 336-4000
22
23
24
25
                                                          Page 1
```