**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-03440-WJM-KAS

ERIC COOMER, Ph.D.,

      Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW,
REOPEN AMERICA LLC dba REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually,

      Defendants

---

**PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), through counsel, files this Motion for Attorney Fees and Costs in order to provide support for the ordered relief:

**CERTIFICATE OF CONFERRAL**

The undersigned counsel contacted Mr. Sares (counsel for Joseph Oltmann) via email on September 16, 2024, regarding the specific amounts of fees and costs requested herein and also to seek a phone conference to discuss the issue in more detail, if necessary. The undersigned received an out of office response indicating that Mr. Sares would not be in the office this week. The undersigned counsel will follow up with Mr. Sares when he returns and will alert the Court to any further developments as a result of additional conferral. Counsel for Defendants stated that they do not oppose the relief requested herein.

## SUMMARY

1.     Pursuant to the Court's September 4, 2024 Order Overruling Joseph Oltmann's Objections and Adopting as Modified the Magistrate Judge's Recommendation [Dkt. 168] (the Order), Dr. Coomer requests the Court award him fees and costs. The Order awarded attorney's fees and costs directly incurred as a result of Oltmann's noncompliance with Judge Starnella's rulings and orders, as well as a daily $1,000 sanction until Oltmann "fully and in good faith complies with Judge Starnella's rulings and orders."

2.     This Motion seeks an order establishing the amount of court-ordered attorney fees and costs. Mr. Oltmann's has, to date, failed to pay the $1,000 per diem sanction and has publicly declared that he will not comply. That issue will be addressed through a separate motion.

3.     The fees and costs requested are supported by the attached evidence and total $16,966.88 and $2,656.36, respectively.

## BACKGROUND

4.     On June 6, 2024, third party Joseph Oltmann (Mr. Oltmann) fled the Byron White United States Courthouse rather than respond to court-ordered deposition questions and produce court-ordered documents. After learning of the misconduct, Magistrate Judge Starnella immediately held a contempt hearing.

5.     On June 14, 2024, Magistrate Judge Starnella issued her Recommendation for a Finding of Civil Contempt Against Third Party Witness Joseph Oltmann [Dkt. 144].

6.     Mr. Oltmann filed objections to those recommendations on June 28, 2024 [Dkt. 148], and Dr. Coomer filed a response in support of the Recommendations on July 12, 2024 [Dkt. 150].

7.     On September 4, 2024, Judge Martinez issued an Order Overruling Joseph Oltmann's Objections and Adopting as Modified the Magistrate Judge's Recommendation [Dkt. 168].   That Order affirmed Magistrate Judge Starnella's recommendation and ordered Oltmann to pay "the attorney's fees and costs the parties directly incurred as a result of his noncompliance with Judge Starnella's rulings and orders."   *Id*. at p. 13.   The Court also modified Magistrate Judge Starnella's recommendation that Oltmann pay a daily sanction of $300, instead ordering that Oltmann "pay to Coomer $1,000 per day from the date of service of this Order until he fully and in good faith complies with Judge Starnella's rulings and orders."  *Id.*

## ARGUMENT

8.     Federal Rule Civil Procedure 45(g) recognizes the Court's authority to hold a person in contempt when that person fails without adequate excuse to obey the subpoena or an order related to it.  The Court relies on its inherent authority to impose sanctions to maintain order and address improper behavior in the proceedings before it. *In re Arrowhead Financial ICT, LLC*, 2024 WL 2305786 (D. Kan. May 20, 2024) (citing *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.)*, 40 F.3d 1084, 1089 (10th Cir. 1994).  This inherent authority authorizes the Court to impose compensatory monetary sanctions for contempt, including awarding attorney's fees incurred due to the

noncompliance and in pursuing a motion for sanctions.  *Id.* (citing *In re Van Winkle*, 598 B.R. 297, 301 (Bankr. D.N.M. 2019).

9.     The Court may "impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995); *see also Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657-58 (2d Cir. 2004).

10.     Pursuant to the Order, Dr. Coomer submits the Declaration of Plaintiff's counsel, Charles J. Cain, attached hereto as **Exhibit A**, along with evidence attached thereto, in support of the Order reflecting fees and costs incurred as a result of Mr. Oltmann's noncompliance with this Court's prior orders and Dr. Coomer's subpoena in the amount of **$19,623.24**.

11.     As reflected in the Declaration, the central purpose of the deposition was to obtain evidence related to Mr. Oltmann's claimed conduit to the alleged Antifa call and his access to Plaintiff's Facebook page.  This purpose was completely frustrated through Mr. Oltmann's non-compliance and ultimate escape from the courthouse.  However, Plaintiff was able to question Mr. Oltmann regarding other topics during the deposition and, thus, not all fees and costs incurred were directly incurred because of Mr. Oltmann's noncompliance with Judge Starnella's ruling and orders.   Plaintiff has reviewed contemporaneous time records and, where appropriate, has assigned either no value or included a lesser percentage to certain fees and costs to account for matters outside of the

Court's award.  Plaintiff interpreted the Court's ruling as requiring a "but for" analysis relating to the fees and costs associated with Mr. Oltmann's non-compliance.

<strong>PRAYER</strong>

For the reasons stated herein, Eric Coomer, Ph.D. prays this Court grant this Request and award him fees and costs in the amount of **$19,623.24**, incurred as a direct result of Mr. Oltmann's non-compliance with this Court's prior orders and Dr. Coomer's subpoena.

Respectfully submitted this 17th day of September 2024.

*/s/ Charles J. Cain*

Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**