IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03440-WJM-KAM

ERIC COOMER, Ph.D.,
    Plaintiff,

v.

MAKE YOUR LIFE EPIC, LLC, d/b/a THRIVETIME SHOW,
REOPEN AMERICA, LLC d/b/a REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually,

    Defendants.

## **UNOPPOSED** MOTION TO AMEND SCHEDULING ORDER

Defendants Make Your Life Epic, LLC, d/b/a Thrivetime Show, Reopen America, LLC d/b/a Reawaken America Tour, and Clayton Thomas Clark ("Defendants") move to amend the Scheduling Order and as support therefore state as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Defendants conferred with counsel for Plaintiff concerning the relief sought in this motion and states that Plaintiff does not oppose the relief requested herein.

### INTRODUCTION

1.   Defendants move to amend the Scheduling Order to extend discovery cutoff by thirty days and the dispositive motions deadline by thirty days from discovery cutoff. The amendment is necessary to facilitate pending discovery issues and cure the procedural anomaly of those deadlines preceding the deadline for Defendants' response to the Second Amended

1

Complaint.

## PERTINENT PROCEDURAL HISTORY

2. The Court entered the original Scheduling Order in this action on May 18, 2023. [Doc. 75].

3. Due to a myriad of discovery difficulties, including efforts to obtain discovery from a non-party, Joe Oltmann, the Court has granted the parties several extensions of the discovery cut off and dispositive motions deadline.

4. The most recent modification of the scheduling order extended the discovery cut-off deadline to 21 days after the entry of Orders on two pending motions. [Doc. 162]. The second of those Orders was entered on September 4, 2024 [Doc. 168], making discovery cut-off September 25, 2024 and the dispositive motions deadline October 4, 2025.

5. In the interim, however, the Court granted Plaintiff leave to file a Second Amended Complaint on September 19, 2024 [Doc. 174], and ordered Defendants to file their responsive pleading to the Second Amended Complaint on or before October 11, 2024. [Doc. 176].

6. As a result, discovery cut-off and the dispositive motions deadlines would expire before the deadline for Defendants to file their response to Plaintiff's Second Amended Complaint.

7. In addition, the parties are engaged in a discovery dispute, necessitating a hearing, which has not yet occurred and Plaintiff produced a number of new documents as recently as September 19, 2024.

8. Other discovery issues include Plaintiff's forthcoming Motion to Show Cause for Joe Oltmann's failure to appear for a deposition as required by the Court's September 4, 2024 Order, and Plaintiff has not been able to serve a deposition subpoena on non-party Ryan McBride.

2

## ARGUMENT

9.      Pursuant to Fed. R. Civ. P. 16(b)(4), a deadline established by a scheduling order may be extended upon good cause with the court's consent. *See Larimer v. OcWen Loan Servicing*, 2015 WL 4036181 at 83 (D. Colo. July 1, 2015) (finding good cause existed to extend the defendant's expert disclosure deadline by three-weeks where the parties had been engaged in discovery and appeared to be on track to hold their final pretrial conference). To demonstrate good cause, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins,* 315 Fed.Appx. 57, 61 (10th Cir. 2009) (citation omitted); *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

10.      As explained above, good cause exists to extend discovery cut-off and the dispositve motions deadlines because it is procedurally untenable for such deadlines to precede the filing of Defendants' responsive pleading to Plaintiff's Second Amended Complaint, adding a demand for punitive damages. Further, the parties notified Magistrate Judge Starnella on September 19, 2024 of their discovery dispute and requested a hearing on the same.

11.      The parties have made diligent efforts to timely conclude discovery in this matter, including continued conferral in regard to their discovery dispute, attempts to set Joe Oltmann's deposition, and attempts to serve non-party witness McBride. Despite these efforts, however, and due to the timing of the deadline for Defendants' Response to the Second Amended Complaint, they cannot complete discovery and prepare dispositive motions by the current deadlines.

12. Defendants request the following deadline modifications:

|  | **Current Deadline** | **Extended Deadline** |
|---|---|---|
| **Discovery Cut Off** | September 25, 2024 | October 25, 2024 |
| **Dispositive Motions** | October 4, 2024 | November 25, 2024 |

13. The requested relief will not prejudice Plaintiff as shown by his lack of objection. Plaintiff himself has requested multiple extensions of the same deadlines. Nor will the amendment delay the proceedings or jeopardize a final pre-trial conference, which has yet to be scheduled.

14. As set forth above, good cause exists to amend the Scheduling Order to provide the Defendants with an additional time to resolve their discovery dispute and depose necessary witnesses.

WHEREFORE, Defendants Make Your Life Epic, LLC, d/b/a Thrivetime Show, Reopen America, LLC d/b/a Reawaken America Tour, and Clayton Thomas Clark, respectfully request the Court amend the Scheduling Order as set forth above and for such further relief as the Court deems appropriate.

Dated this 26th day of September, 2024.

GORDON REES SCULLY
MANSUKANI, LLP

 /s/ Melissa A. Wiese
Thomas B. Quinn
Melissa A. Wiese
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
tquinn@grsm.com
mwiese@grsm.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of September 2024 a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court, which will send notification to all counsel of record.

                                            */s/ Karla M. Freeman*
                                            Karla Freeman