IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff,

v.

MAKE YOUR LIFE EPIC LLC, d/b/a THRIVETIME SHOW,
REOPEN AMERICA LLC d/b/a REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually,

    Defendants.

---

## ORDER TO SHOW CAUSE

    This matter is before the Court on Plaintiff's Motion to Show Cause Regarding September 4, 2024 Contempt Order (the "Motion") (ECF No. 181). The Court construes the Motion as seeking an order to show cause as to why further coercive contempt sanctions should not be imposed on Non-Party Joseph Oltmann for his failure to comply with this Court's Order Overruling Joseph Oltmann's Objections and Adopting as Modified the Magistrate Judge's Recommendation (ECF No. 168) (the "Prior Order").

    As so construed, the Motion is GRANTED IN PART as more fully set forth below.

    1.    The Court hereby SETS an Evidentiary Hearing (the "Hearing") on this Order to Show Cause for **Wednesday, October 9, 2024 at 9:00 a.m.** in Courtroom A801. At the Hearing, the Court will hear argument and receive evidence on two issues:

        (A)    As of the date of the Hearing, is Non-Party Joseph Oltmann in timely and material compliance with the Prior Order? and

    (B) To the extent Plaintiff establishes at the Hearing that the answer to Issue A is no, has Oltmann shown sufficient cause as to why additional coercive contempt sanctions, including without limitation incarceration, should not be imposed upon him until such time as he comes into full compliance with the Court's Prior Order?

  2. The Court has reviewed Oltmann's response to the Motion, wherein he purports to "assert[] his status as a journalist and exercise[] his privilege not to disclose the identity of his source for getting onto the Antifa Call and for the access to Coomer's Facebook Account that Mr. Oltmann has used in his reporting." (ECF No. 188 at 6.)  But Oltmann has waived this argument.  He did not mention, let alone claim, a journalist privilege in his earlier papers in this case.  Contrary to his assertion, Oltmann did not raise this issue in his Reply to Plaintiff's Response to Nonparty Joseph Oltmann's Objection to Subpoena and Motion for Protective Order.  (*Id.* at 8–9; *See* ECF No. 122 at 10 (relying on an attorney-based privilege, not a journalist privilege).)  Nor did he raise or argue the privilege in his Objection to Magistrate Judge Kathryn A. Starnella's Recommendation that the Court find him to be in civil contempt.  (*See generally* ECF No. 148.)

  3. Consequently, the Court deems this argument waived, and will not entertain argument or receive evidence on this issue at the Hearing.  *See Maldonado v. Marthenz*, 2024 WL 4142102 at *1 (10th Cir. 2024) ("[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.") (citation omitted); *see also* Marshall *v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in

objections to the magistrate judge's recommendation are deemed waived.").

4. The Court will use the following procedure at the Hearing: Counsel for Plaintiff and Oltmann will have no more than ten minutes for opening statements. These statements will be followed by the presentation of evidence by Plaintiff and Oltmann on the two issues set forth above.  In the Court's discretion, Plaintiff may be permitted to introduce true rebuttal evidence.  Counsel for Plaintiff and Oltmann will have no more than ten minutes for closing arguments.

5. Defendants may, but are not required to, attend and participate in the Hearing in the same manner as Plaintiff and Oltmann.  Defendants are DIRECTED to file by no later than **12:00 noon on October 7, 2024** a Notice with the Court describing the extent to which one or more of them will participate in the Hearing, if at all.

6. The parties shall familiarize themselves with the undersigned's Revised Practice Standards with regard to evidentiary hearings, and with particular emphasis on WJM Revised Practice Standard V.F.1, which requires the parties to meet and confer regarding proposed exhibits and, to the maximum extent possible, stipulate to the authenticity and admissibility thereof. The parties are also encouraged to consult the "Morning-of-Trial Deliverables" portion of the undersigned's Trial Preparation Conference & Pretrial Checklist.

7. The Court expects to issue an abbreviated oral ruling on its Order to Show Cause prior to the conclusion of the Hearing, to be followed by a prompt written order detailing the Court's findings and conclusions in support of its decision.

8. Oltmann's requests that the Court stay enforcement of the Prior Order and this Order to Show Cause, and that it deny or delay proceeding with the Hearing, are

DENIED for lack of good cause shown.

Dated this 3rd day of October, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge