**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03440-WJM-KAS

ERIC COOMER, Ph.D.,
*Plaintiff*

v.

MAKE YOUR LIFE EPIC, LLC, *et al.*,
*Defendants*

---

**NON-PARTY JOSEPH OLTMANN'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

---

Non-party, Mr. Joseph Oltmann, through undersigned counsel, hereby responds to the "Plaintiff's Motion For Attorney Fees and costs [Plaintiff's Motion] [ECF 170] as follows:

Plaintiff improperly seeks to recover fees and costs based on a litany of improper basis and reasons. The Court ordered Oltmann to pay only the fees and costs "directly incurred" by his noncompliance. **ECF 168 pg. 13 ¶3**. The Court did not order that Plaintiff could recover unrelated, unnecessary, duplicative, block billing, and time that would have already been required by Plaintiff to have been expended.

<u>**ARGUMENT**</u>

**EXTENSIVE DEDUCTIONS TO THE FEES SOUGHT BY PLAINTIFF ARE WARRANTED**

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233*, 157 F3d. 1243, 1249 (10th Cir. 1998)(internal citations omitted). The prevailing party bears the burden of proof in establishing the lodestar "by submitting meticulous, contemporaneous time

records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id*. at 1250. The prevailing party must also exercise billing judgment and make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…" *Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983). Where the prevailing party's effort appears "inadequate, the district court may reduce the award accordingly." *Id*. at 433. Here, Plaintiff's attorneys have not exercised the degree of billing judgment required. Accordingly, extensive deductions are appropriate for the reasons described below.

### A. Deposition Time Already Required

| Date | Description | Attorney | Hours | Billed | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 5/28/24 | Preliminary preparations for deposition of Joe Oltmann, including review of various relevant video clips and multiple emails to Scotti Beam and Stephanie Fulmer. | Brad Kloewer (bkloewer) | 3.0 | 0.75 | $275.00 | $825.00 | 25% | $206.25 |
| 5/30/24 | Preliminary preparations for deposition of Joe Oltmann, including review of various relevant video clips and multiple emails to Scotti Beam and Stephanie Fulmer. | Brad Kloewer (bkloewer) | 2.5 | 0.625 | $275.00 | $687.50 | 25% | $171.88 |

**[ECF 170-3] Exhibit 2**.

1. In these charges Plaintiff seeks to recover the time watching various video clips and sending internal emails to staff. Plaintiff would have undoubtedly watched those exact videos clips regardless of whether Plaintiff was going to ask questions of Oltmann related to the subjects that Oltmann has now been sanctioned for. Therefore, no time spent should be awarded to Plaintiff as such time would have already been incurred regardless of Oltmann' conduct.

| Date | Description | Attorney | Hours | Billed | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 6/4/24 | Preparation for Oltmann deposition, including compilation of exhibits, review of record, and outline drafting. | Brad Kloewer (bkloewer) | 5.0 | 1.25 | $275.00 | $1,375.00 | 25% | $343.75 |
| 6/5/24 | Preparation for deposition of Joe Oltmann; travel to Denver; dinner and discussions with Charlie Cain and Eric Coomer. | Brad Kloewer (bkloewer) | 8.0 | 2.0 | $275.00 | $2,200.00 | 25% | $550.00 |

**[ECF 170-3] Exhibit 2**.

2. Plaintiff's counsel spent thirteen (13) hours preparing for Oltmann's deposition and asserts that 3.25 hours was necessary in order to prepare for the two (2) questions related to identification of the individual that provided the conduit to the antifa call and Plaintiff's Facebook

page. It is quite implausible how three plus hours would be needed to prepare for those two (2) questions. Plaintiff has provided no explanation of what was necessary, and what preparations went into asking those two (2) questions in order to incur 3.25 hours of time. The only reasonable explanation is that all of that time spent, the full thirteen (13) hours, would have been necessary deposition preparation whether those two (2) specific questions were or were not asked, and therefore, those fees were not incurred as a direct result of Oltmann's noncompliance.

