**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-03440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW,
REOPEN AMERICA LLC dba REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually,

    Defendants

---

**PLAINTIFF'S BRIEF REGARDING JURISDICTION**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D., through undersigned counsel, files this Brief as directed by the Court in its Order dated October 4, 2024. [Dkt. 196].

### I. SUMMARY OF THE COURT'S CURRENT JURISDICTION

1. There are three reasons why the Court maintains jurisdiction.

2. First, the nonparty's notice of appeal is premature. The civil contempt sanctions are not yet specific and unavoidable. Instead, the Court established a *per diem* fine which is necessarily dependent on receiving evidence of subsequent compliance. The Court also set a briefing schedule to address the award of attorney fees and costs. This amount has not yet been determined. Even the nonparty recognized the lack of finality by filing a response to the motion for attorney fees *after* the filing of the notice of appeal.

1

Finally, the Court is currently considering additional coercive measures which, if granted, could be the subject of appeal.

3. Second, the firm waiver rule waives appellate review of both factual and legal questions that were not raised by timely objections to the magistrate judge's findings and recommendations. The Court correctly noted that the nonparty waived his Reporter's Privilege assertion when he failed to timely object to the magistrate's findings and recommendations. The nonparty also waived any challenge to the imposition of the fine and award of attorney fees and costs.

4. Third, the nonparty's desired appeal is frivolous. The divestiture of jurisdiction rule does not leave the trial court powerless to prevent intentional dilatory tactics. The nonparty has been previously sanctioned for the same conduct.[1] He has publicly expressed his contempt for these and other judicial proceedings and stated he will never comply. He has failed to preserve core issues for appeal. He has delayed discovery in multiple cases for years. His current attempt to appeal is frivolous—a finding this Court should ultimately make.

5. The show cause hearing should proceed as scheduled.

## II. RELEVANT PROCEDURAL HISTORY

6. The Court has set a hearing to address whether the nonparty is in compliance with its September 4, 2024 Order Overruling Joseph Oltmann's Objections

---

[1] *See* **Exhibit 1**, *Coomer v. Oltmann et. al.*, 2021CA1481, (Colo. App. 2021), wherein the nonparty was sanctioned by the Colorado Court of Appeals for his interlocutory appeal of sanctions orders in *Coomer v. Donald J. Trump for President, Inc. et. al.*, 2020CV34319 (Denver Dist. Ct.).

2

and Adopting As Modified The Magistrate Judge's Recommendations (the Order) and, if not, whether sufficient cause exists for additional coercive contempt sanctions. [Dkt. 191].

7. The Order partially modified the Recommendation of United States Magistrate Judge for a Finding of Civil Contempt Against Third Party Witness Joseph Oltmann and overruled the Objections to Recommendations of United States Magistrate Judge for a Finding of Civil Contempt Against Third Party Witness Joseph Oltmann (the Objections). [Dkts. 144 and 148, respectively].

8. The Objections challenged two immaterial factual findings regarding a conferral period on the day of the nonparty's deposition and the nonparty's violent rhetoric. [Dkt. 148]. It also challenged the nonparty's noncompliance with the production of various documents. *Id.* The Objections did not challenge the fine imposed, the fee award, and the finding that the nonparty fled the courthouse in lieu of providing court-ordered testimony. *See id.* The Objection also did not assert the existence of a privilege to excuse noncompliance. *See id.*

9. On September 17, 2024, Plaintiff filed Plaintiff's Motion for Attorney Fees and Costs to liquidate the amounts awarded in the Order. [Dkt. 170].

10. On October 3, 2024, having not yet heard evidence regarding the nonparty's compliance with the non-dispositive Order, the Court issued an Order to Show Cause and set the matter for hearing on October 9, 2024. [Dkt. 191]. The Court further ordered the nonparty to appear in person at the October 9, 2024 hearing. [Dkts. 192 and 193].

3

11. On October 4, 2024, the nonparty filed a notice of appeal of the Order. [Dkt. 195]. After filing the notice of appeal, the nonparty filed Non-Party Joseph Oltmann's Response to Plaintiff's Motion for Attorney's Fees and Costs. [Dkt. 199].

12. Plaintiff is currently ordered to file a Reply in support of his Motion for Attorney Fees and Costs on or before October 11, 2024.

13. The fine, attorney fees, and costs awarded under the Order remain unliquidated. The nonparty has not moved for a stay pending his appeal.

### III. ARGUMENT

#### A. The Court Maintains Jurisdiction Because the Contempt Determination is Incomplete.

14. Generally only "final decisions" of the district court are appealable. *See Amazon, Inc. v. Dirt Camp, Inc.* 273 F.3d 1271, 1275 (10th Cir. 2001). Nonparties are not required to await final judgment to appeal a civil contempt order. *Federal Trade Commission v. Zurixx*, 26 F.4th 1172, 1177 (10th Cir. 2022) (*citing U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 77 (1988)) (*Zurixx I*). However, the nonparty must first establish the finality of the contempt order by showing that the district court (1) "made a finding of contempt" and (2) "imposed specific, unavoidable sanctions." *Id.* (*citing Consumers Gas & Oil, Inc. v. Farmland Indus. Inc.*, 84 F.3d 367, 370 (10th Cir. 1996)); *see also* 15B Charles Alan Wright et al., Federal Practice & Procedure § 3917 (2d ed. April 2021 Update) ("a determination that contempt has occurred is not final if the question of sanctions is postponed . . .").

