IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff,

v.

MAKE YOUR LIFE EPIC LLC, doing business as ThriveTime Show,
CLAYTON THOMAS CLARK, individually, and
REOPEN AMERICA LLC, doing business as ReAwaken America Tour,

    Defendants.

---

**ORDER VACATING EVIDENTIARY HEARING
ON ORDER TO SHOW CAUSE AND
STAYING ORDER OF CONTEMPT**

---

In light of Nonparty Joseph Oltmann's recently filed Notice of Appeal (ECF No. 195), the Court considers whether it retains jurisdiction to proceed with the October 9, 2024 evidentiary hearing on its Order to Show Cause (ECF No. 191). Plaintiff Eric Coomer and Oltmann submitted briefs on this issue at the Court's direction. (ECF Nos. 196, 200, 202.)

For the following reasons, the Court concludes that the answer to this question is no. Accordingly, it vacates the evidentiary hearing and stays its Order Overruling Joseph Oltmann's Objections and Adopting As Modified the Magistrate Judge's Recommendation (ECF No. 168) pending resolution of Oltmann's appeal. The civil sanctions imposed in the contempt order, including the $1,000 daily coercive fine, are accordingly tolled.

I.   **PERTINENT PROCEDURAL HISTORY**

On September 4, 2024, the Court adopted as modified United States Magistrate Judge Kathryn A. Starnella's recommendation ("Recommendation") that Oltmann be held in civil contempt for (1) refusing to answer questions about who enabled him to attend the alleged "Antifa call" or "how he obtained access to Dr. Coomer's private Facebook account," and (2) "abandon[ing] his deposition and depart[ing] the courthouse without court authorization and in the absence of release from the duly served subpoena."  (ECF 168 at 4.)  For these willful violations, the Court ordered Oltmann to "pay the attorney's fees and costs the parties directly incurred as a result of his noncompliance with Judge Starnella's rulings and orders" and to "pay to Coomer $1,000 per day from the date of service of this Order until he fully and in good faith complies" with the same.  (*Id.* at 13.)

On September 17, 2024, Coomer filed a Motion for Attorney Fees.  (ECF No. 170.)  On September 26, 2024, he moved for an order to show cause as to why Oltmann had failed to comply with the Court's order imposing the compensatory and compulsory sanctions.  (ECF No. 181 at 4.)  Oltmann filed a response (ECF No. 188), to which Coomer filed a reply (ECF No. 189).

On October 3, 2024, the Court granted in part Coomer's motion for an order to show cause and set an evidentiary hearing for October 9, 2024.  (ECF No. 191.)  On October 4, 2024, Oltmann filed a notice of appeal of the Court's contempt order.  That same day, the Court ordered Coomer and Oltmann to file briefs "addressing the issue of whether the filing by a non-party of the [notice of appeal] from the non-dispositive Order divests this Court of jurisdiction in this action until such time as the Tenth Circuit Court

of Appeals disposes of said appeal." (ECF No. 196.)  Coomer and Oltmann filed briefs at the Court's direction.  (ECF Nos. 200, 203.)

## II.  ANALYSIS

Notwithstanding Oltmann's notice of appeal, Coomer contends that this Court maintains jurisdiction because "[t]he civil contempt sanctions are not yet specific and unavoidable"; Oltmann "waive[d] appellate review of both factual and legal issues that were not raised by timely objections to the magistrate judge's findings and recommendations"; and Oltmann's "desired appeal is frivolous" and filed with "intentional dilatory" motive.  (ECF No. 200 at 1–2.)  The Court concludes it lacks jurisdiction over issues pertaining to Oltmann pending his appeal.

Nonparties, like Oltmann, "need not await entry of final judgment to appeal a civil contempt order."  *Fed. Trade Comm'n v. Zurixx*, 26 F.4th 1172, 1177 (10th Cir. 2022) ("*Zurixx I*"); *see also U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("The order finding a nonparty . . . in contempt is appealable notwithstanding the absence of a final judgment in the underlying action.").  "In fact, it is that status as a nonparty which entitles him or her to perfect an appeal before a final judgment has been entered."  *Concorde Res. v. Woosley*, 855 F.2d 687, 688 (10th Cir. 1988).  As the Supreme Court explained more than a century ago, a nonparty contemnor may take an immediate appeal because, as a nonparty, he has no right to appeal from the entry of final judgment.  *See Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 329–30 (1904).

