## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03440-WJM-KAS

ERIC COOMER,

     Plaintiff,

v.

MAKE YOUR LIFE EPIC, LLC, D/B/A THRIVETIME SHOW,
REOPEN AMERICA, LLC dba REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually

Defendants.

_____

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
_____

Defendants Make Your Life Epic, LLC, d/b/a Thrivetime Show ("Make Your Life Epic"), Reopen America, LLC d/b/a Reawaken America Tour ("ReOpen"), and Clayton Thomas Clark ("Clark") hereby answer and defend Plaintiff Eric Coomer's Second Amended Complaint pursuant to Fed.R.Civ.P. 8 and 12 as follows:

## I.     INTRODUCTION

1.     Defendants deny the allegations in Paragraph 1.

2.     In response to the allegations in Paragraph 2, Defendants admit the ReAwaken America Tour travels the country and presents in different cities. Defendants deny the Tour has an event every month and deny the remainder of the allegations in Paragraph 2.

3.     Defendants admit Thrivetime published an interview with Joe Oltmann on December 22, 2020 and incorporate that podcast, which is self-evident. Defendants deny

all allegations inconsistent with the podcast.  Defendants deny the ReAwaken America Tour monetized Oltmann's claims.  The Tour allows attendees to name their price.  Thus, ticket buyers can pay whatever price they choose to pay to attend the Tour. Defendants deny the remaining allegations in Paragraph 3.

4.      In response to the allegations in paragraph 4, Defendants admit Eric Coomer was the former Director of Product Strategy and Security at Dominion Voting Systems. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations directed at Joe Oltmann and therefore deny the allegations. Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 5 and footnote 1 and therefore deny the allegations.

6.      Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 6 and footnote 2 and therefore deny the allegations.

7.      In response to the allegations in Paragraph 7, Defendants admit ReOpen operates the ReAwaken America Tour, that the Tour streams portions of its events live online, that the Tour presents a variety of topics, and that the Tour had an event in Colorado Springs, Colorado on or about September 24-25, 2021. Defendants admit Clark has published interviews and statements about Plaintiff.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants lack knowledge and information sufficient to form a belief about

the truth of the allegations in Paragraph 8 and therefore deny the allegations.

## II.    PARTIES

9.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore deny the allegations.

10.    In response to the allegations in Paragraph 10, Defendant Make Your Life Epic admits it is an Oklahoma limited liability company and that it broadcasts the Thrivetime Show on podcasts to a national audience. Make Your Life Epic denies it owns and operates the ReAwaken America Tour. Defendants admit the ReAwaken America Tour broadcasts live online, travels and performs nationally and that there was a tour event in Colorado Springs, Colorado on or about September 24-25, 2021. Make Your Life Epic admits it has been served. Defendants deny the remaining allegations in Paragraph 10.

11.    In response to the allegations in Paragraph 11, Defendant ReOpen admits it is an Oklahoma limited liability company and that it operates the ReAwaken America Tour. ReOpen denies it owns the ReAwaken America Tour. ReOpen admits the ReAwaken America Tour broadcasts live online, travels and performs nationally and that there was a tour event in Colorado Springs, Colorado on or about September 24-25, 2021. ReOpen admits it has been served. Defendants deny the remaining allegations in Paragraph 11.

12.    Defendant Clark admits he resides in Oklahoma and is the host of the Thrivetime Show and founder of Reopen America, LLC, which operates the ReAwaken America Tour. Defendant Clark admits he has been served. Defendants deny the remaining allegations in Paragraph 12.

### III.    JURISDICTION AND VENUE

13.     In response to the allegations in Paragraph 13, Defendants admit the Court has jurisdiction over the subject matter of this action and deny any remaining allegations.

14.     In response to the allegations in Paragraph 14, Defendants admit the Court has personal jurisdiction over the Defendants but deny they committed any tortious actions in Colorado or elsewhere and deny any remaining allegations.

15.     In response to the allegations in Paragraph 15, Defendants admit the Court has personal jurisdiction over Make Your Life Epic. The Defendants deny the remaining allegations in Paragraph 15 and footnotes 3, 4 and 5.

16.     In response to the allegations in Paragraph 16, Defendants admit the Court has personal jurisdiction over ReOpen. Defendants deny the remaining allegations in Paragraph 16 and footnotes 6, 7, and 8.

17.     In response to the allegations in Paragraph 17, Defendants admit the Court has personal jurisdiction over Clark. Defendants deny the remaining allegations in Paragraph 17 and footnotes 9, 10, and 11.

18.     Paragraph 18 contains legal conclusions to which no response is necessary. To the extent, if any, a response is necessary, Defendants admit the Court has personal jurisdiction over the Defendants. Defendants deny the remaining allegations in Paragraph 18.

19.     Paragraph 19 contains legal conclusions to which no response is necessary. To the extent, if any, a response is necessary, Defendants admit venue is proper. Defendants deny the remaining allegations in Paragraph 19.

## IV.   FACTS

20.   In response to the allegations in Paragraph 20, Defendants admit Eric Coomer was the former Director of Product Strategy and Security at Dominion Voting Systems, which is based in Denver, Colorado. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 and therefore deny the same.

### A.   *The 2020 presidential election was a free and fair election.[1]*

21.   In response to the allegations in Paragraph 21, Defendants admit Electors met and formally cast their ballots and Joe Biden secured 306 electoral votes, and that Congress formally counted the votes, and that then-Vice President Mike Pence declared Joe Biden the winner of the presidential election. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and footnotes 12, 13, and 14 and therefore deny the allegations.

22.   In response to the allegations in Paragraph 22, Defendants admit that CISA issued a statement on November 12, 2020 and that such statement is self-evident. Defendants deny the allegations in paragraph 22 to the extent they are inconsistent with or mischaracterize the CISA statement. Defendants lack knowledge and information sufficient to form a belief about the truth of the CISA statement and the remaining allegations in Paragraph 22 and footnote 15 and therefore deny the allegations.

23.   Defendants lack knowledge and information sufficient to form a belief about

_____

[1]Defendants lack knowledge and information sufficient to form a belief about the truth of the statement in heading A and therefore deny the same.

the truth of the allegations in Paragraph 23 and footnotes 16 and 17 and therefore deny the allegations.

24.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 24 and footnote 18 and therefore deny the allegations.

25.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 25 and footnote 19 and therefore deny the allegations.

26.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 26 and footnotes 20 and 21 and therefore deny the allegations.

27.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 27 and footnotes 22, 23, 24, and 25 and therefore deny the allegations.

28.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 28 and footnotes 26 and 27 therein and therefore deny the allegations.

29.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 29 and footnote 28 therein and therefore deny the allegations.

**B.      *Oltmann fabricated a conspiracy.*[2]**

30.      Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 30 and footnotes 30, 31, 32, and 33 and therefore deny the allegations.

31.      Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 31 and footnotes 34 through 37 and therefore deny the allegations.

32.      Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 32 and footnotes 38 and 39 and therefore deny the allegations.

33.      Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 33 and footnotes therein and therefore deny the allegations.

34.      In response to the allegations in paragraph 34, Defendants admit that "the ability to have a political opinion in this country is a protected right" even if critical of a sitting president. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 and therefore deny the allegations.

---

[2]Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in heading B and footnote 29 and therefore deny the allegations.

**C.    Oltmann spreads the conspiracy theory.[3]**

35.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 35 and footnotes 40 through 49. To the extent Paragraph 35 and footnotes 40 through 49 contain factual allegations directed at Defendants, Defendants deny the allegations.

36.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 36 and footnote 50. To the extent Paragraph 36 and footnote 50 contain factual allegations directed at Defendants, Defendants deny the allegations.

37.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 37 and footnotes 51, 52, and 53 and therefore deny the allegations.

38.    In response to the allegations in paragraph 38, Defendants admit Oltmann appeared on the Thrivetime Show podcast on or about December 22, 2020. Defendants deny the remainder of the allegations in Paragraph 38.

39.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 39 and footnotes 54 through 58 and therein and therefore deny the allegations.

**D.    Clay Clark, the ThriveTime Show, and the ReAwaken America Tour.**

40.    In  response  to  the  allegations  in  in  the  first  sentence  Paragraph  40,

_____

[3]Defendants deny the allegations contained in heading C.

Defendants admit Clay Clark got his start in the DJ business in high school in Minnesota, and deny he started in Tulsa, Oklahoma. Defendants admit the remaining allegations in Paragraph 40.

41.     Defendants admit the allegations in the first sentence of Paragraph 41. Defendants admit all allegations in the second sentence of Paragraph 41 except the characterization of the "full title" of the Thrivetime Show, which allegation is denied. Defendants admit Thrivetime publishes audio and video recordings of its podcasts on Rumble.com, Twitter / X.com, Truth Social, Telegram, occasionally on Facebook, and occasionally Instagram. Any remaining allegations in Paragraph 41 are denied.

42.     In response to the allegations in Paragraph 42, Defendants admit that Thrivetime Show and Clark publish various concerns about world economic theories, including those proposed by Klaus Schwab. Defendants deny all allegations that mischaracterize or are inconsistent with Defendants' publications and any remaining allegations in Paragraph 42.

43.     In response to the allegations in Paragraph 43, Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations related to QAnon, whether the 2020 presidential election was rigged against former president Trump, and whether sinful forces are actively manipulating American electoral outcomes and therefore deny those allegations. Defendants deny any allegations that mischaracterize Clark's beliefs and the remaining allegations in Paragraph 43.

44.     In response to the allegations in Paragraph 44, Defendants admit Clay Clark and Reopen America LLC founded the Reawaken America Tour ("Tour") in 2021, that the

first Tour event occurred in 2021, that the Tour travels the country and is held in different cities, that the Tour is promoted on ThriveTime Show Podcast, and that the Tour events are partially live streamed. Defendants deny the remaining allegations in Paragraph 44.

45.    In response to the allegations in Paragraph 45, Defendants deny Sidney Powell spoke live at the referenced event and state Ms. Powell sent Defendants a video to present at that event. Defendants admit the remaining allegations in Paragraph 45.

46.    Defendants admit the allegations in the first two sentences of Paragraph 46, and that General Michael Flynn and Mike Lindell appeared and spoke at the event. Defendants deny the remainder of the allegations in Paragraph 46.

47.    Defendants admit the allegations in Paragraph 47.

48.    Defendants admit the allegations in Paragraph 48.

49.    In response to the allegations in Paragraph 49, Defendants admit there was a tour event on the referenced dates at the referenced location, which featured approximately 50 speakers, including Michael Flynn and Joe Oltmann, at the event. Defendants deny the remaining allegations in Paragraph 49.

50.    In response to the allegations in Paragraph 50, Defendants admit there were tour events in San Antonio and Dallas, Texas on the referenced dates, each of which featured approximately 50 speakers, including Michael Flynn and Joe Oltmann. Defendants admit there were tour events on the referenced dates in Phoenix, Arizona; Canton, Ohio; San Diego, California, and Salem, Oregon on the referenced dates. Defendants deny the event in Tulsa, Oklahoma was a ReAwaken American Tour event and deny the remaining allegations in Paragraph 50.

51.     In response to the allegations in Paragraph 51, Defendants admit the Tour events are partially live streamed online to a national audience across various platforms. Defendants deny any remaining allegations in Paragraph 51.

**E.      *The ThriveTime Show interviews.***

52.     In response to the allegations in Paragraph 52, Defendants admit Clark sought an interview with Oltmann after the strong and urgent recommendation of Ann Vandersteel, whose judgment Clark trusts, for Thrivetime Show on or about December 3, 2020, that contact was made with Oltmann's assistant thereafter, and that a list of questions or topics was emailed to Oltmann for the podcast on or about December 4, 2020, which email is self-evident and incorporated herein. Defendants deny any allegations inconsistent with the referenced email and any remaining allegations in Paragraph 52.

53.     In response to the allegations in paragraph 53, Defendants admit Joe Oltmann was interviewed on Thrivetime Show on or about December 16, 2020, which was published on December 22, 2020. Defendants deny Clark made no effort to investigate Mr. Oltmann's claims. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations of Oltmann's publications and therefore deny the same.

54.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore deny the same.

55.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 55 and therefore deny the same.

56       In response to the allegations in Paragraph 56, Defendants admit Clark interviewed Oltmann on December 16, 2020. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of what pieces of information about Joe Oltmann and Eric Coomer were readily available in December of 2020 and therefore deny the same.

57.      In response to the allegations in Paragraph 57, Defendants admit the podcast episode was published on Twitter, Rumble and ThriveTime. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations that the episode was published on Facebook and "various podcast hosting platforms" and therefore deny the same.

58.      Defendants admit Clark stated the words attributed to him as quoted in Paragraph 58. Defendants deny the allegations in Paragraph 58 to the extent they take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

59.      Defendants admit Clark stated the words attributed to him as contained in the block quote in Paragraph 59. Defendants deny the allegations in Paragraph 59 to the extent they take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of

statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

60.     In response to the allegations in paragraph 60, Defendants admit Clark stated Oltmann was a whistleblower, that Clark asked Oltmann how he found Coomer, and that Oltmann stated the quoted words attributed to him. Defendants deny the allegations in Paragraph 60 to the extent they take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 60 and in footnote 70 and therefore deny the allegations. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

61.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 60. Defendants deny the allegations in Paragraph 61 and footnotes 71 and 72 to the extent the allegations take statements out of context, to the extent the interview has been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

62.     Defendants admit Clark stated the words attributed to him as quoted in Paragraph 62. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 62. Defendants deny the allegations in Paragraph 62 to the extent the

allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

63.    Defendants admit Clark asked the question attributed to him as quoted in Paragraph 63. Defendants deny the allegations in Paragraph 63 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

64.    Defendants admit Clark stated the words attributed to him as quoted in Paragraph 64. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 64. Defendants deny the allegations in Paragraph 64 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

65.    In response to the allegations in Paragraph 65, Defendants Make Your Life Epic and Clay Clark admit the material depicted in the screenshot was posted on

Thrivetimeshow.com. Defendants deny the remaining factual allegations in Paragraph 65 to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements or postings.

66.     In response to the allegations in Paragraph 66, Defendants Make Your Life Epic and Clay Clark admit the material depicted in the screenshot was posted on the referenced Twitter account. Defendants deny any remaining factual allegations in Paragraph 66.

67.     In response to the allegations in Paragraph 67, Defendants Make Your Life Epic and Clay Clark admit the Oltmann interview and "Show Notes" summary were posted on Thrivetimeshow.com. Defendants deny the allegations in Paragraph 67 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

68.     In response to the allegations in Paragraph 68, Defendants admit Oltmann appeared on the Thrivetime Show for an interview on June 5, 2021 and admit Clark stated the quoted words attributed to him. Defendants deny the allegations in Paragraph 68 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants,

Defendants deny the allegations.

69.     Defendants admit Clark asked the question attributed to him as quoted in Paragraph 69. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 69. Defendants deny the allegations in Paragraph 69 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

70.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 70. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations regarding phantom ballots and therefore deny the allegations. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

71.     In response to the allegations in Paragraph 71, Defendants admit Oltmann appeared on the Thrivetime Show for an interview on October 11, 2021 and admit Oltmann stated the quoted words attributed to him during that podcast. Defendants deny the allegations in Paragraph 71 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

### F.      The Tour's defamation of Dr. Coomer.[4]

72.     In response to the allegations in Paragraph 72, Defendants admit Joe Oltmann was a speaker at the Tour on approximately six occasions and was listed as a confirmed speaker on the ReAwaken America Tour itinerary for the July 9, 2022 event in Virginia Beach and the September 17, 2022 event in Post Falls, Idaho. Defendants deny all remaining allegations in Paragraph 72.

73.     In response to the allegations in Paragraph 73, Defendants admit General Michael Flynn has spoken at every Tour event since its inception but his involvement in the Tour is otherwise limited to recommending less than a handful of speakers. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73 and therefore deny the same.

74.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 74. Defendants deny the allegations in Paragraph 74 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

75.     In response to the allegations in Paragraph 75, Defendants admit Oltmann stated the quoted words attributed to him, that Clark testified he learned of Plaintiff's

---

[4]Defendants deny the allegations in heading F.

lawsuit against Oltmann at some point but has not read the Complaint and that he stated the quoted words in the last sentence of Paragraph 75. Defendants deny the allegations in Paragraph 75 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

76.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 76. Defendants deny the allegations in Paragraph 76 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

77.     Defendants admit Clark stated the words attributed to him as quoted in Paragraph 77. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 77. Defendants deny the allegations in Paragraph 77 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

78.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 78. Defendants deny the allegations in Paragraph 78 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

79.     Defendants admit Clay Clark stated the words attributed to him as quoted in Paragraph 79. Defendants admit Vanessa Clark stated the words attributed to her as quoted in Paragraph 79 and that Vanessa Clark testified she did not have a conversation with Clay Clark about knowing they would get sued if the Tour went to Colorado. Defendants deny the assumption that Clay and Vanessa Clark had an agreement to have a Tour event in Colorado knowing they would get sued. Defendants deny the allegations in Paragraph 79 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements and deny the characterization. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

80.     Defendants admit Clay Clark stated the words attributed to him as quoted in Paragraph 80. Defendants deny the allegations in Paragraph 80 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective

descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations

81.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 81. Defendants deny the allegations in Paragraph 81 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

82.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 82. Defendant ReOpen America admits Oltmann was not paid to speak at Tour events. Defendants deny the allegations in Paragraph 82 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

83.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 83. Defendants deny the allegations in Paragraph 83 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective

descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

84.    Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 84. Defendants deny the allegations in Paragraph 84 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

85.    Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 85. Defendants deny the allegations in Paragraph 85 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in footnote 73 and therefore deny the allegations.

86.    In response to the allegations in Paragraph 86, Defendants deny the Tour recklessly defamed Plaintiff and deny the Tour gave Oltmann a platform to call for violence. Defendants admit Oltmann stated the words attributed to him as quoted in

Paragraph 86. Defendants deny the allegations in Paragraph 86 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent the remaining factual allegations are directed at Defendants, Defendants deny the allegations.

87.     Defendants admit Plaintiff filed suit against Make Your Life Epic, LLC and Clay Clark on December 22, 2021.

**G.     Post-Complaint Defamatory Publications.[5]**

88.     In response to the allegations in Paragraph 88, Defendants incorporate Make Your Life Epic, LLC's records filed the Secretary of State, which are self-evident, and deny any allegations inconsistent with such records. Defendants admit Vanessa Clark stated the words attributed to her as quoted in Paragraph 88. Defendants admit Mr. and Mrs. Clark's daughter stated the words attributed to her as quoted in Paragraph 88. Defendants deny the allegations in Paragraph 88 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. Defendants deny defaming Plaintiff. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

---

[5]Defendants deny the allegations in heading G.

89.     In response to the allegations in Paragraph 89, Defendants admit Oltmann appeared at a Tour event in Phoenix, Arizona on January 15, 2022 but deny all remaining allegations and characterizations of their actions.

90.     Defendants admit Clark stated the words attributed to him as quoted in Paragraph 90. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 90. Defendants deny the allegations in Paragraph 90 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of state-ments. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

91.     In response to the allegations in Paragraph 91, Defendants admit Clark appeared on the Conservative Daily on January 26, 2022 and discussed the ReAwaken Tour. Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 91. Defendants deny the allegations in Paragraph 91 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

92.     In response to the allegations in Paragraph 92, Defendants admit Clark appeared on the Conservative Daily on March 15, 2022 and that Oltmann stated the

quoted words attributed to him. Defendants admit Clark stated the quoted words attributed to him in Paragraph 92. Defendants deny the allegations in Paragraph 92 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

93.     In response to the allegations in Paragraph 93, Defendants admit Clark stated the quoted words attributed to him and Oltmann stated the quoted words attributed to him. Defendants deny the allegations in Paragraph 93 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

94.     In response to the allegations in Paragraph 94, Defendants admit Oltmann spoke at the April 1, 2022 Tour event in Salem, Oregon and that Clark stated the quoted words attributed to him. Defendants deny the allegations in Paragraph 94 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent any remaining factual allegations are directed at Defendants,

Defendants deny the allegations.

95.     Defendants admit Oltmann stated the words attributed to him as quoted in Paragraph 95. Defendants deny the allegations in Paragraph 95 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

96.     Defendants admit Clark appeared on Conservative Daily on August 3, 2022 and stated the words attributed to him as quoted in Paragraph 96. Defendants deny the allegations in Paragraph 96 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

97.     In response to the allegations in Paragraph 97, Defendants admit Clark stated the quoted words attributed to him and Oltmann stated the quoted words attributed to him. Defendants deny the allegations in Paragraph 97 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. Defendants lack knowledge and information sufficient to form a belief about the truth of allegation that

Oltmann lied and therefore deny the allegations. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

98.   In response to the allegations in Paragraph 98, Defendants admit Oltmann left a deposition at the courthouse in this action before the deposition was over. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations about Oltmann and therefore deny the allegations.

99.   Defendants admit Clark stated the words attributed to him as quoted in Paragraph 99 on August 25, 2022. Defendants deny the allegations in Paragraph 99 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. Defendants deny Clark published statements directly tying Plaintiff to election fraud. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations that Oltmann's claims are false and therefore deny the allegations. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

100.   In response to the allegations in Paragraph 100, Defendants admit Clark started a "givesendgo" fundraiser for the legal expenses incurred in this lawsuit and incorporate the link in footnote 75, which is self-evident. Defendants deny the allegations in Paragraph 100 to the extent the allegations misquote the content in the subject "givesendgo" link, to the extent they take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations

amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements.

101.   In response to the allegations in Paragraph 101, Defendants admit Clark appeared on Conservative Daily on September 13, 2022 and stated the quoted words attributed to him. Defendants admit Oltmann stated the quoted words attributed to him. Defendants deny the allegations in Paragraph 101 to the extent the allegations take statements out of context, to the extent the statements have been edited in a misleading manner, and to the extent the allegations amount to subjective descriptions, commentary, paraphrasing, characterizations or interpretations of statements. Defendants deny Clark explicitly affirmed the factual truth of the false allegations at issue in this lawsuit. To the extent any remaining factual allegations are directed at Defendants, Defendants deny the allegations.

102.   In response to the allegations in Paragraph 102, Defendants deny General Michael Flynn is the "co-founder" of the Tour. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 102 and footnote 76 and therefore deny the allegations.

H*.   Oltmann's claims were and are obviously false.*[6]

103.   Defendants deny the allegations in Paragraph 103.

104.   Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 104 and therefore deny the allegations.

---

[6]Defendants deny the allegations in heading H.

105.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 105 and therefore deny the allegations.

106.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 106 and therefore deny the allegations.

107.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 80 and footnote 107 and therefore deny the allegations.

108.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 108 and therefore deny the allegations.

**I.      The harm Defendants Clark caused Dr. Coomer.[7]**

109.    Defendants deny the allegations in the first sentence of Paragraph 109. Defendants deny Oltmann has been a "repeated guest on the ThriveTime Show podcast" and deny the "Tour continues to promote and publish false claims about Dr. Coomer." Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 109 and therefore deny the allegations.

110.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore deny the allegations.

111.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 111 and therefore deny the allegations.

112.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 112 and therefore deny the allegations.

[7]Defendants deny the allegations in heading I.

113.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 113 and therefore deny the allegations.

114.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 114 and therefore deny the allegations.

115.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore deny the allegations.   116.

Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 116 and therefore deny the allegations.

117.    Defendants deny the allegations in Paragraph 117 and footnote 74.

## V.    CAUSES OF ACTION

### A.    *Defamation Against All Defendants*

118.    In response to Paragraph 118, Defendants incorporate by reference their responses in the foregoing paragraphs in their entirety as though fully set forth herein.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

### B.    *Intentional Infliction of Emotional Distress Against All Defendants*

123.    In response to Paragraph 123, Defendants incorporate by reference their responses in the foregoing paragraphs in their entirety as though fully set forth herein.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

**C.    *Civil Conspiracy Against All Defendants***

126.    In response to Paragraph 126, Defendants incorporate by reference their responses in the foregoing paragraphs in their entirety as though fully set forth herein.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

**D.    *Permanent Injunction Against All Defendants***

131.    In response to Paragraph 131, Defendants incorporate by reference their responses in the foregoing paragraphs in their entirety as though fully set forth herein.

132.    Defendants deny that Plaintiff is entitled to an injunction against Defendants. Defendants deny the allegations in Paragraph 132.

**E.    *Exemplary Damages Against All Defendants***

133.    In response to Paragraph 133, Defendants incorporate by reference their responses in the foregoing paragraphs in their entirety as though fully set forth herein.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

### VI.    DEMAND FOR RETRACTION

142.    Defendants deny that Plaintiff is entitled to a retraction by Defendants and deny the allegations in Paragraph 142.

### VII. RIGHT TO AMEND

143.    Paragraph 143 contains legal conclusions to which no response is necessary. To the extent, if any, a response is necessary, Defendants deny the allegations in Paragraph 143.

### VIII. JURY DEMAND

Plaintiff's request for a jury trial does not require an admission or denial

### PRAYER FOR RELIEF

On page 63 of the Second Amended Complaint, the six bullet point paragraphs under the Prayer for Relief are requests for relief, which do not require an admission or denial. In any event, Defendants deny that Plaintiff is entitled to recover and/or receive any of the relief sought in those paragraphs against, and as it relates to, Defendants. To the extent the bullet point paragraphs contain factual allegations, Defendants deny them.

### GENERAL DENIAL

Defendants deny all allegations in the Second Amended Complaint, including the headings and footnotes, not specifically admitted herein.

### DEFENSES AND AFFIRMATIVE DEFENSES

1.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff has failed to plead each allegedly defamatory publication as a separate claim for relief and any recovery of noneconomic damages is accordingly barred or limited by COLO. REV. STAT. § 13-21-102.5.

3.      Plaintiff's claims are subject to the single publication rule and may be barred by the applicable statutes of limitations.

4.      Plaintiff's claims for relief are barred by the First Amendment to the United States Constitution, and by Article II, § 10 of the Colorado Constitution.

5.      Plaintiff's claims for relief are barred and unenforceable because of Defendants' constitutional and common-law rights to and privileges of fair comment.

6.      Plaintiff's claims for relief are barred in whole or in part because the allegedly defamatory statements were made without actual malice on the part of Defendants.

7.      Plaintiff's claims for relief are barred because Defendants' statements are substantially true, which is an absolute defense pursuant to COLO. CONST. art. II, § 10 and COLO. REV. STAT. § 13-25-125.

8.      Pursuant to COLO. REV. STAT. § 13-25-125, there exist mitigating circumstances which justify the alleged statements of the Defendants and operate to reduce the damages claimed by the Plaintiff, including, but not limited to, the reasonableness of Defendants' reliance on the source of information on which the statements were based; any publications by third persons dealing with the same subject, made before or at about the same time as the date of the publications by Defendants; any lack of intent on the part of Defendants in publishing the statements to injure the

Plaintiff's reputation, good name or feelings; and Defendants' good faith in publishing the statements, believing them to be true.

9.      Defendants' publications implicated a matter of public or general concern, such that Plaintiff is required to adhere to the standards for imposing liability required by Article II, § 10 of the Colorado Constitution.

10.     Plaintiff lacks standing to assert all or some of the claims for relief in the Second Amended Complaint because the allegedly defamatory statements are not "of and concerning" Plaintiff.

11.     Plaintiff's claims are barred by the incremental harm doctrine as set forth in *Tonneson v. Denver Publishing Co.*, 5 P.3d 959 (Colo. App. 2000).

12.     Defendants' alleged statements are subject to the protections of COLO. REV. STAT. § 13-20-1101 *et seq.*

13.     Although Defendants specifically deny the allegations of the Second Amended Complaint herein, Defendants specifically reserve the right to assert the defense of qualified privilege.

14.     Plaintiff has failed to mitigate his damages, if any, as required by law and is therefore barred from recovery against Defendants.

15.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to plead special damages such as lost profits under the heightened pleading requirements of FED.R.CIV.P. 9(g).

16.     Plaintiff's claims for relief are barred because they are based on Defendants' assertion in good faith of legally protected interests by appropriate means

and in a permissible manner.

17.    This action in whole or in part is known or will become known to the Plaintiff as being substantially frivolous, substantially groundless and/or substantially vexatious, or otherwise lacking in substantial justification, and therefore Defendants are entitled to an award of reasonable attorney fees to be assessed against Plaintiff pursuant to COLO. REV. STAT. § 13-17-102.

18.    Plaintiff's claims are barred by, and Defendants are immune from liability under the provisions of 47 U.S.C. § 230(c) of the Communications Decency Act.

19.    Plaintiff's noneconomic damages are barred or limited by COLO. REV. STAT. § 13-21-102.5 and by Colorado rules prohibiting double recovery.

20.    Defendants reserve the right to assert additional defenses as supported by discovery or the evidence in this case.

**DEFENDANTS DEMAND A TRIAL BY JURY PURSUANT TO FED.R.CIV.P. 38.**

WHEREFORE, Defendants request that Plaintiff take nothing, that the Second Amended Complaint be dismissed with prejudice, and that judgment be entered in their favor. Defendants further request an award of their reasonable attorney fees and costs to the extent provided by law and for such further relief as the Court deems appropriate.

DATED: October 11, 2024.

Respectfully submitted,

/s/ Melissa A. Wiese
Thomas B. Quinn
Melissa A. Wiese
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160

tquinn@grsm.com
mwiese@grsm.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court, which will send notification to all counsel of record.

*/s/ Karla M. Freeman*
Karla M. Freeman