IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff,

v.

MAKE YOUR LIFE EPIC LLC, doing business as ThriveTime Show,
CLAYTON THOMAS CLARK, individually, and
REOPEN AMERICA LLC, doing business as ReAwaken America Tour,

    Defendants.

---

**ORDER DIRECTING PARTIES TO SUPPLEMENT THEIR BRIEFING
ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Before the Court is Defendants Make Your Life Epic, doing business as ThriveTime Show, Clayton Thomas Clark, and Reopen America LLC, doing business as ReAwaken America Tour's (collectively, "Defendants") motion for partial summary judgment ("Motion") (ECF No. 213).  Plaintiff Eric Coomer, Ph.D. filed a response, to which Defendants filed a reply.  (ECF Nos. 222, 224.)  For the following reasons, the Court directs the parties to supplement their briefing on the Motion.

The parties are familiar with the underlying facts of this case by way of, among other sources, the Court's Order denying Defendants' special motion to dismiss and motion to strike (ECF No. 45), the Tenth Circuit's opinion dismissing Defendants' appeal of that Order (ECF No. 131), and Magistrate Judge Kathryn A. Starnella's civil contempt recommendation (ECF No. 144).  The Court incorporates that pertinent background here.

1

Defendants seek summary judgment on "34 discrete statements" allegedly published by them. (ECF No. 213 at 1.) 27 of these statements are listed in an exhibit—prepared by Defendants—to which Defendants have repeatedly cited throughout this litigation. (*See, e.g.*, ECF No. 213-9; ECF No. 24-10.) The remaining seven statements were allegedly published by Defendants during various months in 2022 and are included in paragraphs 89–102 of Coomer's Second Amended Complaint. (ECF No. 175.)

At the outset, the Court observes Defendants' argument that "each allegedly defamatory publication constitutes a separate and independent cause of relief." (ECF No. 224 at 2 (citing *Lininger v. Knight*, 226 P.2d 809, 812 (Colo. 1951) ("No law is better settled than that each publication of a libel is a separate and independent claim.")).) The Court agrees that this law shall govern this case, notwithstanding Coomer's suggestion to the contrary.[1] Consistent with this, note 16 of 22:1 of the Colorado pattern jury instructions echo that "[e]ach publication of a libel or slander is a separate cause of action," and instruct that, "if the case involves separate statements made on different occasions, such as more than one article about the plaintiff, each article constitutes a separate claim and should be treated separately in the instructions." Relatedly, the Colorado Court of Appeals has held that "a general jury verdict based on more than one alleged defamatory statement" ordinarily may not be upheld if "one of the statements is defamatory" while "others are not." *Zueger v. Goss*, 343 P.3d 1028, 1035 (Colo. App. 2014). That court has advised trial courts "to include a special verdict form requiring the

---

[1] Coomer refers to the Motion as an "effort[] to narrow the scope of [his] *claim* for defamation." (ECF No. 222 at 25 (emphasis added).) But, as explained, each allegedly defamatory statement constitutes its own separate cause of action for defamation, so this singular framing is not precisely accurate.

2

jury to indicate which of the statements it relied upon in reaching its verdict." *Id.*

It is the Court's responsibility to rule on whether a statement is defamatory. *See id.* at 1034 ("Whether a statement is defamatory is a question of law . . . ."). Colorado courts have made clear that such a determination is appropriate at the summary judgment stage. *See SG Interests I, Ltd. V. Kolbenschlag*, 452 P.3d 1, 6 (Colo. App. 2019) ("Because protracted litigation could have a chilling effect upon constitutionally protected rights of free speech, it is appropriate to prompt[ly] resolv[e] . . . defamation actions . . . by summary judgment.") (cleaned up).

Yet the Court has difficulty discerning whether certain statements listed in Defendants' exhibit (ECF No. 213-9) are actionable because Coomer has repeatedly suggested that some of these statements are "not intended to suffice as a standalone cause[s] of action" but rather merely "lend necessary context to" other publications the Court has already found to be actionable, such as that he "committed fraud and treason" by allegedly rigging the 2020 election. (ECF No. 45 at 18.) For example,

- on page 16 of his Response, Coomer describes Defendants' arguments as "logically flawed in that they attempt to suggest that every quoted statement in the Complaint is itself an independent claim for defamation, including in some instances multiple separate statements from within the same publication." (ECF No. 222 at 16.)

- on page 21, Coomer casts doubt on the idea that he intends to argue that Defendants' accusations that he was a member of Antifa is a standalone cause of action for defamation. (*See id.* at 21 (casting doubt on the notion that he "w[as] asserting that" false statements that he a member of Antifa

3

- "standing alone [is] defamatory per se" and suggesting that "the numerous 'Antifa' publications lend essential context to the surrounding and simultaneous allegations of election rigging").)

- on page 24, Coomer suggests that statements 10, 11, 13, and 15–18 may not be intended as independent causes of action. (*Id.* at 24 ("Even if these 'questions' were discrete publications giving rise to independent causes of action, the argument that they would not be relevant or actionable is not correct.").)

- one page later, Coomer deepens the confusion, arguing that these statements "imply provably false facts or rely upon stated facts that provably false, and would therefore be actionable, *even if [he] did intend them all as separate publications*." (*Id.* at 25 (emphasis added).)

The Court cannot grant summary judgment on allegedly defamatory statements (*i.e.*, claims) Coomer does not intend to present to the jury as independent causes of action in the first place.

Nevertheless, the Court will briefly address which statements appear to be discernable in this action. As will be further explained in its upcoming Order on the merits of the Motion, the Court will deny said Motion to the extent Defendants seek summary judgment on the seven statements allegedly published in 2022. Coomer has made clear in his Response that "[m]any of the[se] allegations . . . do not even contain allegations sounding in defamation but rather provide evidentiary support for [his] argument that Defendants post-Complaint conduct was willful and wanton . . . ." (*Id.* at 6.) In other words, the Court does not understand Coomer to argue that these 2022

4

publications are independent *defamation claims* but instead that they are relevant only to the *exemplary damages issue*.  Hence, they are not defamation claims upon which Defendants seek summary judgment.  (*See* ECF No. 224 at 10 (making clear that whether these allegations give rise to liability under Coomer's punitive damages claim "is not the subject of [their] summary judgment motion . . . .").)  And as to the 27 statements listed in their exhibit, Defendants concede that ten of these statement will proceed to trial.  (*See* ECF No. 213 at 8 (conceding that statements numbers 5–8, 21–23, and 25–27 are defamatory (subject to their defenses at trial)).)

That leaves **statements 1–4, 9–20, and 24** as the potential remaining subjects of the Motion.  Accordingly, the Court ORDERS Coomer to supplement his briefing on Defendants' Motion to clearly explain which of these statements he believes are independent causes of action to be submitted to the jury via instructions as laid out above in the pattern instruction and the *Zueger* decision.[2]  The Court stresses that it is not at this time focused on whether these statements are relevant or admissible merely for context purposes.  The Court is more interested at this stage of the litigation with which statements Coomer believes are *causes of action* and should therefore be included in the jury instructions.

Coomer shall file his supplement, not to exceed **7 pages**, exclusive of attorney signature block and certificate of service, by no later than **April 14, 2025**.

---

[2] The Court notes Coomer's position that, "[t]o the extent this process is warranted, it is better addressed through motions in limine and proposed jury instructions prior to trial." (ECF No. 222 at 17 n.39.)  But motions in limine would generally pertain to whether certain evidence is admissible, not whether a certain defamation cause of action may proceed to verdict.  Nor does the Court agree that this process is better saved for the jury instruction stage, since the Court does not hold the jury instruction conference until towards the end of trial, at which point Coomer's counsel would have already made opening statement and rested his case.

Defendants shall file a response to the supplement, not to exceed **7 pages**, exclusive of attorney signature block and certificate of service, by **April 18, 2025**.

Dated this 8th day of April, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge