**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-03440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff

v.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW,
REOPEN AMERICA LLC dba REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually,

    Defendants

---

**PLAINTIFF'S BRIEF IN SUPPORT OF CIVIL CONTEMPT ORDER**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) files this Brief in Support of this Court's Civil Contempt Order, and shows the Court as follows.

## I.   INTRODUCTION

1.  The Court should set a hearing to address the fees and costs owed to Dr. Coomer by non-party Joseph Oltmann (Oltmann) arising from this Court's contempt Order (ECF No. 168), as well as the Tenth Circuit Opinion awarding Dr. Coomer all his fees and costs associated with Oltmann's appeal of that Order. The Court should also issue an Order awarding the daily $1,000 coercive sanctions against Oltmann accrued to date.

## II.   BACKGROUND

2.  Over a year ago, on June 6, 2024, Oltmann fled a deposition in the Alfred A. Arraj Courthouse after refusing to provide court-ordered responses to various questions. Magistrate

1

Judge Starnella subsequently issued a Recommendation for a Finding of Civil Contempt Against Third Party Witness Joseph Oltmann.  ECF No. 144.

3. On September 4, 2024, the Court issued an Order Overruling Joseph Oltmann's Objections and Adopting as Modified the Magistrate Judge's Recommendation.  ECF No. 168.  The Order required Oltmann to pay the attorney's fees and costs the parties directly incurred as a result of his noncompliance with Judge Starnella's rulings and orders, and to pay Dr. Coomer $1,000 per day from the date of service of the Order until he fully and in good faith complies with Judge Starnella's rulings and orders.  *Id*. at p. 13.

4. Dr. Coomer filed his Motion for Attorney Fees and Costs on September 17, 2024 (ECF No. 170), wherein he identified $19,623.24 incurred because of Oltmann's non-compliance with the Court's prior orders.

5. On October 4, 2024, Oltmann filed a Notice of Appeal.  ECF No. 195.  At that time, Oltmann had accrued $30,000 in daily sanctions.[1]  The same day, he also filed a Response in Opposition to Dr. Coomer's Motion for Attorney's Fees and Costs.  ECF No. 199.  The Response did not dispute Oltmann's liability for Dr. Coomer's fees and costs, but rather disputed the specific amounts sought.  *Id*.

6. On October 8, the Court issued an Order Vacating Evidentiary Hearing on Order to Show Cause and Staying Order of Contempt.  ECF No. 205.  That Order held that the District Court had been divested of jurisdiction by virtue of Oltmann's appeal.  The matter was then taken up by the Tenth Circuit Court of Appeals.

---

[1] Oltmann set up a Give Send Go page titled "Defend Joe Oltmann in Fighting Legal Tyranny" to raise money to pay these sanctions.  As of this writing, that donation page has raised $22,825.00.  **Exhibit 1**.  *See also*, https://www.givesendgo.com/joeoltmann

7. In the Tenth Circuit, Dr. Coomer immediately filed a Motion for Expedited Appeal Pursuant to Tenth Circuit Rule 27.5.[2] Oltmann opposed that Motion.[3]

8. Over the ensuing months, Oltmann filed six separate Motions for Extension of Time, all of which increased the amount of time necessary to resolve the appeal.[4]

9. On March 17, 2024, the Colorado Supreme Court issued an Order denying Oltmann's petition for certiorari in *Coomer v. Donald J. Trump for President, Inc. et. al*.[5] As a result, Dr. Coomer's defamation lawsuit against Oltmann, originally filed on December 22, 2020, was remanded to the Denver District Court.

10. As discussed elsewhere in relation to this issue, Oltmann was previously ordered to answer the same questions at issue in this dispute by the Denver District Court. After a hearing on Oltmann's attempted invocation of the Reporter's Privilege, the Court determined that Oltmann's testimony was "evasive and not credible"[6] and that his story was "probably false."[7]

---

[2] **Exhibit 2**, Appellee's Motion for Expedited Appeal Pursuant to Tenth Circuit Rule 27.5 (Oct. 18, 2024).

[3] **Exhibit 3**, Nonparty-Appellant's Response to Appellee's Motion for Expedited Appeal and Motion to Extend Time to File Brief Pursuant to Tenth Circuit Rule 27.5 (Oct. 25, 2024).

[4] **Exhibit 4**, Non-Party Appellant's Motion for 10-day Enlargement of Time to File Opening Brief (Jan. 3, 2025); **Exhibit 5**, Nonparty-Appellant's Motion for 21-day Extension of Time to Respond to Appellee's Motion for Sanctions Against Appellant and his Counsel Pursuant to Tenth Circuit Rule 46.5 (Feb. 10, 2025); **Exhibit 6**, Nonparty-Appellant's Second Motion for 14-day Extension of Time to Respond to Appellee's Motion for Sanctions Against Appellant and his Counsel Pursuant to Tenth Circuit Rule 46.5 (Feb. 25, 2025); **Exhibit 7**, Nonparty-Appellant's Motion for 14-Day Extension of Time to Reply to Appellee's Answer Brief (Feb. 25, 2025); **Exhibit 8**, Nonparty-Appellant's Motion for Extension of Time to Reply to Appellee's Answer Brief Pending Resolution of Court's March 3, 2025, Order Regarding Jurisdiction (March 10, 2025); **Exhibit 9**, Nonparty-Appellant's Motion for Extension of Time to Respond to Appellant's Motion for Sanctions Against Appellant And his Counsel Pursuant to Tenth Circuit Rule 46.5 Pending Resolution of Court's March 3, 2025, Order Regarding Jurisdiction (March 10, 2025).

[5] **Exhibit 10**, *Coomer v. Malkin et. al.*, Case No. 2024SC317, Order of Court (March 17, 2025).

[6] **Exhibit 11**, *Coomer v. Donald J. Trump for President, Inc., et. al*., Case No. 2020cv34319, Hearing Transcript at 90:22-91:7 (July 7, 2021).

[7] *Id*.

Oltmann was then ordered to identify both his supposed "conduit" to the "Antifa call"[8] and the individual who gave him access to Dr. Coomer's Facebook account.[9] Oltmann refused and was sanctioned for his non-compliance with those orders, but his subsequent anti-SLAPP motion to dismiss, followed by years of appeals, effectively stayed enforcement of those orders.

11. On March 24, 2025, Dr. Coomer filed a renewed Motion for Expedited Appeal.[10] Oltmann again opposed the Motion,[11] despite the appeal being fully briefed at that point.

12. On June 5-6, 2025, Oltmann was called as a witness in the trial of *Coomer v. Lindell et. al.*, Case No. 1:22-cv-001129-NYW-SBP. He was questioned at length about the origins of the alleged "Antifa call" story. He again refused to answer the same questions. The jury subsequently found Lindell and his media company, FrankSpeech LLC, liable for defamation, intentional infliction of emotional distress, and for exemplary damages. They awarded Dr. Coomer $2.3 million.

13. On June 12, 2025, the parties entered into a settlement agreement. That agreement expressly addressed the outstanding contempt matter and the parties agreed that settlement would not serve to divest the Court of jurisdiction to exercise its inherent contempt powers, but rather that the Court would retain jurisdiction to resolve issues relating to Oltmann's contempt.

14. On June 18, 2025, the Tenth Circuit issued its Opinion of Oltmann's appeal. The Court affirmed this Court's contempt Order and found that Oltmann's appellate counsel had

---

[8] *Id.* at 92:14-18.

[9] **Exhibit 12**, *Coomer v. Donald J. Trump for President, Inc., et. al.*, Case No. 2020cv34319, Hearing Transcript at 39:24-41:12 (Aug. 27, 2021).

[10] **Exhibit 13**, Appellee's Renewed Motion for Expedited Appeal Pursuant to Tenth Circuit Rule 27.5 (Mar. 24, 2025).

[11] **Exhibit 14**, Nonparty-Appellant's Response to Appellee's Renewed Motion for Expedited Appeal Pursuant to Tenth Circuit Rule 27.5 (Apr. 3, 2025).

4

violated Tenth Circuit Rule 46.5.  In relevant part, the Court ordered "that Oltmann pay Coomer's reasonable expenses, including reasonable attorney's fees, and costs associated with this appeal . . . we remand to the district court to make factual findings on fees and costs in the first instance, to include those previously incurred during the contempt proceedings and those incurred as part of this appeal."

15. That same day, this Court issued an Order requiring both Dr. Coomer and Nonparty Oltmann to "file contemporaneous briefs addressing the issue of whether, given the Tenth Circuit's decision, it would be appropriate for the Court to lift the stay it previously imposed on its civil Contempt Order imposing a $1,000 daily coercive fine on Oltmann, to be effective on the day after the Tenth Circuit enters its Mandate on Oltmann's appeal."

### III.   LEGAL STANDARD

16. The District Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (*citing Shillitani v. United States*, 384 U.S. 364, 370 (1966)). "In exercising this power, the Court enjoys broad discretion." *Id*. (*citing Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001)).  "The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on the other Branches." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987).  "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now

fittingly calls 'the judicial power of the United States' would be a mere mockery." *Id.* (*citing Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911).

## IV.    ARGUMENT

17.    In light of the recent settlement between the parties, reinstatement of the daily coercive sanctions against Oltmann is unnecessary because his testimony is no longer relevant to *this* case. As noted above, Oltmann remains in contempt of the same existing order(s) in *Coomer v. Donald J. Trump for President, Inc.*, where he is a party, which is now at issue after more than four years of delays.

18.    Nonetheless, the Tenth Circuit rejected Oltmann's appeal in its entirety, found that his appellate counsel had violated Tenth Circuit Rule 46.5, and ordered Oltmann to pay all of Dr. Coomer's fees and costs associated with responding to that appeal. The Tenth Circuit made the same conclusion that was explicitly apparent to this Court from the beginning, namely that Oltmann had waived any potential argument that he could raise on appeal.[12] As a result, Dr. Coomer respectfully proposes that the Court's inquiry is too narrow. A more comprehensive question would be why Oltmann should not be ordered to pay the $1,000 daily coercive fine from the time that it was entered on September 4, 2024, as his appeal was without merit and intended only for purposes of delay.

19.    Dr. Coomer understands that Oltmann does not control the timing of the Tenth Circuit's actions, nor the duration of its deliberations on matters before it, and this consideration may weigh against imposition of intervening sanctions. Nonetheless, Oltmann *did* make numerous

---

[12] *See* Order Vacating Evidentiary Hearing on Order to Show Cause and Staying Contempt Order, p. 8. ECF No. 205, Oct. 8, 2024.

6

efforts to delay that proceeding as much as possible. He was granted multiple extensions, which he ultimately did not put to any productive purpose. Instead, he made baseless arguments that resulted in the sanctions now at issue before the Court. Oltmann also opposed multiple motions to expedite resolution of that appeal, even after it was fully briefed. His own conduct is, therefore, the cause of much needless delay in resolution of his appeal.

20. In granting Oltmann's motion to stay enforcement of the daily sanction pending resolution of his appeal, the Court premised its order primarily on the irreparable harm prong of the factors established in *Nken v. Holder*, 556 U.S. 418, 427 (2009). In discussing that prong, the Court noted:

> Assuming Oltmann is not a man of substantial financial means – and the record does not presently support a conclusion that he is – the accrual of such a large sum would likely cause irreparable injury to Oltmann if the Tenth Circuit reversed the Court's contempt order, particularly in the event the appeal remains pending for more than a few weeks.

ECF No. 205, p. 11.

21. In fact, Oltmann is a man of substantial financial means, which may explain, in part, why he is so comfortable flouting Court orders. As one example, during his recent testimony in the trial of *Coomer v. Lindell et. al.*, Oltmann testified that he had personally extended a loan of roughly $3.9 million to Lindell and his media company, FrankSpeech, LLC.[13] This Court noted these substantial means in increasing the daily sanction to $1,000/day, stating, "the Court is of the view that a daily fine in the amount of $300 will not likely get Oltmann's complete and full attention."[14]

---

[13] **Exhibit 15**, *Coomer v. Lindell et. al.*, Trial Tr. Oltmann, at 11:11-22 (June 5, 2025).
[14] ECF No. 168, p. 12.

7

22.     To exclude those intervening sanctions would reward Oltmann's procedural gamesmanship, which has disrupted multiple proceedings across the state for more than four years now. In fact, Oltmann bears the unique distinction of having been sanctioned by the Denver District Court,[15] the Colorado Court of Appeals,[16] the District Court for the District of Colorado,[17] and now the Tenth Circuit Court of Appeals.[18] He is a serial offender, and his conduct is contemptuous of the rule of law.

### A.     *Effect of Settlement on this Issue*

23.     As noted above, Plaintiff and Defendants have reached a settlement of the underlying dispute, but this and other conditions precedent have not yet been completed, and a corresponding notice with the Court has not yet been filed. The parties' agreement expressly contemplated the Court's need to address and resolve the issues surrounding Oltmann's contempt. Specifically, the Agreement notes that "The Parties agree that the district court retains civil contempt jurisdiction in the Action for the purpose of fully adjudicating the pending contempt order and enforcement of the Agreement."[19] *See Institute for Motivational Living, Inc. v. Doulos Institute, for Strategic Consulting, Inc*., 110 Fed. Appx. 283, 287-88 (3rd Cir. 2004) (holding that a district court's civil contempt jurisdiction does not lapse when a settlement agreement expressly

---

[15] *See generally*, **Exhibit 12**, *Coomer v. Donald J. Trump for President Inc. et. al*., Hearing Transcript (Aug. 27, 2021); **Exhibit 16**, *Coomer v. Donald J. Trump for President Inc. et. al.,* Order Regarding Plaintiff's Second Motion for Sanctions Against the Oltmann Defendants Pursuant to C.R.C.P. 37 (Oct. 12, 2021); **Exhibit 17**, *Coomer v. Donald J. Trump for President Inc. et. al.,* Sanctions Order Against Defendant Oltmann and Counsel (Mar. 22, 2022).

[16] **Exhibit 18**, *Coomer v. Oltmann et. al*., 2021CA1481, Order of the Court (Feb. 22, 2022).

[17] *See generally*, ECF No. 168.

[18] **Exhibit 19**, *Coomer v. Make Your Life Epic LLC et. al*., Case No. 24-1390 (10th Cir., June 18, 2025).

[19] This excerpt is included herein upon the express consent of Defendants. Upon an Order from the Court, Plaintiff will provide to the Court a copy of the confidential settlement agreement for in camera review to confirm the terms that expressly acknowledge the Court's ongoing jurisdiction to address this issue.

retains the court's jurisdiction to enforce settlement terms, stating "Implicit in the District Court's retention of jurisdiction – absent any indication to the contrary – was the District Judge's continuing authority to ensure compliance with judicial orders and to remediate violations of those orders.") As a result, and by express agreement of the parties, the settlement does not, in and of itself, divest this Court of jurisdiction.

24. And, as noted, the Tenth Circuit has expressly remanded the case to the District Court with instructions for "the district court to make factual findings on fees and costs in the first instance, to include those previously incurred during the contempt proceedings and those incurred as part of this appeal."[20]

25. In light of the foregoing, the Court can and should award all fees and costs incurred, including the daily $1,000 coercive fine from the time of the Court's September 4, 2024 Order until the matter is finally and fully adjudicated.

26. In the alternative, and in the event the Court finds that intervening daily sanctions are not warranted, the Court should nonetheless issue an order requiring payment of all daily sanctions up to and including the date of Oltmann's Notice of Appeal. It should also reserve the right to impose the $1,000 daily sanction from the date of the Court's Order on this Motion until such time as the other fees and costs are fully adjudicated. In the absence of such an ongoing liability, Oltmann will inevitably seek multiple extensions of time, make various baseless claims of unavailability, falsely assert he resides in Texas or another state, attempt to pursue another appeal, potentially attempt to change counsel or claim he is now *pro se*, or any number of other delay tactics that he has deployed time and time again for more than four years now. The Court

---

[20] **Exhibit 19**, p. 16.

should, therefore, utilize this existing mechanism to compel timely resolution of these outstanding matters.

27.     In sum, Dr. Coomer requests that the Court establish an expedited timeline to resolve these outstanding matters. Dr. Coomer proposes an Order requiring his affidavit of fees and costs relating to the Tenth Circuit appeal (to be considered in conjunction with ECF No. 170) within seven days of the Order, a seven-day response window for Oltmann, and a similar seven-day reply deadline for Dr. Coomer, if necessary. Once the totality of sanctions are liquidated, Dr. Coomer further requests the Court enter judgment against Oltmann thereon.

Respectfully submitted this 30th day of June 2025.

*/s/ Bradley A. Kloewer*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**