IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff,

v.

MAKE YOUR LIFE EPIC LLC, d/b/a THRIVETIME SHOW,
REOPEN AMERICA LLC d/b/a REAWAKEN AMERICA TOUR, and
CLAYTON THOMAS CLARK, individually,

    Defendants.

## ORDER LIFTING STAY ON SANCTIONS ORDER

On June 18, 2025, the Tenth Circuit affirmed the Court's Order (ECF No. 168) finding Nonparty Joseph Oltmann to be in civil contempt and imposing a daily $1,000 sanction until he complied with court orders to answer certain questions at deposition (ECF No. 239). That same day, the Court ordered Plaintiff Eric Coomer and Oltmann "to file contemporaneous briefs addressing the issue of whether, given the Tenth Circuit's decision, it would be appropriate for this Court to lift the stay it previously imposed on its Civil Contempt Order imposing a $1,000 daily coercive fine on Oltmann, to be effective on the day after the Tenth Circuit enters its Mandate on Oltmann's appeal." (ECF No. 241.) Coomer complied with this order. (ECF No. 242.) Oltmann inexplicably did not. The Tenth Circuit issued its Mandate yesterday, July 10, 2025. (ECF No. 245.)

Coomer does not ask the Court to lift the stay on its sanctions order and reinstate

the daily fine. He reasons that such relief is "unnecessary because [Oltmann's] testimony is no longer relevant to *this* case" since the parties have apparently reached a putative settlement as to the case's underlying merits. (*Id.* at 6 (emphasis in original).) Nevertheless, Coomer asks the Court to order Oltmann "to pay the $1,000 daily coercive fine from the time that it was entered on September 4, 2024" through to the present. (*Id.*) Coomer says this is appropriate given the Tenth Circuit's conclusion "that [Oltmann's] appellate counsel had violated Tenth Circuit Rule 46.5." (*Id.*) He also seems to suggest that this remedy is appropriate because Oltmann's appeal was frivolous and he repeatedly tried to delay the appellate proceedings. (*Id.* at 7.)

The Court denies Coomer's request that it retroactively impose the daily fine from September 4, 2024 through to the present. Oltmann's appellate counsel's violation of the Tenth Circuit's rules is not something for which this district court can reprimand Oltmann. That would be the Tenth Circuit's prerogative, and it already decided that awarding appellate attorney's fees and costs would suffice. Nor will the Court grant Coomer's request on account of Oltmann's allegedly frivolous appeal and his attempts to delay the appellate proceedings. Again, those are issues within the Tenth Circuit's domain—not this Court's.

In any event, notwithstanding Coomer's assertion that Oltmann's testimony has become "irrelevant" in light of the parties' putative settlement, the Court concludes that lifting the stay is appropriate at this current stage of the lawsuit. The parties have not sought to dismiss this case on the basis that a full and final settlement has been reached among the parties. Nor have the parties sought to vacate the upcoming Final Trial Preparation Conference ("TPC") and jury trial through a filing which complies with

2

this Court's applicable Revised Practice Standard.

As a result, the August 20, 2025 TPC and September 8, 2025 ten-day jury trial remain set to commence as scheduled, and Oltmann's testimony therefore continues to pertain to relevant issues of material fact indeed. The Court will not vacate those settings, or declare that Oltmann's testimony is no longer relevant, unless and "until the parties file either: 1. A Stipulation of Dismissal; or, in the alternative, 2. A Stipulated Notice of Settlement that includes, at a minimum, specific statements that (i) a settlement has been reached by all parties; (ii) a meeting of the minds has been reached as to all material terms of the settlement; and (iii) the settlement will finally and fully resolve all remaining claims in this action." WJM Revised Practice Standard IV.C.1 & 2.

Only if and when the parties file a Stipulation of Dismissal or Stipulated Notice of Settlement that fully complies with the undersigned's practice standards will the Court vacate the TPC and jury trial and, accordingly, *at that time* suspend the $1,000 daily fine on Oltmann. Although it goes without saying, the Court reminds Oltmann that, should the parties fail to promptly file such a stipulation, he continues to possess the power to purge his contempt by complying with the Court's orders. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828–29 (1994) (explaining that civil sanctions put "the keys of [the contemnor's] prison in his own pocket").

For these reasons, the sanctions stay on Nonparty Oltmann is LIFTED and the daily $1,000 coercive fine against him is REIMPOSED and shall continue in full force and effect, effective immediately.

Dated this 11th day of July, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

4