IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3440-WJM-KAS

ERIC COOMER, Ph.D.,

    Plaintiff,

v.

MAKE YOUR LIFE EPIC LLC, doing business as ThriveTime Show,
CLAYTON THOMAS CLARK, individually, and
REOPEN AMERICA LLC, doing business as ReAwaken America Tour,

    Defendants.

---

**ORDER GRANTING MOTION FOR JUDGMENT
ON ATTORNEYS' FEES AND COSTS**

---

    Before the Court is Plaintiff Eric Coomer's motion for judgment ("Motion") (ECF No. 274) regarding the Court's Order awarding him $17,660.92 in attorneys' fees and costs arising from the contempt proceedings and $36,095.91 in attorneys' fees and costs arising from the appellate proceedings against Nonparty Joseph Oltmann. (ECF No. 263.) The Court set a deadline for Oltmann to pay the fees and costs by September 15, 2025. (ECF No. 272.) But Oltmann did not pay those amounts by the September 15, 2025 deadline. Consequently, Coomer has asked the Court to enter judgment pursuant to Rule 58(d). (ECF No. 274.)

    The Court gave Oltmann an opportunity to respond to the Motion, setting a deadline for September 22, 2025. (ECF No. 275.) The Court cautioned Oltmann that, "should he decline to file any brief in response to the Motion, the Motion shall be deemed confessed and final judgment shall enter accordingly." (*Id.*) But Oltmann did

not file a response.  Instead, the Court understands that Oltmann e-mailed the Clerk's office at 6:17 p.m. on September 22, 2025, that he received the Court's Order "from spam after receiving no call or other correspondence."  He adds that he does "not have an attorney on this case and [has] no access to the system that notifies [him] of this."  Moreover, Oltmann says there is "[n]o way" he could respond to the Motion on time, as he is "currently" "traveling home."  He apparently asks the Clerk's office for a week extension to file a response to the Motion.  He insists he is "entitled" to this "accommodation" "[s]ince [he is] *pro se*."

Oltmann misunderstands how federal court works.  "[T]he law is clear that a litigant's *pro se* status does not confer special exemption from court deadlines or rules." *Wooten v. Unified Gov't of Wyandotte Cnty./Kansas City, Kansas*, 2004 WL 2278585, at *1 (D. Kan. Apr. 27, 2004).  So Oltmann's attempt to blame his spam folder, his *pro se* status, or anyone else for not complying with deadlines has no purchase in this Court.

Relatedly, the Court highly doubts that Oltmann learned of the Court's deadline just yesterday.  The Court has gone out of its way to ensure that Oltmann is aware of its orders.  On August 21, 2025, the Court "direct[ed] Oltmann to provide his current mailing address, primary and alternative email address, and telephone number on or before August 28, 2025."  (ECF No. 269.)  Oltmann ignored this directive.  Nevertheless, the Court took steps to ensure that its orders make their way to Oltmann, including by sending copies of its orders via certified mail to his home and e-mail addresses (both of which are reflected on the Court's docket).  (ECF Nos. 270, 273, 276.)  Notably, by responding to the Clerk's office's e-mail forwarding the Court's Order, Oltmann has confirmed that he has been receiving the Court's Orders—including its

2

$37,000 sanctions Order, which remains outstanding as of July 29, 2025. (ECF No. 264.)

Hence, to the extent Oltmann asks for an extension of time to respond to the Motion (which he has not formally asked the Court to do via a proper motion), the Court denies it for lack of good cause shown. The Court will also grant the Motion as unopposed. On the merits, the Court is persuaded that Rule 59(d) authorizes it to enter judgment on the attorneys' fees and costs. *See e.g., Carlson v. Morabito*, 2020 WL 6710560, at *3 (D. Colo. Nov. 16, 2020) (concluding "that Rule 58 does not prohibit the entry of judgment for attorneys' fees" where such fees were awarded pursuant to a sanctions award).

In sum, the Motion is GRANTED. (ECF No. 274.) The Clerk shall enter FINAL JUDGMENT in favor of Coomer and against Oltmann pursuant to its Orders at ECF Nos. 263 and 272.

Dated this 23rd day of September, 2025.

BY THE COURT:

William J. Martínez
Senior United States District Judge