**[ECF 170-3] Exhibit 2**.

### B. Excessive Time & Duplication of Services

3. In examining the reasonableness of the time expended on each task, the "*Ramos* court suggested that among the factors to be considered were (1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) '**potential duplication of services' by multiple lawyers**." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)(quoting *Ramos*, 761 F.2d at 554) (emphasis added). Thus, the court must "ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id*.

| 6/6/24 | Oltmann deposition and hearing. Communication with courtroom deputy regarding Oltmann | Charlie Cain (ccain) | 8.5 | 6.375 | $ 500.00 | $ 4,250.00 | 75% | $ 3,187.50 |

**[ECF 170-3] Exhibit 2**.

4. Plaintiff was represented at the deposition by attorney Brad Kloewer. Mr. Kloewer was the only attorney for Plaintiff to bill for time spent preparing for the deposition of Mr. Oltmann. Therefore it was entirely unnecessary, unproductive, and nothing more than excessive to have two (2) attorneys attend the deposition. For that reason, the fees billed by Attorney Cain should be denied.

5. Secondly, the deposition did not go for 8.5 hours as claimed in the billing, which means Plaintiff's counsel is improperly billing. The parties met and conferred with the Court at 9:00 a.m. **Exhibit A 6:2-8**. The deposition started therefore at the earliest at 9:00 a.m. The parties took their first break from 11:07 a.m. through 11:26 a.m., or roughly twenty (20) minutes. *Id.* **pg. 103:15-20**. The parties then took lunch from 12:02 p.m. through 12:35 p.m., or roughly thirty (30) minutes. *Id.* **pg. 144:22-145:2**. At 12:53 p.m. the parties went of the record and the court reporter was dismissed by the court at 3:15 p.m. *Id.* **pg. 161:2-7**. The court reporter notes that the actual time on the record was a mere two hours and thirty-seven minutes (2:37). *Id*. Even taking the time from 9:00 a.m. to 3:15 p.m., minus the fifty (50) minutes for the first break and lunch, means Plaintiff could only have billed for five hours and thirty-five minutes (5:35) at best. Meaning Plaintiff's counsel is at a minimum billing for three (3) hours of time that could not have been incurred under any scenario but more specifically could not have been incurred as "direct" result of Oltmann's noncompliance.

6. Third and finally, it is unclear how Plaintiff can assign 25%[1] of his deposition preparation as being directly incurred as a result of Oltmann's noncompliance, but then claim that 75% of the time incurred by Attorney Cain was directly the result of Oltmann's noncompliance if only 25% of the preparation time was related to such noncompliance.

| Date | Description | Attorney | Hours | Hours | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 7/8/24 | Preliminary review of Oltmann objections to contempt recommendation and drafting of response. | Brad Kloewer (bkloewer) | 1.5 | 1.5 | $ 275.00 | $ 412.50 | 100% | $ 412.50 |
| 7/9/24 | Response to Oltmann objections to contempt recommendation, including review of various videos and old interviews, compilation of exhibits. | Brad Kloewer (bkloewer) | 6.0 | 6.0 | $ 275.00 | $ 1,650.00 | 100% | $ 1,650.00 |
| 7/10/24 | Work on exhibits for response in support of magistrate's recommendations regarding Oltmann; prepare amended deposition notice for Fleming and attend to service of same. | Scotti Beam (sbeam) | 1.1 | 1.1 | $ 137.50 | $ 151.25 | 100% | $ 151.25 |
| 7/11/24 | Call with Charlie Cain and final revisions to response to Oltmann contempt recommendation; related revisions to McBride subpoena. | Brad Kloewer (bkloewer) | 1.0 | 1.0 | $ 275.00 | $ 275.00 | 100% | $ 275.00 |
| 7/12/24 | Review and edits to response in support of magistrate recommendations; gather and mark exhibits; communicate with litigation team; finalize and attend to filing same. | Scotti Beam (sbeam) | 1.8 | 1.8 | $ 137.50 | $ 225.00 | 100% | $ 225.00 |
| 7/12/24 | Final review of response to Oltmann contempt recommendation. | Brad Kloewer (bkloewer) | 0.5 | 0.5 | $ 275.00 | $ 137.50 | 100% | $ 137.50 |

**[ECF 170-3] Exhibit 2**.

---

[1] See Paragraphs 1 and 2 above.

7. Here Plaintiff spent 10.9 hours drafting a response to Oltmann's objections to the Magistrate's recommendations. Plaintiff response was only eleven (11) pages, meaning Plaintiff spent an hour per page drafting his response. This represent overly excessive and duplicate billing which is borne out by the billing entries because three (3) separate individuals billed on a matter that in all reality should have been handled by a single attorney.

C. **Inadequate Documentation of Invoice/Block Billing**

8. In *Jane L. v. Bangerter*, 61 F.3d 1505 (10th Cir. 1995), the court reiterated that it is plaintiff's burden in an application for attorney's fees to "prove and establish the reasonableness of each dollar, each hour, above zero." *Id*. at 1510 (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)). The court noted that in order to meet that burden, "we require that lawyers keep meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Id*. (citing *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir. 1983)). In light of this burden, the court found that the district court did not abuse its discretion by reducing the number of compensable hours by 35 percent because plaintiff's "sloppy and imprecise time records" failed to adequately document how plaintiff's attorney utilized large blocks of time. *Id*.

9. Here, the time records submitted by Plaintiff's counsel are inadequate by standards established by the courts. Far from keeping the requisite "meticulous" records, Plaintiff's counsel's records are vague, not sufficiently descriptive and fail to reveal how the hours they spent working on this case are allotted to specific tasks.

10. These flawed entries make it virtually impossible to assess the reasonableness of the time spent on the individual task. *See Latin v. Bellio Trucking, Inc.*, 2016 WL 9725289, *4 -

*5 (D. Colo. November 23, 2016)(Judge Daniel finding that vague descriptions such as "Trial Preparation" in prevailing counsels' billing records warrant a general reduction of hours).

11. A number of the time entries lump together all of the work performed in a given day under a single claim for hours.  Plaintiff's failure to identify the time spent on an individual task makes an analysis of whether he spent a reasonable amount of time on that task virtually impossible.  Moreover, Plaintiff's failure to identify the time spent on an individual task also makes it somewhat difficult to identify duplicative entries.

12. In light of the shoddy and imprecise time records, a significant reduction of time and fees is warranted. *See e.g., Biax v. Nvidia Corporation*, 2013 WL 4051908, *4 (D. Colo. August 12, 2013)(Judge Brimmer reducing total fees by 10% to account for imprecise invoices), *University of Kansas v. Sinks*, 2009 WL 3191707,*6 (D. Kan. September 28, 2009)(reducing prevailing counsel's time by 12% for block billing).

| Date | Description | Attorney | Hours | Billed | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 6/6/24 | Preparation for deposition of Joe Oltmann; deposition; contempt hearing; follow up discussions with team and dinner with client. | Brad Kloewer (bkloewer) | 10.0 | 7.5 | $275.00 | $2,750.00 | 75% | $2,062.50 |

**[ECF 170-3] Exhibit 2**.

13. Oltmann incorporates his argument above as if fully set forth below.  Oltmann, further argues that this entry is improper block billing and prevents Oltmann and the Court from determining what time spent is related to what task and what time spent is being requested as recoverable.  Certainly, it is unclear how additional deposition preparation was necessary the morning of the deposition as Plaintiff had already spent 13 hours, but even more so, how such time was directly incurred as a result of Oltmann's noncompliance.  One has to guess.  The court reporter certified that the deposition only took two hours and thirty-seven (2:37) minutes, but taking a more liberal position, no more than 5:35 minutes.  Additionally, it is entirely unclear how "dinner with client" could ever be a recoverable fee, even if were reduced to 25%.

A reasonable amount of time would be less than half an hour of Attorney Kloewer's time.

| Date | Description | Attorney | Hours | Hours | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 6/7/24 | Review and annotation of Conservative Daily from yesterday describing how Oltmann walked out of his deposition; drafting of supplemental notice to Court for contempt recommendation; return travel from Denver. | Brad Kloewer (bkloewer) | 8.0 | 8.0 | $275.00 | $2,200.00 | 100% | $2,200.00 |

**[ECF 170-3] Exhibit 2**.

14.  This entry against represents improper block billing and should be stricken for that reason alone. Reviewing and annotating a podcast post deposition is entirely free and separate from any fees "directly incurred" as a result of the Oltmann's noncompliance. It certainly should not take an attorney eight (8) hours to draft a supplemental filing. Finally any travel time back to Salida, Colorado, which is approximately three (3) hours, would have been incurred regardless of Oltmann's noncompliance. To the extent Plaintiff argues that he will have to reincur such time at a later date, at that time, and if such costs are incurred, Plaintiff can seek relief from the Court but driving back to one's own home post deposition would have occurred no matter what.

| Date | Description | Attorney | Hours | Hours | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 6/14/24 | Review of magistrate's contempt recommendation against Oltmann; related discussions with Charlie Cain, Eric Coomer, and Heidi Beedle. | Brad Kloewer (bkloewer) | 1.2 | 1.2 | $275.00 | $330.00 | 100% | $330.00 |

**[ECF 170-3] Exhibit 2**.

15.  This entry again represent improper block billing making it impossible to determine what tasks took what amount of time and what tasks were directly incurred as to Oltmann's noncompliance. The reviewing the Magistrate's order may be related, discussing the same with an attorney is not a fee directly incurred as the recover of fees for intra-firm conferencing is rarely billable to a client. Plaintiff additionally attempts to recover time spent communicating with a third-party individual unrelated to the case, Heidi Beedle which Oltmann should not have to pay for nor would it have been directly incurred as a result of what Oltmann was found to be in noncompliance for.

| Date | Description | Attorney | Hours | Hours | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 7/11/24 | Call with Charlie Cain and final revisions to response to Oltmann contempt recommendation; related revisions to McBride subpoena. | Brad Kloewer (bkloewer) | 1.0 | 1.0 | $275.00 | $275.00 | 100% | $275.00 |

**[ECF 170-3] Exhibit 2**.

16. This entry represent improper block billing making it impossible to determine what tasks took what amount of time and what tasks were directly incurred as to Oltmann's noncompliance. Here Plaintiff is trying to recover in part, time spent for the revisions of a subpoena for an individual named "McBride." Whoever "McBride" may be, undisputedly that person is unrelated to Oltmann's alleged noncompliance and because of the lack of specificity provided by Plaintiff, it is impossible to know how much time that task took.

| Date | Description | Timekeeper | Hours | Billed Hours | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 9/4/24 | Review of order holding Oltmann in contempt; various follow up calls and emails with multiple interested parties; discussions with client and Charlie Cain; emails with various journalists; review of related news coverage. | Brad Kloewer (bkloewer) | 2.0 | 2.0 | $275.00 | $550.00 | 100% | $550.00 |

**[ECF 170-3] Exhibit 2**.

17. This entry represent improper block billing making it impossible to determine what tasks took what amount of time and what tasks were directly incurred as to Oltmann's noncompliance. Spending time calling journalists was in no plausible way directly incurred as a result of Oltmann's noncompliance. The choice to run to the media is Plaintiff's own choice and is wholly unrelated to any need for legal representation let alone related to Oltmann.

D. **Time spent on paralegal tasks and clerical tasks.**

Work of a clerical nature is rarely billable to a client and is typically part of a firm's overhead. Accordingly, it is not properly billed to the opposing party. *See Missouri v. Jenkins by Ageyi*, 491 U.S. 274, 288 n. 10 (1989)(finding that non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate regardless of who performs them."). *See also Scott v. City and County of Denver*, 2014 WL 287558, *4 (D. Colo. Jan. 27, 2014)(Judge Krieger finding that plaintiff's counsel Ms. Lucas inappropriately billed for tasks that should have been performed by clerical staff. "The Court assumes this entry concerns Ms. Lucas' attempts to view or copy a video pertinent to the case, but it is unclear why this task was not delegated to a competent non-attorney staff member. Certainly, these tasks did not call upon Ms. Lucas' legal knowledge or

expertise.").

| Date | Description | Timekeeper | Hours | Billed | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 6/14/24 | Receive and review recommendations of magistrate for finding of contempt regarding Oltmann; distribute same to litigation team and client; serve deposition subpoena and notice of deposition of Mary-Katharine Fleming on opposing counsel. | Scotti Beam (sbeam) | 0.8 | 0.8 | $137.50 | $110.00 | 100% | $110.00 |

**[ECF 170-3] Exhibit 2**.

18.  The review of the Magistrate's order by a paralegal is wholly unnecessary when the same Magistrate's order would be reviewed by not one but two of Plaintiff's attorneys. The reasonable amount of time to download and distribute a pleading should take about .2, not almost an hour. Additionally, the paralegal appears to have combined such tasks with also drafting a notice of deposition for an individual named "Mary-Katharine Fleming," which undisputedly is unrelated to Oltmann. It is likely based on review of the paralegal's other billings, the paralegal would have spent .6 drafting the notice of deposition for the other individual, as such .6 should be written off.

| Date | Description | Timekeeper | Hours | Billed | Rate | Amount | % | Total |
|---|---|---|---|---|---|---|---|---|
| 6/6/24 | Communication with courtroom deputy regarding Oltmann deposition; review Conservative Daily podcast in attempt to record same after Oltmann walk out of deposition; provide Brad Kloewer prior order relating to substituted service on Oltmann. | Scotti Beam (sbeam) | 1.8 | 1.8 | $137.50 | $247.50 | 100% | $247.50 |
| 6/7/24 | Receive courtroom minutes; emails relating to ordering transcript of 06-06-24 hearing; prepare draft of supplemental filing; finalize and attend to filing same. | Scotti Beam (sbeam) | 1.2 | 1.2 | $137.50 | $165.00 | 100% | $165.00 |
| 6/14/24 | Receive and review recommendations of magistrate for finding of contempt regarding Oltmann; distribute same to litigation team and client; serve deposition subpoena and notice of deposition of Mary-Katharine Fleming on opposing counsel. | Scotti Beam (sbeam) | 0.8 | 0.8 | $137.50 | $110.00 | 100% | $110.00 |
| 6/18/24 | Communications with court reporter for 06-07-24 hearing; communicate with Brad Kloewer regarding same. | Scotti Beam (sbeam) | 1.0 | 1.0 | $137.50 | $137.50 | 100% | $137.50 |
| 6/28/24 | Receive and review Oltmann objections to magistrate recommendation for finding of contempt; update docket regarding response thereto. | Scotti Beam (sbeam) | 0.2 | 0.2 | $137.50 | $27.50 | 100% | $27.50 |
| 7/1/24 | Receive and process transcript from 06-06-24 hearing. | Scotti Beam (sbeam) | 0.5 | 0.5 | $137.50 | $68.75 | 100% | $68.75 |
| 7/8/24 | Prepare draft of outline for response to Oltmann's objections to Magistrate's Recommendation. | Scotti Beam (sbeam) | 0.5 | 0.5 | $137.50 | $68.75 | 100% | $68.75 |
| 7/10/24 | Work on exhibits for response in support of magistrate's recommendations regarding Oltmann; prepare amended deposition notice for Fleming and attend to service of same. | Scotti Beam (sbeam) | 1.1 | 1.1 | $137.50 | $151.25 | 100% | $151.25 |
| 7/12/24 | Review and edits to response in support of magistrate recommendations; gather and mark exhibits; communicate with litigation team; finalize and attend to filing same. | Scotti Beam (sbeam) | 1.8 | 1.8 | $137.50 | $225.00 | 100% | $225.00 |
| 9/4/24 | Review order holding Oltmann in civil contempt; communications with litigation team regarding same. | Scotti Beam (sbeam) | 0.5 | 0.5 | $125.00 | $62.50 | 100% | $62.50 |

**[ECF 170-3] Exhibit 2**.

19.     Here, Plaintiff seeks to recover paralegal fees which include drafting pleadings which borders on the line of the unauthorized practice of law.  Plaintiff's seeks paralegal rates for clerical tasks.  For example, the paralegal consistently bills for downloading case pleadings, for filing pleadings, calendaring, bills for e-filing and serving pleadings, uploading pleadings and other documents to the file.  In sum, the types of clerical tasks performed by the paralegals described above are part of a firm's overhead and are not properly billed to the opposing party. *See Castro v. First Nat. Collection Bureau, Inc.*, 2012 WL 4468318, *2 n. 4 (D. Colo. Sept. 27, 2012)("I find counsel's argument that entries of .1 hour for tasks such as electronically filing documents with the court or sending an email to the court are justified because he cannot bill in a smaller increment thoroughly unconvincing. It does not take a law degree or paralegal training to send an email…In any event, such routine and inconsequential clerical tasks are more properly considered part of overhead, and thus not properly billable regardless of who performs them.").

### E. Unnecessary Costs

i.     Transcript Costs

20.    Plaintiff seeks to recover 25% of the deposition transcript costs as well as 25% of the video costs associated with the deposition.  **[ECF 170] Exhibits 3-4**.  Plaintiff  provides an arbitrary number of 25% without any real explanation of how he came to that percentage.  Again the Court's finding of noncompliance is limited to Oltmann refusal to provide the name(s) of the person(s) who provided the conduit to the antifa call and Plaintiff's Facebook page.  The questioning of such topics did not take 25% of the deposition time.  In all actuality the questioning was limited to a few pages, meaning the time spent was marginal at best.  Additionally,  Plaintiff incurred unnecessary costs by requesting a rough draft of the transcript and requesting the "Premium Litigation Package," which are not necessary costs nor directly incurred due to the

Oltmann's noncompliance. Therefore the entire cost of the transcript should be excluded as it would have been incurred regardless.

21.     Plaintiff's request for costs incurred related to the video recording of the deposition are likewise improper. First, Oltmann offered to attend the deposition via Zoom, which offers free recording, thus any video costs were unnecessary. Secondly, the videorecording of the deposition was not necessary as it was transcribed by a certified court reporter and lastly because such costs were already going to be incurred. Meaning they are not related nor were they directly incurred as a result of Oltmann's noncompliance.

    ii.     *Travel Costs of Bradley Kloewer*

22.     Plaintiff seeks to recover the milage fees for his first attorney Bradley Kloewer to travel to Denver, Colorado from Salida, Colorado. **See Exhibit 5**. This is improper as Mr. Kloewer would have incurred those costs regardless of Mr. Oltmann's noncompliance. Secondly, Plaintiff has repeatedly stated that Oltmann's noncompliance at best represents 25% of their time, so at a minimum any travel time/costs should be reduced to a maximum of 25%.

23.     Same argument as to the travel costs applies to Mr. Kloewer request for hotel accommodations, they would have been incurred regardless of any noncompliance. An additional issue to the hotel accommodations is that Mr. Kloewer seeks costs for two (2) nights worth of hotel accommodations. The cost for the hotel stay on June 5, 2024, the day before the deposition, admittedly is not an unreasonable cost to incur, albeit not directly incurred as a result of Oltmann's noncompliance, given that the deposition was set to start at 9:00 a.m. and Mr. Kloewer had to drive three (3) hours. However, a second night is not and was not necessary nor related to Oltmann's noncompliance. The Court released all parties by 3 p.m. on the afternoon of June 6th. The running deposition time was less than three (3) hours, and the total time spent, outside of scheduled breaks

was approximately five (5) hours. Meaning Mr. Kloewer could have driven home with less than 9 hours billed on the day. Instead Mr. Kloewer chose for no reason realted to Mr. Oltmann's noncompliance to stay and have dinner with Plaintiff.

| 6/6/24 | Preparation for deposition of Joe Oltmann; deposition; contempt hearing; follow up discussions with team and dinner with client. | Brad Kloewer (bkloewer) | 10.0 | 7.5 | $ 275.00 | $ 2,750.00 | 75% | $ 2,062.50 |

**[ECF 170-3] Exhibit 2**. A decision that was unrelated to Oltmann's deposition and is an unnecessary cost.

    i. *Travel Costs of Charles Cain*

24. Plaintiff and/or his counsel made the choice to have two (2) attorneys attend the deposition. Only one attorney, Mr. Kloewer would have been allowed to question Mr. Oltmann. Mr. Cain spent zero time preparing for the deposition, or at least he cannot cite to any billing of such. Therefore it appears his appearance was more cosmetic than anything.

25. In examining the reasonableness of the time expended on each task, the "*Ramos* court suggested that among the factors to be considered were (1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) '**potential duplication of services' by multiple lawyers**." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)(quoting *Ramos*, 761 F.2d at 554) (emphasis added).

26. The same argument made above that the attorney costs of travelling would have been incurred regardless of any noncompliance applies, but also the fact that Mr. Cain's costs with travelling are completely unnecessary and Plaintiff should not be so compensated because he decided he wanted two (2) attorneys to attend a deposition. That is a cost that Plaintiff should solely be burdened with.

27. As to the hotel accommodations, the argument made against Mr. Kloewer's costs likewise applies in addition to the duplicity of the costs. Therefore they should be denied.

## CONCLUSION

28. Plaintiff has to recognize these time entries lack sufficient information to determine whether time billed and costs were directly incurred as a result of Oltmann's noncompliance and because of such should be denied. The party requesting a fee award bears the burden of showing that the hours incurred were reasonable and necessary to achieve the result obtained. It is not possible to determine whether the above entries were reasonable and necessary, given the omitted time and description of activity.

For any fee(s) or cost(s) the Court does find were incurred directly as a result of Oltmann's noncompliance, Oltmann would argue that any fee/cost should be reduced to 10% of the claimed amount, as that would represent a more accurate representation of the fee/cost related to the limited areas inquire at Oltmann's deposition in which he was found to be in noncompliance. Accordingly, Defendant requests that the Court make extensive deductions to the fees sought by Plaintiff.

Respectfully submitted this this 4th day of October, 2024.

*s/ Mark A. Sares*
Mark A. Sares, #19070
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone:   720-875-9140
Fax:       720-875-9141
msares@hkjp.com
ATTORNEYS FOR NON-PARTY JOSEPH OLTMAN

CERTIFICATE OF SERVICE

I certify that on this 4th day of October, 2024, I electronically served **NON-PARTY JOSEPH OLTMANN'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** and sent a copy to the following individuals' email addresses:

| | |
|---|---|
| Brad Kloewer, Esquire<br>Charlie Cain, Esquire<br>Steve Skarnulis, Esquire<br>Zachary H. Bowman, Esquire<br>David E. Jennings, Esquire<br>Cain and Skarnulis, PPLC<br>P.O. Box 1064<br>Salida, Colorado 81201<br>Telephone: (719) 530-3011<br>*Attorneys for Plaintiff* | (X) by CM/ECF System<br>(  ) by First Class U.S. Mail<br>(  ) by designated email to:  bkloewer@cstrial.com<br>ccain@cstrial.com<br>skarnulis@cstrial.com<br>zbowman@cstrial.com<br>djennings@cstrial.com |
| Thomas J. Rogers, III, Esquire<br>Mark Grueskin, Esquire<br>RechtKornfeld PC<br>1600 Stout Street, Suite 1400<br>Denver, Colorado 80202<br>Telephone: (303) 573-1900<br>*Attorneys for Plaintiff* | (X) by CM/ECF System<br>(  ) by First Class U.S. Mail<br>(  ) by designated email to:  trey@rklawpc.com<br>mark@rklawpc.com<br>(  ) By Facsimile Transmission to _____ |
| Thomas Baker Quinn, Esquire<br>Gordon & Rees LLP<br>555 17th Street, Suite 3400<br>Denver, CO 80202<br>303-534-5160<br>*Attorneys for Defendant Make Your Life Epic, LLC* | (X) by CM/ECF System<br>(  ) by First Class U.S. Mail<br>(  ) by designated email to tquinn@gordonrees.com<br>(  ) By Facsimile Transmission to 303-534-5161 |
| Melissa Ann Wiese, Esquire<br>Gordon Rees Scully Mansukhani LLP<br>555 17th Street, Suite 3400<br>Denver, CO 80202<br>303-200-6879<br>*Attorneys for Defendant Make Your Life Epic, LLC* | (X) by CM/ECF System<br>(  ) by First Class U.S. Mail<br>(  ) by designated email to:  mwiese@grsm.com; 8<br>(  ) By Facsimile Transmission to _____ |
| | *Original signature on file at the offices of Harris, Karstaedt, Jamison & Powers, P.C.*<br><br>*s/_C. Kentner* |