15. The nonparty cannot appeal the Order because the Court has not yet "imposed specific, unavoidable sanctions." *Zurixx I*, 26 F.4th at 1177. In *Zurixx I*, the

4

Court found that a civil contempt order against a third party was "not a final, appealable decision because the sanction contemplated was not actually imposed." *Id.* at 1178. The Court noted that "the order contained no specifics about the amount of the possible sanction – another order would have been required to set the amount of the sanction if [the third party] did not purge the contempt within thirty days." *Id.* The Tenth Circuit then dismissed the appeal for lack of jurisdiction. *Id.*

16. Like *Zurixx I*, the Court here must resolve outstanding issues before the sanction contemplated by the Order will have been imposed. Indeed, the nonparty conceded this by filing a Response to Plaintiff's Motion for Attorney's Fees and Costs [Dkt. 199] *after* filing his Notice of Appeal and *after* this Court requested briefing on its jurisdiction to proceed.[2] It is well-established in the Tenth Circuit that "[i]f the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, *reference to a non-appealable order*, or otherwise, *the district court may ignore it* and proceed with the case." *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976) (emphases added). This Court should proceed. *See also FTC v. Zurixx, LLC*, 2023 WL 2733500 at *5 (10th Cir. 2023) (*Zurixx III*) ("The district court retained jurisdiction while *Zurixx I* was pending.").

**B.     *The Nonparty Has Waived Appeal of All or Part of the Order.***

17. The Tenth Circuit has adopted a firm waiver rule under which a party who "fails to make a timely objection to the magistrate judge's findings and recommendations

---

[2] At no point in that Response does the nonparty challenge his liability for Plaintiff's attorney fees and costs. Instead, he only challenges the amount sought.

5

waives appellate review of both factual and legal questions." *See id.* at *6, *citing Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (we do not apply this rule "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review.")

18. The nonparty had fourteen days to object to the magistrate judge's order imposing a *per diem* fine and awarding fees. *See* FED. R. CIV. P. 72, Order to Show Cause [Dkt. 191]. As the Court noted in the Order, the nonparty's Objections [Dkt. 148] did "not dispute the material facts certified in the Recommendation, nor [did] he ask for an evidentiary hearing." *Id.* at p. 10.[3] This was further noted in the Order to Show Cause. [Dkt. 191].

19. In fact, the nonparty did not even refer to the award of attorney fees and costs, the *per diem* sanction, or any of the facts supporting a finding of contempt. As a result, the Order is not subject to appellate review.

### C.   *Any Appeal of the Order Would Be Frivolous.*

20. Generally, the filing of an interlocutory appeal "is an event of jurisdictional significance – it confers jurisdiction on the Court of Appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)). Interlocutory appeals can be subject to abuse though, and the divestiture of jurisdiction rule "should not leave the trial court powerless to prevent

---

[3] The nonparty did dispute a finding that he had not produced responsive documents, but this issue is derivative of the wider concerns over the identities of the individuals in question and cannot be confirmed absent those disclosures.

6

intentional dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to trial merely by filing a motion, however frivolous, and appealing the trial court's denial thereof." *U.S. v. Hines*, 689 F.2d 934, 936-37 (10th Cir. 1982).

21. Potential misuse of interlocutory appeal can be prevented if the district court "(1) after a hearing, and (2) for substantial reasons given, (3) found the claim to be frivolous." *Id.* at 937. Given the current record, the nonparty has no grounds to make on appeal that are not intentional dilatory tactics. In the event the Court determines both that its contempt order is sufficiently complete to warrant appellate review, and that the nonparty has not waived any potential appeal, the Court should conduct a hearing to address this abuse, thereby maintaining its jurisdiction over this matter until this necessary process is complete. *See Hines*, 689 F.2d, at 937.

22. Finally, the Order is supported by clear and convincing evidence that (1) a valid order existed, (2) the nonparty had knowledge of the order, and (3) the nonparty disobeyed the order. Order, p. 8 (*citing U.S. v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008)). As a result, the nonparty's new appellate counsel Randy Corporon[4] has no good faith basis for a substantive appeal.

---

[4] Corporon is a former talk radio host, current RNC Committeeman for the State of Colorado, and a named defendant in related proceeding *Coomer v. Salem Media of Colorado, Inc. et. al.* 2021CV33632 (Denver Dist. Ct.). Corporon is a highly relevant fact witness in the *Coomer* cases, including and specifically with respect to the specific discovery sought from the nonparty here. Both the nonparty and Corporon have acknowledged discussing Plaintiff prior to the original November 9, 2020, Conservative Daily podcast, and the nonparty's former counsel implicated Corporon in potential involvement with fabrication of the Google screenshot that the nonparty has claimed as evidence in support of his claims.

7

Respectfully submitted this 7th day of October 2024.

>          */s/ Charles J. Cain*
> Charles J. Cain, No. 51020
> ccain@cstrial.com
> Bradley A. Kloewer, No. 50565
> bkloewer@cstrial.com
> **Cain & Skarnulis PLLC**
> P. O. Box 1064
> Salida, Colorado 81201
> 719-530-3011/512-477-5011 (Fax)
>
> Thomas J. Rogers III, No. 28809
> trey@rklawpc.com
> David M. Beller, No. 35767
> david@rklawpc.com
> **RechtKornfeld PC**
> 1600 Stout Street, Suite 1400
> Denver, Colorado 80202
> 303-573-1900
> **ATTORNEYS FOR PLAINTIFF**