Still, the Tenth Circuit has jurisdiction under section 1291 only over appeals of "final decisions" of the district courts.  *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d

1271, 1275 (10th Cir. 2001) ("Generally, only final decisions of the district court are appealable."). A final decision in the context of a contempt order on a nonparty is one that (1) "made a finding of contempt" and (2) "imposed specific, unavoidable sanctions." *Zurixx I*, 26 F.4th at 1177 (quoting *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996)). "Once the district court makes a finding of contempt and imposes a sanction, a nonparty has an unquestionable right to appeal." See *Zurixx I*, 26 F.4th at 1178; *see also U.S. Catholic Conf.*, 487 U.S. at 75–76 (recognizing a nonparty contemnor's right to appeal the "adjudication of contempt" even without a final judgment where district court rendered finding of contempt and assessed a $50,000 daily fine for noncompliance).

The Court finds that its September 4, 2024 contempt order constituted a final decision under the principles articulated in *Zurixx I*. First, the Court unequivocally found Oltmann to be in civil contempt because it determined that the material certified facts clearly and convincingly showed that Oltmann knowingly violated valid orders issued by Judge Starnella. (ECF No. 168 at 11 ("Consequently, the Court overrules Oltmann's objections in their entirety and adopts the Recommendation that Oltmann be found in contempt of court.").)

Second, the Court undoubtedly imposed a specific, unavoidable sanction for these violations. In particular, the Court imposed a compensatory sanction for "the attorney's fees and costs the parties directly incurred as a result of his noncompliance" and a coercive sanction amounting to "$1,000 per day from the date of service of this Order until he fully and in good faith complies with Judge Starnella's rulings and orders." (*Id.* at 13.) As a result, the Court is of the view that Oltmann's notice of appeal divests it

4

of jurisdiction over matters pertaining to him until such time as the Tenth Circuit issues a decision on the matters raised in his notice of appeal.  *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (explaining that an interlocutory appeal "is an event of jurisdictional significance—it confers jurisdiction on the Court of Appeals and divests the district court of its control over those aspects of the case involved in the appeal").

Nevertheless, Coomer maintains that this Court retains jurisdiction because the Court's "civil contempt sanctions are not yet specific and unavoidable."  (ECF No. 200 at 1.)  In support, he asserts that the daily $1,000 fine "is necessarily dependent on receiving evidence of subsequent compliance" and points out that the Court has yet to reduce the amount of attorney fees and costs to a sum certain.  (*Id.* at 1.)

The Court is unpersuaded by Coomer's first assertion.  The coercive daily fine sanction is both specific and unavoidable in that the numerical figure is set for this iteration of Oltmann's recalcitrance and is unavoidable in that the sanction became effective upon the date of the Order.  Coomer argues that the daily fine was "avoidable" because Oltmann could compel the Court to lift the coercive sanction if he purged his contempt by attending his deposition and answering the questions posed to him.  (*Id.*)  But it was not "unavoidable" in the context of *Zurixx I*.  In that case, the Tenth Circuit determined that the sanction at issue was neither specific nor unavoidable where the district court gave the contemnor "an opportunity to purge the contempt, either by allowing the receiver to recover the assets or by compensating the receiver for the value of the assets."  *Zurixx I*, 26 F.4th at 1177.  That is, the district court waited to impose any definitive sanction unless and until he purged the contempt.  *See id.* (expressly finding that "the district court imposed no sanction . . . .").

The circumstances here, however, are different: the immediate imposition of the fine was not conditioned on some future action by Oltmann.  *See OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 91–93 (2d Cir. 2006) (concluding that an order holding a nonparty in civil contempt, imposing a specific, unavoidable daily fine, and directing the nonparty's arrest was a final, appealable order).  Moreover, Coomer's interpretation of the word "unavoidable" would lead to untenable results—indeed, coercive contempt sanctions would never be "unavoidable," and thus immediately appealable, because a contemnor always has the power to lift a coercive sanction by purging their contempt.  *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 827 (1994) (providing that a court may confine a civil contemnor only "when the contemnor is given the option of earlier release if he complies . . . [and] *is able to purge the contempt and obtain his release by committing an affirmative act*.") (emphasis added).  Simply put, the Court's contempt order is distinguishable from the contempt order reviewed in *Zurixx I*, which "contained no specifics about the amount of the possible sanction."  26 F.4th at 1178.

Coomer's second point, however, presents a harder question.  He stresses that the Court's September 4, 2024 Order is not a final, appealable decision because the Court "must resolve outstanding issues before the sanction contemplated by the Order will have been imposed"—namely, the compensatory sanction for attorney fees and costs.  (ECF No. 200 at 5.)

Coomer is correct that the Court has yet to reduce these costs and fees to a sum certain and that he and Oltmann continue to litigate the reasonableness of the amounts listed in Coomer's Motion for Attorney's Fees and Costs.  (ECF Nos. 170, 199.)

Notably, the Tenth Circuit considered a similar set of circumstances in *Fed. Trade Comm'n v. Zurixx*, 2022 WL 2346726 (10th Cir. June 29, 2022) (unpublished) ("*Zurixx II*").  There, the Circuit dismissed the contemnor's appeal where he filed his notice of appeal after the district court imposed a civil contempt sanction for fees and costs but before the district court had reduced those amounts to a sum certain.  *Id.* at *2.  The Circuit concluded that this contempt order was not specific, and therefore not a final decision, because "several more procedural steps remained before the district court imposed a specific sanction."  *Id.*

Like the contemnor in *Zurixx II*, Oltmann filed his notice of appeal of the Court's contempt order before the Court has reduced the compensatory sanction to a sum certain.  But, in the Court's view, *Zurixx II* does not control the outcome here because, unlike in that case, the Court has imposed *multiple* civil contempt sanctions, one of which (the $1,000 daily coercive fine) contains the necessary "specific" and "unavoidable" ingredients.  This was not the case in the *Zurixx* decisions, where the district court's contempt orders considered the imposition of only *a single* sanction.  *See Zurixx I*, 26 F.4th at 1177 (considering imposing a sanction for legal fees); *Zurixx II*, 2022 WL 2346726 (imposing a legal fees sanction but not reducing such fees to a sum certain); *Fed. Trade Comm'n v. Zurixx, LLC*, 2023 WL 2733500, at *4 (10th Cir. Mar. 31, 2023) ("*Zurixx III*") (unpublished) (imposing a legal fees sanction in a sum certain).

Similarly, the cases cited in *Zurixx I* did not involve the imposition of multiple sanctions, one being specific and unavoidable and the other not.  *See Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 398 (5th Cir. 1987) (reviewing the imposition of a single sanction for costs and expenses); *OSRecovery, Inc.*, 462 F.3d

at 91–93 (reviewing the imposition of two sanctions, both specific and unavoidable, for a daily fine and arrest); *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 622 (9th Cir. 1999) (reviewing the imposition of a single sanction for attorney's fees); *U.S. Catholic Conf.*, 487 U.S. at 76 (involving the imposition of a single sanction for daily fines). Nor do the parties point the Court to such cases. Consequently, the Court concludes that its September 4, 2024 order, which found Oltmann to be in civil contempt and imposed a specific, unavoidable coercive monetary sanction, constitutes a final decision eligible for interlocutory appellate review. *Cf. Zurixx I*, 26 F.4th at 1178 ("Without imposition of a specific, unavoidable sanction, the contempt order was not a final, appealable decision under § 1291, and we lack jurisdiction to consider it.").

What's left, then, are Coomer's arguments that Oltmann's appeal is precluded by the firm waiver rule and because his appeal is otherwise frivolous. (ECF No. 200 at 6.) The Court agrees with Coomer to the extent he suggests that Oltmann's appeal is unlikely to be successful. In the Court's view, Oltmann waived all arguments not specifically raised and adequately developed in his objections to Judge Starnella's Recommendation. (ECF No. 168 at 11 n.2.) And as explained in its contempt order, the arguments raised in Oltmann's objection do not pertain to any of the material facts contained in the Recommendation—*i.e.*, they do not challenge the facts that he repeatedly refused to answer questions about who gave him access to the alleged "Antifa call" and Coomer's private Facebook account and that he walked out of his deposition.[1] (*See generally* ECF No. 145.)

---

[1] Although the Court ordered the parties to weigh in on the jurisdictional issue discussed in this Order, Oltmann unhelpfully devotes most of his brief attempting mightily (but in the Court's view, unsuccessfully) to preserve his reporter/journalist privilege for appellate review.

Whatever likelihood of success Oltmann's appeal has, however, has little to do with the Court's authority to consider issues over which it lacks jurisdiction. *Stewart*, 915 F.2d at 575. And for the reasons discussed, the Court finds that it lacks jurisdiction to consider Oltmann's continued contempt of this Court's authority while the Tenth Circuit reviews its September 4, 2024 contempt order.

Lastly, the Court is not persuaded that *United States v. Hines*, 689 F.2d 934 (10th Cir. 1982), on which Coomer relies, gives the Court license to proceed with its evidentiary hearing on its Order to Show Cause while its first contempt order is on appeal. (ECF No. 200 at 7.) *Hines* is a 1982 criminal case which, according to Coomer, gives the Court authority to proceed if it finds, among other elements, that Oltmann's appeal is frivolous. (*Id.*) For one, Coomer cites no caselaw suggesting that the principles articulated in *Hines* extend to the quite dissimilar circumstances at issue in this civil contempt proceeding. And two, while the Court is doubtful as to the potential

---

(*See generally* ECF No. 203.) Contrary to Oltmann's arguments, asserting a privilege in a state court case, on a podcast, or even during a deposition does not preserve an issue for the district court's review of a magistrate judge's recommendation. (*See, e.g., id.* at 4 (insisting that he "asserted the 'newsperson' privilege in layman's terms during his podcast on no less than twenty-one occasions").)

Instead, Oltmann needed to timely object in a brief to the recommendation's findings to avoid waiver of both the related factual and legal issues. *United States v. One Parcel of Real Prop., et. al*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."). In addition to requiring specificity in objections, the Tenth Circuit has repeatedly instructed that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1207 (10th Cir. 2022) ("To preserve an issue for appeal, a party must alert[ ] the district court to the issue and seek[ ] a ruling—[a] party does not preserve an issue merely by . . . presenting [it] to the district court in a vague and ambiguous manner, or by making a fleeting contention before the district court.") (citation and internal quotation marks omitted).

9

merits of Oltmann's appeal, it is not prepared to find that it is frivolous.

### III. STAY PENDING APPEAL

Oltmann asks the Court to stay its contempt order pending appeal. (ECF No. 203 at 1.)

"It is well settled that federal courts have statutory or inherent power to stay judgments and orders pending appeal." *J. Perez & Cia., Inc. v. United States*, 578 F. Supp. 1318, 1320 (D.P.R. 1984) (citing Fed. R. Civ. P. 62(d)). The Court considers the factors set forth in *Nken v. Holder*, 556 U.S. 418, 427 (2009), when deciding whether to stay a matter pending appeal. *See, e.g.*, *Robertson v. REP Processing, LLC*, 2021 WL 5354713, at *3 (D. Colo. Oct. 12, 2021); *Montoya v. City & Cnty. of Denver*, 2021 WL 8087380, at *1 (D. Colo. July 27, 2021). The factors governing issuance of a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

For the reasons already discussed, the Court finds that Oltmann is unlikely to succeed on the merits. The Court further finds that the third factor disfavors entering a stay of its contempt order, as Coomer has already waited a long time for resolution of this issue in this case and others.

But the second factor overwhelmingly weighs in Oltmann's favor. The Court has ordered him to pay $1,000 a day which, absent a stay, would continue to accrue during the pendency of the appeal. The Court cannot predict when the appeal will be resolved,

and on what grounds, and Oltmann will of course have little to no control over these matters. Assuming Oltmann is not a man of substantial financial means—and the record does not presently support a conclusion that he is—the accrual of such a large sum would likely cause irreparable injury to Oltmann if the Tenth Circuit reversed the Court's contempt order, particularly in the event the appeal remains pending for more than a few weeks.

Therefore, the Court finds that, on balance, the *Nken* factors, coupled with notions of basic fairness, weigh in favor of a stay as to all matters pertaining to Nonparty Oltmann pending appeal.

## IV.     CONCLUSION

For all these reasons, the Court ORDERS:

1. The October 9, 2024 Evidentiary Hearing on the Order to Show Cause (ECF No. 191) is VACATED;

2. The Court's Order Overruling Joseph Oltmann's Objections and Adopting As Modified the Magistrate Judge's Recommendation (ECF No. 168), as well as all matters in this action related to Nonparty Oltmann are STAYED, and the $1,000 daily coercive sanction is TOLLED pending resolution of Oltmann's appeal and further Order of this Court; and

3. The Court clarifies that nothing in this Order should be construed as a stay of any proceeding, dispute, or issue between and among Plaintiff and Defendants which are not related to a resolution of the matters pertaining to Nonparty Oltmann and on appeal to the Tenth Circuit; those matters should continue to be prosecuted and defended in a timely manner.

Dated this 8th day of October, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge